IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:19-cv-00917-RDA-TCB |
| ) | |
| FAIRFAX COUNTY SCHOOL BOARD, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**BRIEF IN SUPPORT OF JOINT MOTION
TO STAY ISSUANCE OF THE SCHEDULING ORDER OR, IN THE ALTERNATIVE,
TO STAY DISCOVERY PENDING DISPOSITION OF DISPOSITIVE MOTIONS**

The Court should stay issuance of the scheduling order or, in the alternative, stay discovery pending disposition of separate motions to dismiss that have been filed by the Fairfax County School Board and by the individual school defendants (Sybil Terry, August Fratalli, Philip A. Hudson, Tamara B. Ballou, Brenda Humphrey, Monique Patwary-Faruque, Megan Carr, Francis Tarrant, and Joanne Fraundorfer—collectively, the "Individual School Defendants"). As set forth in those motions, the complaint contains a fatal jurisdictional defect that cannot be cured. Because there is a reasonable prospect that the Court will grant that motion, the parties should not be put to the substantial expense of "Rocket Docket" discovery that will begin as soon as the scheduling order issues. Moreover, among its other substantive deficiencies, the complaint fails to state a claim under 42 U.S.C. § 1983, which provides the only basis for federal-question jurisdiction as to the Individual School Defendants. If the Court dismisses the § 1983 claims, it should dismiss the remaining State-law claim against the Individual School Defendants. Either way, it would be a waste of the parties' resources to

1

commence discovery before the jurisdictional question is resolved and before the Court and the parties know whether the nine Individual School Defendants will remain in the case.

## BACKGROUND

Plaintiff alleges that she is a former Fairfax County Public Schools student who suffered damages as a result of alleged student-on-student sexual harassment and sexual assaults during the 2011–12 school year, when she was in seventh grade. Under the pseudonym "Jane Doe," she has sued the School Board under Title IX (Count I) and § 1983 (Count II). She has sued two of her former middle-school classmates, Christian Kornegay and Jenna Ofano, for assault and battery (Counts III–IV). And she has sued the Individual School Defendants under § 1983 (Count V) and for gross negligence under Virginia law (Count VI). The School Board and the Individual School Defendants are represented by separate counsel.

Defendants Kornegay and Ofano answered the complaint on October 10, 2019 and October 31, 2019, respectively. ECF Nos. 9, 11. On November 15, 2019, the School Board and the Individual School Defendants filed motions to dismiss that, if granted, would result in the dismissal of the entire case because of a fatal jurisdictional defect. ECF Nos. 17, 19.

## ARGUMENT

The Supreme Court has held that the "doors of discovery" should remain locked unless a plaintiff alleges sufficient facts to establish the elements of her claim. *See*, *e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A "plaintiff armed with nothing more than conclusions" is not "entitle[d] . . . to the expensive and burdensome process of formal discovery." *Chennault v. Mitchell*, 923 F. Supp. 2d 765, 774 (E.D. Va. 2013) (Spencer, J.) (quoting *Iqbal*, 556 U.S. at 679).

To save the parties from incurring discovery costs before determining whether that minimum pleading threshold has been satisfied, a court may stay discovery until a dispositive

motion is resolved.  *See* Fed. R. Civ. P. 26(c) (permitting a Court to stay discovery "for good cause"); *see also Webster v. Mattis*, No. 17-cv-01384, 2018 WL 1082848, at *2 (E.D. Va. Feb. 15, 2018) (Davis, M.J.) (granting defendant's motion to stay discovery until the motion to dismiss was adjudicated), *report and recommendation adopted*, 2018 WL 1071475 (E.D. Va. Feb. 27, 2018) (Ellis, J.).  Indeed, "[c]ourts commonly stay discovery pending resolution of dispositive motions . . . [which] can be an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Cognate BioServices, Inc. v. Smith*, No. CIV. WDQ-13-1797, 2015 WL 5673067, at *2 (D. Md. Sept. 23, 2015) (quoting *Wymes v. Lustbader*, No. CIV. WDQ-10-1629, 2012 WL 1819836, at *4 (D. Md. May 16, 2012)).

The Court should stay issuance of the scheduling order or, alternatively, stay discovery until the pending motions to dismiss are resolved.  First, if the defendants' Rule 12(b)(1) motion is granted, the entire case would be dismissed.  As explained in the defendants' briefing, Plaintiff's failure to seek leave of court to proceed pseudonymously is a fatal jurisdictional defect, and Plaintiff's claims are now time-barred.  Discovery would be a waste of the Court's and the parties' time and resources if those critical threshold issues are resolved against Plaintiff.

Various judges in this division have declined to issue the scheduling order (which would otherwise allow discovery to commence) until after a dispositive motion is resolved.  That approach makes good sense here.  As the Supreme Court put it in *Twombly*, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed *at the point of minimum expenditure of time and money by the parties and the court.*'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (quoting 5 Wright & Miller § 1216, at 233–34) (emphasis added).

Second, if the Court reaches the merits of the Complaint, it is likely to dismiss the § 1983 claims against the School Board and the Individual School Defendants, and comity principles will warrant dismissing the supplemental State-law claims against the Individual School Defendants. The parties should know which defendants (if any) remain in the case before commencing discovery.

And third, a brief delay in commencing discovery will not prejudice Plaintiff. The events in this case are already at least eight years old, and she waited until the eve of the limitations period to file suit. A brief delay of a few weeks more to resolve the pending dispositive motions will not cause her prejudice.

## CONCLUSION

The Court should stay issuance of the scheduling order or, in the alternative, stay discovery until the pending motions to dismiss are resolved.

Respectfully submitted,

| | |
|---|---|
| SYBIL TERRY, AUGUST FRATALLI, PHILIP A. HUDSON, TAMARA B. BALLOU, BRENDA HUMPHREY, MONIQUE PATWARY-FARUQUE, MEGAN CARR, FRANCIS TARRANT, and JOANNE FRAUNDORFER | FAIRFAX COUNTY SCHOOL BOARD |
| By: /s/ Michael E. Kinney (VSB #65056)<br>TURNER & KINNEY, A PROFESSIONAL CORPORATION<br>20 W. Market Street<br>Leesburg, Virginia 20176<br>Telephone: (703) 669-9090<br>Facsimile: (703) 669-9091<br>mkinney@turnerkinney.com | By: /s/ Stuart A. Raphael (VSB No. 30380)<br>Ryan M. Bates (VSB No. 74661)<br>HUNTON ANDREWS KURTH LLP<br>2200 Pennsylvania Avenue, NW<br>Washington, D.C. 20037<br>Telephone: (202) 955-1500<br>Facsimile: (202) 778-2201<br>sraphael@HuntonAK.com<br>rbates@HuntonAK.com |
| *Counsel for Individual School Defendants* | *Counsel for Defendant Fairfax County School Board* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2019, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record for all Parties.

By: _____/s/_____
Stuart A. Raphael (VSB No. 30380)