IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case NO. 1:19-cv-00917-RDA-TCB |
| | ) |
| FAIRFAX COUNTY SCHOOL BOARD, et al. | ) |
| | ) |
| Defendants. | ) |

**BRIEF IN SUPPORT OF CHRISTIAN KORNEGAY'S MOTION TO DISMISS
AND MOTION TO JOIN MOTION TO DISMISS FILED BY CO-DEFENDANTS**

Defendant Christian Kornegay, by counsel, and pursuant to Local Civil Rule 7(F), submits this Brief in support of his Motion to Dismiss and Motion to Join Motion to Dismiss filed by Co-Defendants.

**INTRODUCTION**

The unidentified Plaintiff in this case claims that she was sexually assaulted in 2011 and 2012 by numerous classmates when she was a seventh-grade student at Rachel Carson Middle School in Fairfax County, Virginia. In Count I of the Complaint, she seeks compensatory damages and injunctive relief against the Fairfax County School Board under Title IX of the Education Amendments of 1972. In Count II, she seeks damages against the Fairfax County School Board for alleged deliberate indifference in response to those alleged assaults under 42 U.S.C. § 1983. In Count III, she asserts a claim for assault and battery against the Defendant, Christian Kornegay, under Virginia law. Similarly, in Count IV she asserts a claim for assault and battery under Virginia law against a former classmate. In Count V, she asserts a claim against nine teachers,

counselors and school administrators (hereinafter, the "Individual School Defendants") under 42 U.S.C. § 1983. In Count VI, she asserts a claim against the Individual School Defendants for gross negligence under Virginia law.

The Defendant, Christian Kornegay, has filed an Answer denying the allegations of rape and sexual assault. EFC No. 9. In his Answer, Christian Kornegay, has asserted that this Court lacks subject matter jurisdiction (First Affirmative Defense) and that the Complaint fails to state a claim upon which relief may be granted (Third Affirmative Defense). The Defendant, Jenna Ofano, has filed an Answer denying the allegations of rape and sexual assault. EFC No. 11.

The Defendants, Fairfax County Public Schools and the Individual School Defendants, have filed Motions to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6). EFC Nos. 17 and 19. The Motions to Dismiss are currently set for a hearing on December 20, 2019.

## ARGUMENT

### I. THIS COURT LACKS SUBJECT MATTER JURISDICTION

The Defendant Christian Kornegay has asserted in his Answer that this Court lacks subject matter jurisdiction. The Defendant agrees with the argument and legal authority contained in the briefs in support of the motions to dismiss filed on November 15, 2019, by Co-Defendants Fairfax County Public Schools and the Individual School Defendants. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure the Defendant, Christian Kornegay, adopts by reference each and every argument set forth in the motions to dismiss concerning this Court's lack of subject matter jurisdiction.

In this case, the Plaintiff, fictitiously identified as Jane Doe, has commenced a civil action without including the name of the party-plaintiff as Required by Rule 10(a), and without identifying the real party in interest as required by Rule 17(a). This was done without the Plaintiff petitioning this Court for permission to proceed anonymously. It is unfair to the Defendants to allow the Plaintiff to anonymously make such shocking allegations as set forth in the Complaint. This Court should follow the authority of the federal appellate court that have addressed this issue, and it should dismiss the Complaint with prejudice.

## II. THIS COURT SHOULD DECLINE TO EXECISE SUPPLEMENTAL JURISDICTION OVER THE STATE TORT CLAIM

District courts may exercise supplemental jurisdiction over state law claims that share a common nucleus of operative fact with a claim that is within a district court's original jurisdiction. See 28 U.S.C. § 1367(a). Nonetheless, a district court may decline to exercise supplemental jurisdiction over a state law claim when all claims over which it had original jurisdiction has been dismissed. See 28 U.S.C. § 1367(c). Federal "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cohill*, 58 F.3d 106, 100 (4th Cir. 1995). "Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Id.*

The Plaintiff has not asserted a federal claim against the Defendant, Christian Kornegay. As set forth in the motions to dismiss filed by Fairfax County Public Schools

and the Individual School Defendants, the federal claims against them are not viable as a matter of law. Accordingly, no viable underlying federal claim was commenced that would warrant the exercise of supplemental jurisdiction over a claim arising under state law. Further, declining to exercise supplemental jurisdiction is appropriate at this early stage of the case because the parties have not engaged in discovery of the state tort claim. See, e.g., *Schreiber v. Dunabin*, 938 F. Supp. 2d 587, 601 (E.D. Va. 2013) (declining to exercise supplemental jurisdiction over a state-law claim in part because the parties had not yet engaged in discovery).

### III. THE DEFENDANT, CHRISTIAN KORNEGAY, SHOULD BE DISMISSED AS A DEFENDANT FOR COUNTS I, II, IV THROUGH VI.

The Complaint contains six counts. Although each count has a title identifying the particular defendant or defendants against whom relief is sought, each also concludes with a generic prayer for relief requesting judgment "against *all defendants*, individually and/or jointly and severally." Complaint at pages 29, 32, 33, 34, 37, 39 (emphasis added). According to its heading and allegations, only Count III is directed against the Defendant Christian Kornegay. The remaining counts against Christian Kornegay should be dismissed to avoid confusion.

### CONCLUSION

The Court should dismiss the complaint because Plaintiff's failure to seek leave of court to proceed pseudonymously violates Rules 10(a) and 17(a), and constitutes a fatal jurisdictional defect. Further, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

Respectfully submitted,


CHRISTIAN KORNEGAY
By Counsel


_____/s/_____

James F. Davis
Virginia State Bar No. 41387
Counsel for Defendant Christian Kornegay
James F. Davis, P.C.
10513 Judicial Dr., Suite 301
Fairfax, VA 22030
Tel: (703) 383-3110
Fax: (571) 748-6564
jfd@jfdavislaw.com



## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of November, 2019, I electronically filed the foregoing Brief in Support of Motion to Dismiss and Motion to Join Motion to Dismiss filed by Co-Defendants with the Clerk of Court using the CM/ECF system, which will send notification of such filing (NEF) to counsel of record for all Parties.


_____/s/_____

James F. Davis
Virginia State Bar No. 41387
Counsel for Defendant Christian Kornegay
James F. Davis, P.C.
10513 Judicial Dr., Suite 301
Fairfax, VA 22030
Tel: (703) 383-3110
Fax: (571) 748-6564
jfd@jfdavislaw.com