IN THE UNITED STATES DISTRICT COURT IN THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **JANE DOE**<br>　　　　　　　　**Plaintiff,**<br>**v.**<br>**FAIRFAX COUNTY SCHOOL BOARD; SYBIL TERRY; PHILIP A. HUDSON; TAMARA B. BALLOU; CHRISTIAN KORNEGAY; AUGUST FRATTALI; BRENDA HUMPHREY; MONIQUE PATWARY-FARUQUE; MEGAN CARR; FRANCIS TARRANT; JOANNE FRAUNDORFER; JENNA OFANO AND MIKE AND MARY ROES 1-15**<br>　　　　　　　　**Defendants.** | CASE NO.: 1:19-cv-00917 RDA TCB |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION
FOR LEAVE TO PROCEED UNDER A PSEUDONYM**

Plaintiff, Jane Doe, by and through her undersigned counsel, respectfully submits this Memorandum of Law in support of her Motion for Leave to Proceed Under a Pseudonym. Plaintiff's counsel simultaneously files Exhibit A, Affidavit of Counsel in Support of Motion for Leave to Proceed Under the Pseudonym "Jane Doe" with accompanying Exhibits that reveals the Plaintiff's identity. This Exhibit is hereafter referred to as "the sealed record."

**I.     INTRODUCTION**

This case involves the horrific sexual assault of Plaintiff while a student in the Fairfax County School System. The facts and circumstances surrounding this case resulted in Fairfax County School Board entering into a Voluntary Resolution Agreement with the United States Department of Education, Office of Civil Rights in which it agreed to make a series of significant changes to its policies, procedures, and practices to protect the civil rights of female students. Thus, the victim's identity became well known to Defendants before this lawsuit was filed.

By this Motion, Plaintiff seeks to prevent her identity from being disclosed to the public, excluding only those individuals involved in this case, as the allegations are of a highly personal and sensitive nature. Good cause exists for Plaintiff to continue to proceed under a pseudonym due to the harmful effect of the public disclosure of her identity could cause. All Defendants are aware of Plaintiff's identity and would suffer no prejudice by reason of concealing Plaintiff's identity in the Complaint and public records filed with the Court.

Counsel for the Fairfax County School Board revealed their intention to move to dismiss this case because Plaintiff filed this matter as "Jane Doe" on November 14, 2019.  Though there is no Fourth Circuit case or Federal Rule of Civil Procedure requiring Plaintiff to move for leave to proceed under a pseudonym before filing her Complaint, Plaintiff now files this Motion in an abundance of caution.

The Fairfax County School Board objects to Plaintiff filing her Complaint under a pseudonym. When Doe was a seventh-grade student in the Fairfax County Public School system and school officials learned that Jane Doe's rape was reported to law enforcement, however, school officials instructed Jane Doe's teachers to refrain from using her real name in e-mails/written communications. As a litigant, Plaintiff received multiple notifications that the Board's outside lawyers have investigated Plaintiff's social media accounts **in her own name**. *See* Affidavit of the Mother of Jane Doe at ¶¶ **13-14** attached hereto as Exhibit B. The Defendants know who she is; they apparently searched her real name on social media.

The Board's counsel's pursuit of personal information of a rape victim is precisely the thing Plaintiff's therapist predicted and feared would occur. See Report of Rose Celia Rosato, MA, LPC attached hereto as Exhibit C.  The identities of the Board's counsel now appear in her social

media feeds as a constant reminder that she is being watched. Plaintiff's therapist opined about the danger posed to Plaintiff if her whereabouts was revealed:

> It is critical for [Jane Doe]'s identity to be protected in all situations. In addition to her young age as the victim of violent crime, her privacy is important to her. Also, even the slightest perception that her identity and whereabouts are known by her perpetrators will potentially cause her great mental and emotional stress and harm.

*Id.*

For these reasons, and those set forth below, Plaintiff requests that the Court grant her Motion for Leave to Proceed Under a Pseudonym.

## II.     ARGUMENT

Federal Rule of Civil Procedure 10(a) provides that the tile of a Complaint must name all of the parties. Fed.R.Civ.P. 10(a); *see also Co. Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014). Courts are hesitant to allow parties to proceed under pseudonyms given that the practice can "undermine the public's right of access to judicial proceedings." *Pub. Citizen*, 749 F.3d at 273. However, the Fourth Circuit has held that anonymity is permitted under certain circumstances. *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). This rule recognizes that, in certain circumstances, "privacy or confidentiality concerns are . . . sufficiently critical that parties or witnesses should be allowed this rare dispensation." *Id.* Thus, trial courts have the discretion to permit parties to proceed anonymously, although there is "a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted." *Id.* District courts have an "independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Pub. Citizen*, 749 F.3d at 274.

The Fourth Circuit has developed a non-exhaustive list of factors that should guide courts in deciding whether to grant anonymity requests:

> [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James*, 6 F.3d at 238; *see also Pub. Citizen*, 749 F.3d at 273 (reiterating *James* factors and noting that "[t]his Court has recognized that in exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including use of a pseudonym.").

Here, all five *James* factors weigh in favor of this Court granting Plaintiff's request for leave to proceed pseudonymously. First, Plaintiff seeks to proceed under a pseudonym to preserve her privacy in a matter of a sensitive and highly personal nature. This case involves multiple violent rapes. Her Complaint includes private information such as a detailed accounts of sexual assaults and rape, information about Plaintiff's SANE examination and the results of the same, and information about the emotional distress and resulting impairment that Plaintiff developed as a result of the degrading manner in which Defendant treated her when she reported the rape. Plaintiff deserves protection in the form of pseudonymity because litigants have strong privacy interests at stake in these types of matters relating to sexual health and mental illness. *See, e.g., Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997); *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992). District Courts have recognized the private nature of claims by students accused of sexual misconduct due to the stigma associated with sexual misconduct; it would be misguided to decline the same protection to their victims, who often face the victim-blaming

stigma placed on survivors of sexual violence. *See Doe v. The Rector and Visitors of George Mason U.*, 1:15-CV-209, 2016 WL 1574045, at *7 (E.D. Va. Apr. 14, 2016) (stating that "[t]here can be no doubt that the litigation here focuses on 'a matter of sensitive and highly personal nature.'"); *see also Doe v. Alger*, 5:15-CV-00035, 2016 WL 1273250, at *2 (W.D. Va. Mar. 31, 2016) (stating that the sexual misconduct for which the plaintiff was found responsible is sufficiently sensitive and personal to satisfy this factor).

The case for pseudonymity is particularly strong here as Plaintiff would be retraumatized by having highly personal information publicly released. Commentators have recognized that involuntarily disclosing the identity of rape victims results in real psychological harm to victims far more severe than "mere embarrassment." *See* Suzanne M. Leone, *Protecting Rape Victims' Identities: Balance Between the Right to Privacy and the First Amendment*, 27 NEW ENG. L. REV. 883, 910-11 (1993) ("Each victim has a unique healing process and the public disclosure of her identity could disrupt that process before the victim is ready."); *see also* Paul Marcus & Tara L. McMahon, *Limiting Disclosure of Rape Victims' Identities,* 64 S. CAL. L. REV. 1020, 1032, 1037, 1049 (1991) (noting that "[r]esearch shows that for most victims the trauma caused by rape lasts a minimum of three years and, depending on the circumstances, can be permanent… The ultimate value at stake has been described as human dignity, individuality, and autonomy, but the primary point is that control of personal information about oneself is the essence of privacy. The interest a wholly private individual has in keeping her name out of the public limelight while she recovers from the personal tragedy of rape lies at the heart of this right… To expose a person's identity without her consent strips these private and personal decisions away from her and places them at the hands of a remote stranger. Such an action can only show the victim's healing process, a process the state has a significant interest in protecting.").

Second, public identification poses a risk of retaliatory physical and mental harm to Plaintiff. It is likely that Plaintiff's peers from RCMS could engage in retaliation and revictimization after learning her identity. Given the nature of the allegations in the Complaint, public identification would only exacerbate her current injuries.[1] This Court previously acknowledged "the fact that accusations of [sexual misconduct] inspire passionate responses and have severe ramifications is reflected in the anonymity afforded to the accusers and the accused when participating in [the University's] disciplinary proceedings." *Doe v. The Rector and Visitors of George Mason U.*, 1:15-CV-209, 2016 WL 1574045, at *7 (E.D. Va. Apr. 14, 2016). This Court has noted the importance of pseudonyms in sexual misconduct cases, stating that the denial of anonymity "could have the effect of chilling the reporting of sexual misconduct. Specifically, [the University's] position on the use of pseudonyms here leaves accusers with no guarantee that their privacy will not be stripped away if the accused proceeds to litigation following an adverse sexual misconduct adjudication. Without a guarantee of privacy, some sexual misconduct victims may not report at all." *Id.*

Third, Plaintiff's young age at the time of the events at issue weighs in favor of the Court granting her pseudonymity request. Plaintiff was only 12 years-old when she was raped. This Court has found the factor to weigh in favor of anonymity when the victim is a young adult at the time of the rape; Plaintiff was a child who possessed the immaturity of adolescence. *See Doe v. Alger*, 2016 WL 1273250, at *3 (holding that this factor weighed in favor of anonymity as the students involved in the disciplinary process were all freshmen between the ages of 18 and 19).

---

[1] This Court has also noted the particular importance of the pseudonym option in today's day and age "[g]iven the increase in public access to court docket sheets via electronic means. . ." *Patient v. Corbin*, 37 F. Supp. 2d 433, 434 (E.D. Va. 1998).

Fourth, Defendant Fairfax County School Board ("FCSB") is a governmental entity in the Commonwealth of Virginia. This fact lends support for Plaintiff's pseudonymity request. Courts have a greater tendency to grant pseudonymity in cases against governmental entities, rather than private entities, because "'an action against a private party can result in damage to the defendant's reputation as well as economic harm' in ways that do not raise similar concerns in civil actions against the government." *Candidate No. 452207 v. CFA Inst.*, 42 F. Supp. 3d 804, 810 (E.D. Va. 2012). Insofar as the public may claim a greater interest because Defendant FCSB is an institution of the Commonwealth, this Court has noted that "the use of a pseudonym is an appropriately tailored means of protecting [a plaintiff's interests] without unduly restricting public access to the litigation materials the use of pseudonyms strikes an appropriate balance between ensuring that the public has access to the record in this case while also protecting plaintiff...from any harm—including retaliatory physical harm—that might ensue from association with the accusations at issue here." *The Rector and Visitors of George Mason U.*, 2016 WL 1574045, at *8. The public would retain access to any and all filings, with only Plaintiff's identity withheld to protect her. Furthermore, Plaintiff's compelling interest in using a pseudonym outweighs any interest that the public may have in obtaining access to her identity.

Finally, allowing Plaintiff to proceed under a pseudonym would result in no unfairness or prejudice to any of the Defendants. Defendants are already aware of Plaintiff's identity and would not suffer any prejudice to its ability to defend themselves, as the issues in front of this Court do not depend on public knowledge of Plaintiff's identity. *See Doe v. Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004). In addition, Plaintiff would not object to engaging in any discovery otherwise permitted by the rules of this Court as long as the parties are able to agree to protect Plaintiff's identity from public disclosure.

Importantly, there is no Fourth Circuit Opinion which identifies when the Plaintiff is to file his/her request for anonymity so that the litigant may proceed using a pseudonym. *See CTH 1 Caregiver v. Owens*, 2012 U.S.Dist. LEXIS 90998*7 (D.S.C. 2012). On November 14, 2019, after several meet-and-confer meetings, counsel for FCSB announced that they intended to move to dismiss the case because of Plaintiff's use of a pseudonym in her Complaint. Defendant FCSB's forthcoming motion to dismiss is nothing more than technical gamesmanship. Defendant FCSB knows Plaintiff's identity at the time the Complaint was filed. Defendants' counsel admitted the same to Plaintiff's Counsel, and Plaintiff references the Department of Education Office of Civil Rights Complaint involving the facts underlying this civil action throughout her Complaint. Thus, Defendant has suffered no harm by reason of Plaintiff's use of a pseudonym. Other District Courts in the Fourth Circuit have permitted plaintiffs to seek relief in the form of a Motion for Leave to proceed under a pseudonym even when a Motion for Protective Order is not filed at the time the Complaint is filed using a pseudonym. *See*, *e.g.*, *Doe v North Carolina Cent. Univ.*, 1999 U.S. Dist. LEXIS 9804 * 14-15 (M.D. N.C. 1999) (denying Defendant's Motion to Dismiss because Defendant was aware of Plaintiff's identity by the Complaint's reference to an administrative Complaint previously filed by the Plaintiff using her true identity); *CTH 1 Caregiver*, 2012 U.S.Dist. LEXIS 90998 (denying Motion to Dismiss on grounds that Plaintiff did failed to seek permission to proceed under pseudonym at the time of the filing of the Complaint and granting Plaintiff Leave to Amend her Complaint).

### III.  CONCLUSION

This is one of the rare circumstances where it is entirely appropriate for this Court to allow Plaintiff to proceed pseudonymously, due to her valid privacy and confidentiality concerns. The sensitive and highly personal nature of the factual allegations combined with the real risk of

physical or mental harm to Plaintiff weigh strongly in favor of granting Plaintiff's request to ensure her privacy. Both Plaintiff's youth at the time of the sexual assault and the fact that one of the Defendants is a public rather than a private entity also support the reasonableness of this request. Moreover, because all Defendants are aware of Plaintiff's identity, there is no real risk of unfairness to any Defendant. Accordingly, Plaintiff respectfully requests that this Court grant this Motion.

Respectfully Submitted,

*/s/ William H. O'Brien*
**DOUMMAR & O'BRIEN**
William H. O'Brien (VSB No. 45715)
Counsel for Plaintiff
1397 Laskin Road
Virginia Beach, VA  23451
happy@doummarandobrien.com
Telephone 757-422-0061
Fax 757-422-5512

*/s/ Thomas N. Sweeney*
**MESSA & ASSOCIATES, P.C.**
Thomas N. Sweeney (VSB No. 94276)
Joseph L. Messa, Jr. (VSB No. 94393)
Counsel for Plaintiff

Dated: November 27, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2019, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to counsel of record for all parties.

*/s/ William H. O'Brien*
**DOUMMAR & O'BRIEN**
William H. O'Brien (VSB No. 45715)
Counsel for Plaintiff