IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:19-cv-00917-RDA-TCB |
| ) | |
| FAIRFAX COUNTY SCHOOL BOARD, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**BRIEF OF FAIRFAX COUNTY SCHOOL BOARD IN RESPONSE
TO PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM**

Under controlling Fourth Circuit precedent, "when a party seeks to litigate under a pseudonym, a district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing part[ies]." *Company Doe v. Public Citizen*, 749 F.3d 246, 274 (4th Cir. 2014).  The Court must thus balance the interests of Plaintiff in proceeding pseudonymously against not only the interests of each defendant, but against the interests of the public at large in open judicial proceedings.

The School Board understands that the other Defendants in this case object to Plaintiff's proceeding anonymously when she has already named each of them in her complaint (and in her amended complaint), accusing them of serious misconduct from behind her own cloak of anonymity.  The School Board also notes that Plaintiff has already disclosed her true name in ECF No. 38-4, which failed to redact her first name and which contains several ineffective redactions that allow the reader to see the Plaintiff's last name.

1

Speaking on behalf of only itself, however, the School Board does not object to the Court requiring that public court filings refer to Plaintiff as *Jane Doe*, provided that: (1) this does not waive the School Board's position, set forth in its motion to dismiss under Rule 12(b)(1), that an order permitting Plaintiff to proceed anonymously will not relate back to the time of the original complaint for purposes of the saving the Title IX and § 1983 claims from the two-year statute of limitations; and (2) an order requiring that filings in this case refer to Plaintiff as *Jane Doe* will not hamper defendants' ability to thoroughly investigate Plaintiff's claims or conduct party and non-party discovery using her real name.

Plaintiff's moving papers misstate the School Board's position. She claims that the School Board "objects to Plaintiff filing her Complaint under a pseudonym." Pls.' Br. at 2–3 of 9, ECF No. 38-1. Not so. To be sure, the School Board contends that the Title IX and § 1983 claims are time-barred for failure to obtain leave to proceed pseudonymously before the limitations period elapsed. But the School Board's counsel previously advised Plaintiff's counsel in October that the School Board would not oppose Plaintiff's proceeding under a pseudonym as long as this courtesy would not affect the School Board's ability to thoroughly investigate the facts or conduct discovery using Plaintiff's real name. Plaintiff appears to concur with that essential precondition. *See id.* at 7 of 9 ("Plaintiff would not object to engaging in any discovery otherwise permitted by the rules of this Court as long as the parties are able to agree to protect Plaintiff's identity from *public* disclosure.") (emphasis added).

## **CONCLUSION**

In short, the School Board takes no position on whether the Court should grant Plaintiff's motion, except that (1) the School Board does not waive its position, set forth in its motion to dismiss under Rule 12(b)(1), that an order permitting Plaintiff to proceed anonymously will not relate back to the time of the original filing for purposes of the saving the Title IX and § 1983

claims from the two-year statute of limitations; and (2) an order requiring that court filings in this case refer to Plaintiff as *Jane Doe* will not hamper the defendants' ability to thoroughly investigate Plaintiff's claims or conduct party and non-party discovery using her real name.

Respectfully submitted,

FAIRFAX COUNTY SCHOOL BOARD

By: _____/s/_____
Stuart A. Raphael (VSB No. 30380)
Ryan M. Bates (VSB No. 74661)
Perie Reiko Koyama (*pro hac vice*)
Kelly R. Oeltjenbruns (*pro hac vice*)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington DC 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
sraphael@HuntonAK.com
rbates@HuntonAK.com
pkoyama@HuntonAK.com
koeltjenbruns@HuntonAK.com

*Counsel for Defendant Fairfax County School Board*

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2019, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record for all Parties.

By: _____/s/_____
Stuart A. Raphael (VSB No. 30380)