IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:19-cv-00917-RDA-TCB |
| | ) | |
| FAIRFAX COUNTY SCHOOL BOARD, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

# DEFENDANTS' SUPPLEMENTAL BRIEF
## ON THE POLICY ASPECTS OF THE JURISDICTIONAL QUESTION

Stuart A. Raphael (VSB No. 30380)
Ryan M. Bates (VSB No. 74661)
Perie Reiko Koyama (*pro hac vice*)
Kelly R. Oeltjenbruns (*pro hac vice*)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington DC 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
sraphael@HuntonAK.com
rbates@HuntonAK.com
pkoyama@HuntonAK.com
koeltjenbruns@HuntonAK.com

*Counsel for Defendant Fairfax County School Board*

February 7, 2020

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ............................................................................................. i

TABLE OF AUTHORITIES ...................................................................................... ii

INTRODUCTION ...................................................................................................... 1

ARGUMENT .............................................................................................................. 2

    I.     Anonymous plaintiffs cannot establish a "case or controversy" under Article III. ............. 3

    II.    Anonymous plaintiffs cannot establish that the Court has subject-matter jurisdiction. ........................................................................................................... 5

    III.   Suing anonymously prevents the Court from determining that the suit is brought by the real party in interest. ........................................................... 6

    IV.   Requiring the plaintiff's identity as condition of jurisdiction advances the administration of justice. ......................................................................... 8

CONCLUSION ........................................................................................................... 9

CERTIFICATE OF SERVICE ................................................................................. 11

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Arbaugh v. Y&H Corp.*,
   546 U.S. 500 (2006) .................................................................................................. 6

*Bender v. Williamsport Area Sch. Dist.*,
   475 U.S. 534 (1986) .................................................................................................. 1

*Capers v. Nat'l R.R. Passenger Corp.*,
   673 F. App'x 591 (8th Cir. 2016) ..................................................................... 2, 7, 10

*Citizens for a Strong Ohio v. Marsh*,
   123 F. App'x 630 (6th Cir. 2005) .............................................................................. 2

*Company Doe v. Public Citizen*,
   749 F.3d 246 (4th Cir. 2014) .................................................................................... 8

*DaimlerChrysler Corp. v. Cuno*,
   547 U.S. 332 (2006) .................................................................................................. 3

*Daubney v. Cooper*,
   109 Eng. Rep. 438 (K.B. 1829) ................................................................................ 8

*Doe v. Blue Cross & Blue Shield United*,
   112 F.3d 869 (7th Cir. 1997) .................................................................................... 8

*Doe v. Megless*,
   654 F.3d 404 (3d Cir. 2011) ..................................................................................... 8

*Does I Thru XXIII v. Advanced Textile Corp.*,
   214 F.3d 1058 (9th Cir. 2000) .................................................................................. 8

*Ex parte McCardle*,
   74 U.S. (7 Wall.) 506 (1868) .................................................................................... 5

*Friends of Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
   528 U.S. 167 (2000) .................................................................................................. 1

*FW/PBS, Inc. v. City of Dallas*,
   493 U.S. 215 (1990) ......................................................................................... 1, 2, 4, 5

*Hertz Corp. v. Friend*,
   559 U.S. 77 (2010) ........................................................................................... 1, 2, 3, 5

*House v. Mitra QSR KNE LLC*,
   No. 18-1779, 2019 WL 6492490 (4th Cir. Dec. 3, 2019) .................................. 3, 5, 6, 10

*Keene Corp. v. United States*,
    508 U.S. 200 (1993) .................................................................................................. 2

*LVNV Funding, LLC v. Harling*,
    852 F.3d 367 (4th Cir. 2017) ..................................................................................... 9

*Mitchell v. Maurer*,
    293 U.S. 237 (1934) .................................................................................................. 1

*Mollan v. Torrance*,
    22 U.S. (9 Wheat.) 537 (1824) ................................................................................. 2

*Nat'l Commodity & Barter Ass'n v. Gibbs*,
    886 F.2d 1240 (10th Cir. 1989) ............................................................................ 2, 7

*Raines v. Byrd*,
    521 U.S. 811 (1997) .................................................................................................. 4

*Renne v. Geary*,
    501 U.S. 312 (1991) .................................................................................................. 4

*Spokeo, Inc. v. Robins*,
    136 S. Ct. 1540 (2016) .............................................................................................. 4

*Turner v. Bank of N. Am.*,
    4 U.S. (4 Dall.) 8 (1799) .......................................................................................... 4

*W.N.J. v. Yocom*,
    257 F.3d 1171 (10th Cir. 2001) ................................................................................ 2

*Warth v. Seldin*,
    422 U.S. 490 (1975) .................................................................................................. 5

*Zamora v. N. Salem Cent. Sch. Dist.*,
    414 F. Supp. 2d 418 (S.D.N.Y. 2006) ...................................................................... 6

**Statutes**

28 U.S.C. § 1331 .................................................................................................................. 6

28 U.S.C. § 1332 .................................................................................................................. 6

42 U.S.C. § 1983 .................................................................................................................. 9

Title IX of the Education Amendments of 1972,
    86 Stat. 373, 20 U.S.C. §§ 1681–1688 ................................................................. 6, 9

**Constitutional Provisions**

U.S. Const. art. III ..................................................................................................... 1, 2, 5, 7

**Rules**

Fed. R. Civ. P. 11 ............................................................................................................. 8, 9

Fed. R. Civ. P. 17 ................................................................................................................ 7

Fed. R. Civ. P. 23(a)(3) ....................................................................................................... 7

Fed. R. Civ. P. 23(a)(4) ....................................................................................................... 7

**Administrative Materials**

Statement on Behalf of the Advisory Comm. on Civil Rules (June 10, 1965) ................... 7

# **INTRODUCTION**[1]

The Court ordered supplemental briefing to address why, as a policy matter, a plaintiff's decision to file a complaint pseudonymously without leave of court is a jurisdictional defect. The answer is simple: given that the Court is obligated to ensure that it has jurisdiction at the outset of every case, when a complaint is filed anonymously, it is impossible for the Court to know whether there is a "case or controversy," whether it has subject-matter jurisdiction, and whether there is even a real plaintiff at all. That is why it is essential for plaintiffs either to sue in their real name or to submit their true name under seal to permit the Court to determine whether to allow a pseudonymous filing.

As a starting point, "certain basic principles . . . limit the power of every federal court." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Federal courts "ha[ve] a special obligation" to "satisfy [themselves] . . . of [their] own jurisdiction" at the beginning of every case. *Id.* (quoting *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)). That obligation includes making sure that the plaintiff is a real person who has "Article III standing *at the outset* of the litigation." *Friends of Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000) (emphasis added). Additionally, the Court must ensure that it has subject-matter jurisdiction over the case. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Knowing the plaintiff's identity is essential to both of those jurisdictional inquiries, and the *plaintiff* bears the burden of establishing that the case belongs in federal court. *See, e.g.*, *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).

---

[1] The undersigned has consulted with counsel for the co-defendants, who join the arguments in this brief.

Because Plaintiff did not disclose her identity when she filed this case, she failed to carry her burden of showing that she could properly invoke the power of the federal courts. As a result, her complaint failed to invoke the Court's jurisdiction. *See, e.g.*, *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989) ("Absent permission by the district court to proceed anonymously, and under such other conditions as the court may impose . . . the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them."); *see also Capers v. Nat'l R.R. Passenger Corp.*, 673 F. App'x 591, 594–95 (8th Cir. 2016) (same, following *Gibbs*); *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636–37 (6th Cir. 2005) (same); *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) (same).

## ARGUMENT

Few things are more fundamental to a federal lawsuit than the plaintiff's identity. Without knowing who the plaintiff is, the Court has no way to determine:

- if a "case or controversy" exists under Article III;
- if the Court has subject-matter jurisdiction; and
- if a real person stands behind the veil of anonymity.

When, as here, the putative plaintiff lodges an anonymous complaint without prior permission and without providing her identifying information to the Court, the claimant disables the Court from fulfilling its "independent obligation" to ensure that it has jurisdiction at the inception of the litigation. *Hertz Corp.*, 559 U.S. at 94; *see also Keene Corp. v. United States*, 508 U.S. 200, 207 (1993) ("the jurisdiction of the Court depends upon the state of things *at the time of the action brought*" (quoting *Mollan v. Torrance*, 22 U.S. (9 Wheat.) 537, 539 (1824) (Marshall, C.J.)) (emphasis added)). Because Plaintiff bears the burden of proving that jurisdiction exists, *FW/PBS*, 493 U.S. at 231, her failure to provide her own name when she filed

2

this case means that she never properly invoked the limited jurisdiction of the Court—a circumstance that requires dismissal. *See, e.g.*, *House v. Mitra QSR KNE LLC*, No. 18-1779, 2019 WL 6492490, at *3 (4th Cir. Dec. 3, 2019).

The question is not whether one or more of the *defendants* knew or could have discerned the plaintiff's true identity. For its part, the School Board has admitted that it knew who Plaintiff was because her lawyers notified Division Counsel eighteen months before filing suit that they represented her. FCSB Reply at 4 n.3. The question is one instead of *the Court's* knowledge and jurisdiction. Because the Court itself is required to ensure that it has jurisdiction, it is Plaintiff's failure to tell the Court who she is that requires dismissal. Until the Court knows the plaintiff's identity, it cannot conduct the jurisdictional reckoning required to confirm that it can entertain jurisdiction over the plaintiff or over her claims.

Such a fundamental jurisdictional prerequisite calls for bright-line rules, not balancing tests. "[A]dministrative simplicity is a major virtue" when dealing with "jurisdictional" issues like this one. *Hertz Corp.*, 559 U.S. at 94. "Complex jurisdictional tests complicate a case, eating up time and money as the parties litigate, not the merits of their claims, but which court is the right court to decide those claims." *Id*. Thus, "courts benefit from straightforward rules under which they can readily assure themselves of their power to hear a case." *Id*.

The correct rule here is indeed straightforward: a plaintiff has not properly invoked the jurisdiction of a federal court unless and until she discloses her identity to the court. Four facets of that jurisdictional principle show why it is correct.

I. **Anonymous plaintiffs cannot establish a "case or controversy" under Article III.**

"[N]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341–42 (2006) (quoting *Raines*

3

*v. Byrd*, 521 U.S. 811, 818 (1997)). Since the founding generation, the Supreme Court has made clear that federal courts exercise only "limited jurisdiction." *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 10 (1799). Thus, a federal court must apply "the fair presumption" that the case remains outside "its jurisdiction, until the contrary appears." *Id.*; *accord Renne v. Geary*, 501 U.S. 312, 316 (1991) (stating that courts "presume that federal courts lack jurisdiction unless the contrary appears affirmatively from the record").

As a result, the burden is on the plaintiff—the party invoking the federal court's jurisdiction—"clearly to allege facts *demonstrating that [she] is a proper party* to invoke judicial resolution of the dispute." *FW/PBS, Inc.*, 493 U.S. at 608 (citations omitted) (emphasis added). If a plaintiff fails to allege "facts essential to show jurisdiction," then she has "no standing" and the case must be dismissed. *Id.* (citation omitted); *see also Turner*, 4 U.S. at 10 (stating that a plaintiff must "set forth upon the record . . . the facts or circumstances which give jurisdiction").

Knowing a plaintiff's identity is essential for the Court to determine if she has standing to sue. A plaintiff must have suffered a judicially cognizable "concrete" and "particularized" injury that "actually exist[s]." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). Here, Plaintiff claims that she was a student at a Fairfax County middle school when she was allegedly harmed by Defendants. But that bare allegation is insufficient to establish standing without knowing who Plaintiff is. *See FW/PBS, Inc.*, 493 U.S. at 608 ("standing cannot be 'inferred argumentatively from averments in the pleadings' but rather 'must affirmatively appear in the record'") (citation omitted). Without knowing Plaintiff's actual identity, it would be impossible for this Court to assess whether she is a proper party to have filed this case—*i.e.*, whether she actually is the student whom counsel claims her to be. Here again, the question is not what

defendants may know when a lawsuit is filed but what the Court knows so that it can satisfy its jurisdictional gatekeeping responsibilities.

Unless and until the Court knows the plaintiff's identity, it is simply impossible to make the "threshold determina[tion]" that the plaintiff has standing and that a "case or controversy" exists. *Warth v. Seldin*, 422 U.S. 490, 517–18 (1975). As the Fourth Circuit recently held, such a jurisdictional defect is fatal: "[i]f a party does not have standing, then there is no federal jurisdiction, and 'the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *House*, 2019 WL 6492490, at *3 (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)); *see also id.* at *5 (holding that an amended pleading under the Federal Rules of Civil Procedure does not relate back to the date of the original filing when the court lacked Article III jurisdiction at the outset).

A plaintiff cannot assert that a federal court has jurisdiction and then hide behind a cloak of anonymity that prevents the court from satisfying itself that jurisdiction truly exists. *See FW/PBS, Inc.*, 493 U.S. at 230-31 (stating that "federal courts are under an independent obligation to examine their own jurisdiction," even if the parties do not raise the issue). The Court must know the plaintiff's identity to make that assessment. Because Plaintiff's failure to disclose her identity prevented this Court from being able to ascertain whether a "case or controversy" existed when the case was filed, her complaint failed to properly invoke the Court's jurisdiction.

## II. Anonymous plaintiffs cannot establish that the Court has subject-matter jurisdiction.

Failing to disclose the plaintiff's identity to the Court also prevents it from fulfilling its "independent obligation to determine whether subject-matter jurisdiction exists." *Hertz Corp.*, 559 U.S. at 94. In every case, this Court must satisfy itself that it has federal-question

jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. It is impossible to conclude that either jurisdictional basis exists when confronting an unidentified plaintiff.

To adequately allege federal-question jurisdiction, for instance, a plaintiff must "plead[] a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006); *see also* 28 U.S.C. § 1331. Alleging a violation of a federal statute is not enough to invoke this Court's jurisdiction—plaintiffs must also show that they are persons entitled to the relevant statute's protections. The parent of a student in a covered program, for example, does not have a claim for damages under Title IX. *Zamora v. N. Salem Cent. Sch. Dist.*, 414 F. Supp. 2d 418, 427 (S.D.N.Y. 2006). Without knowing the plaintiff's identity—and that she is who she claims to be—there is no way for the Court to ascertain that the plaintiff is entitled to relief under the federal statute in question.[2]

### III. Suing anonymously prevents the Court from determining that the suit is brought by the real party in interest.

A black-letter rule requiring putative plaintiffs to tell the Court their true identity also enables the Court to confirm that a real party exists. In *House*, for instance, the lawsuit was jurisdictionally defective because it was filed in the name of a dead person, and such a defect "cannot be cured" by substituting the personal representative of the estate. *House*, 2019 WL 6492490, at *1. If the Plaintiff were correct, however, the lawyers in *House* could have filed a "John Doe" complaint instead and then substituted the personal representative. Why should that maneuver avoid the statute-of-limitations bar when suing in the decedent's name did not?

---

[2] Curiously, the putative plaintiff's mother has filed a declaration in this case, ECF No. 40, Ex. E (filed under seal), but the prospective plaintiff herself has not. The mother is a not a party.

Requiring would-be plaintiffs to identify themselves upfront also reduces the risk of placeholder lawsuits and purely speculative complaints. For example, "suppose there were an air disaster and a down-on-his luck plaintiff's lawyer filed a John Doe suit hoping to find an estate client." Hearing Tr. 13 (Jan. 24, 2020). As this Court acknowledged, "[p]eople [file cases like that] in class actions all the time." *Id.* at 26. Of course, Congress has authorized class-action procedures where unnamed persons may be included in a class, but the class-representatives *themselves* must be known to and approved by the Court. *See* Fed. R. Civ. P. 23(a)(3)–(4). By contrast, Congress has not authorized the filing of anonymous or pseudonymous complaints. Indeed, no one would think that such an anonymous suit in the air-disaster hypothetical would properly invoke the Court's jurisdiction, let alone toll the limitations period for filing suit. Even Plaintiff's counsel agreed that plaintiffs "shouldn't" be filing cases that way. *Id.*[3]

But the rule applied here must account for that situation as well. To reduce both the opportunity and incentive for mischievous uses of John Doe filings—and to be faithful to the Article III rules that require federal courts to assure themselves of their jurisdiction from the outset—the Court, following cases like *Gibbs* and *Capers*, should hold that federal courts do not

---

[3] In fact, the air-disaster scenario was contemplated by the Rules Advisory Committee, which specifically rejected using Federal Rule 17 to permit such filings. *See* Statement on Behalf of the Advisory Comm. on Civil Rules, Ex. C at 18 (June 10, 1965) ("[Rule 17] should not be misunderstood or distorted. It is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made. It does not mean, for example, that, following an airplane crash in which all aboard were killed, an action may be filed in the name of John Doe (a fictitious person), as personal representative of Richard Roe (another fictitious person), in the hope that at a later time the attorney filing the action may substitute the real name of the real personal representative of a real victim, and have the benefit of suspension of the limitation period. It does not even mean, when an action is filed by the personal representative of John Smith, of Buffalo, in the good faith belief that he was aboard the flight, that upon discovery that Smith is alive and well, having missed the fatal flight, the representative of James Brown, of San Francisco, an actual victim, can be substituted to take advantage of the suspension of the limitation period."), https://www.uscourts.gov/file/14709/download.

7

acquire jurisdiction over a case unless and until the plaintiff discloses his or her true identity and obtains leave to proceed anonymously.

## IV. Requiring the plaintiff's identity as condition of jurisdiction advances the administration of justice.

Requiring that plaintiffs identify themselves to the court as a condition of establishing jurisdiction also serves other important policies that promote the proper administration of justice. For starters, "[o]ne of the essential qualities of a Court of Justice [is] that its proceedings should be public." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quoting *Daubney v. Cooper*, 109 Eng. Rep. 438, 441 (K.B. 1829)). Disclosing the parties to the proceeding "is an important dimension of publicness. The people have a right to know who is using their courts." *Id*. (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). Unless and until it is affirmatively authorized by the court, the plaintiff's "use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings.'" *Id.* (quoting *Does I Thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1067 (9th Cir. 2000)). A jurisdictional requirement that plaintiffs seek leave to proceed pseudonymously is part of the basic structure of democratic institutions. It promotes openness and publicness by ensuring that the use of pseudonyms remains a "rare dispensation," carefully overseen by the court. *Company Doe v. Public Citizen*, 749 F.3d 246, 273 (4th Cir. 2014).

The jurisdictional requirement also serves other important policy interests. For instance, an anonymous party cannot be held to account under Rule 11 for filing a pleading that is motivated by an "improper purpose" or that lacks "evidentiary support." *See* Fed. R. Civ. P. 11 (b)(1), (b)(3), 5(a). The requirements of Rule 11 and the penalties for violating it cannot reach anonymous plaintiffs, as a practical matter, until they first make their true identities known to the

8

tribunal. How can the Court sanction someone without knowing whom to sanction?[4] Similarly, a court cannot determine the claim- or issue-preclusive effects of a judgment on the plaintiff or those in privity with the plaintiff until the Court knows who the plaintiff is. *See, e.g.*, *LVNV Funding, LLC v. Harling*, 852 F.3d 367, 371 (4th Cir. 2017) (noting that *res judicata* requires that "the parties to the second matter are identical to, or in privity with, the parties in the first action").

Such requirements advance the interests of justice and promote respect for the rule of law. For instance, Rule 11 deters bad-faith and meritless claims; *res judicata* rules ensure judicial efficiency and protect defendants from having to defend more than once. Allowing a plaintiff to negate those protections by proceeding anonymously would undermine the administration of justice. It would also enable anonymous plaintiffs to evade the rule of law. These policy concerns reinforce the wisdom of requiring a plaintiff who wishes to proceed anonymously to first submit his or her true identity to the Court as a condition of establishing the Court's jurisdiction.

## CONCLUSION

Plaintiff filed her complaint under a pseudonym without first asking the Court's permission and without disclosing her true identity to the Court until months later, after the two-year limitations period expired on her Title IX and § 1983 claims. That anonymous complaint failed to properly invoke this Court's limited jurisdiction because, without knowing Plaintiff's true identity, there was no way for the Court to determine that a case or controversy existed or that the Court had jurisdiction over either the subject-matter or the person filing suit. Thus,

---

[4] Notably, the Individual School Defendants have expressly denied knowledge of anyone who could allege, without violating Rule 11, that they were aware of a student being sexually assaulted and did nothing to help. (ECF 75 at 2.)

Plaintiff has failed to carry her burden to show that this Court had jurisdiction when she commenced this litigation.  Moreover, the later filing or granting of her motion to proceed under a pseudonym (or requiring her to proceed under her real name) would not "relate back" to the original filing to save the federal claims from the statute-of-limitations bar.  As the Fourth Circuit recently made clear:  "[a] procedural rule cannot revive a lawsuit that a federal court lacks power to adjudicate at the outset." *House*, 2019 WL 6492490, at *5; *see also Capers*, 673 F. App'x at 595–96 (same).

Accordingly, the Court should dismiss the federal claims in Counts I and II with prejudice as time-barred and dismiss the remaining the State-law claims without prejudice.

Respectfully submitted,

FAIRFAX COUNTY SCHOOL BOARD


By: _____/s/_____
Stuart A. Raphael (VSB No. 30380)
Ryan M. Bates (VSB No. 74661)
Perie Reiko Koyama (*pro hac vice*)
Kelly R. Oeltjenbruns (*pro hac vice*)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington DC 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
sraphael@HuntonAK.com
rbates@HuntonAK.com
pkoyama@HuntonAK.com
koeltjenbruns@HuntonAK.com

*Counsel for Defendant Fairfax County School Board*

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2020, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record for all Parties.

By: /s/
Stuart A. Raphael (VSB No. 30380)