**IN THE UNITED STATES DISTRICT COURT IN THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| **JANE DOE**<br>　　　　　　　　**Plaintiff,**<br>v.<br><br>**FAIRFAX COUNTY SCHOOL BOARD; SYBIL TERRY; PHILIP A. HUDSON; TAMARA B. BALLOU; CHRISTIAN KORNEGAY; AUGUST FRATTALI; BRENDA HUMPHREY; MONIQUE PATWARY-FARUQUE; MEGAN CARR; FRANCIS TARRANT; JOANNE FRAUNDORFER; JENNA OFANO AND MIKE AND MARY ROES 1-15**<br>　　　　　　　　**Defendants.** | CASE NO.: 1:19-cv-00917 RDA TCB |

**PLAINTIFF'S MOTION AND MEMORANDUM OF LAW TO SEAL
PORTIONS OF THE COURT RECORD**

Plaintiff, Jane Doe, by and through her undersigned counsel and pursuant to Local Civil Rule 5(C), hereby files this Motion and Memorandum of Law to Seal Portions of the Court Record.

**I.　　INTRODUCTION**

This case involves the horrific sexual assault of Plaintiff. The facts and circumstances surrounding this case resulted in Fairfax County School Board entering into Consent Decree after a United States Department of Education investigation. After initiating suit, Plaintiff Moved for Leave to proceed pseudonymously. [ECF No. 38]. Defendants Opposed Plaintiffs' Motion. [ECF Nos. 62 - 65]. At the parties' January 23, 2020 oral argument, the Court requested supplemental briefing on the policy considerations for accepting or declining jurisdiction over Plaintiff's claims given that she filed her Complaint pseudonymously.

Accordingly, Plaintiff seeks to seal Exhibit A, the "Affidavit of Counsel in Further Support of Motion for Leave to Proceed Under a Pseudonym" and its accompanying Exhibits. This

Affidavit and its Exhibits contain information that could be used to identify Plaintiff. As set forth in Plaintiff's initial Motion to Seal, [ECF No. 39-2], Plaintiff has a significant interest in maintaining privacy regarding her sexual assaults. For the reasons discussed below, this interest outweighs any countervailing public interest in revealing her identity and the Affidavit and its Exhibits should therefore be sealed.

II.     **ARGUMENT**

The U.S. Supreme Court has recognized a common law right to inspect and copy judicial records and documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). However, this right of access to court records is not absolute. Trial courts have supervisory power over their own records and may use their discretion to seal documents "if the public's right of access is outweighed by competing interests." *See Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (internal quotation marks omitted). Before a district court can grant a motion to seal any court document, it must: (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives. *Id.* Furthermore, Local Civil Rule 5(C) requires any party filing a motion to seal to provide: (1) a non-confidential description of what is to be sealed; (2) a statement as to why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request; (3) references to governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied; and (4) a statement as to the period of time the party seeks to have the matter maintained under seal and as to how the matter is to be handled upon unsealing, unless permanent sealing is sought. Local Civil Rule 5(C) also provides that the party moving to seal shall

provide a proposed order that recites the findings required by governing case law to support the proposed sealing.

### A. Plaintiff's Interest in Maintaining Her Anonymity Outweighs Any Public Right of Access To Portions Of The Court Record In This Case

A trial court may use its discretion to seal a document "if the public's right of access is outweighed by competing interests." *See Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (internal quotation marks omitted). Here, the protection of Plaintiff's identity presents a compelling countervailing interest that merits the sealing of any documents that threaten to increase the likelihood that her identity will be revealed to the public. This specifically includes the Affidavit of Thomas Sweeney and its accompanying Exhibits. The Affidavit of Thomas Sweeney and its accompanying Exhibits sets forth the identity of Plaintiff to ensure that her proceeding under a pseudonym poses no risk of unfairness to the opposing parties. The Affidavit of Thomas Sweeney, Esquire is supported by Exhibits comprised of medical documentation from Plaintiff's physicians and therapist that corresponds to Exhibit A in Plaintiff's Brief in Opposition and reveals Plaintiff's identity. Providing this information will enable the Court and opposing parties to understand the importance of Plaintiff's ability to proceed pseudonymously. However, filing the Affidavit of Thomas Sweeney, Esquire and its accompanying Exhibits as a matter of public record would necessarily reveal the identity of Plaintiff, which she seeks to ensure privacy in this highly sensitive and personal matter. This case involves rapes and Defendants' humiliating mistreatment of Plaintiff in the aftermath. The Complaint includes private information including detailed accounts of multiple rapes, information about Plaintiff's SANE examination and results, and information about the emotional distress and her resulting impairment. Moreover, the Complaint details Defendants' actions which exacerbated the harm to Plaintiff after she reported the rape. Plaintiff deserves protection from having her identity linked with this matter because

litigants have strong privacy interests at stake in these types of matters relating to sexual health and mental illness. *See, e.g., Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997); *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992). District courts have recognized the private nature of claims by students accused of sexual misconduct due to the stigma associated with sexual misconduct; it would be misguided to decline the same protection to their victims, who often face the victim-blaming stigma placed on survivors of sexual violence. *See Doe v. The Rector and Visitors of George Mason U.*, 1:15-CV-209, 2016 WL 1574045, at *7 (E.D. Va. Apr. 14, 2016) (stating that "[t]here can be no doubt that the litigation here focuses on 'a matter of sensitive and highly personal nature.'"); *see also Doe v. Alger*, 5:15-CV-00035, 2016 WL 1273250, at *2 (W.D. Va. Mar. 31, 2016) (stating that the sexual misconduct for which the plaintiff was found responsible is sufficiently sensitive and personal to satisfy this factor).

The case for protecting Plaintiff's identity is particularly strong here, as Plaintiff would be retraumatized by having highly personal information publicly released about her horrifically painful story. Commentators have recognized that involuntarily disclosing the identity of rape victims results in real psychological harm to victims far more severe than "mere embarrassment." *See* Paul Marcus & Tara L. McMahon, *Limiting Disclosure of Rape Victims' Identities,* 64 S. Cal. L. Rev. 1020, 1032, 1037 (1991) (noting that "[r]esearch shows that for most victims the trauma caused by rape lasts a minimum of three years and, depending on the circumstances, can be permanent. . . . The ultimate value at stake has been described as human dignity, individuality, and autonomy, but the primary point is that control of personal information about oneself is the essence of privacy. The interest a wholly private individual has in keeping her name out of the public limelight while she recovers from the personal tragedy of rape lies at the heart of this right."). Furthermore, public identification poses a real risk of retaliatory physical and mental harm to

Plaintiff, as well as harm to innocent non-parties. It is possible that Plaintiff's former schoolmates could engage in retaliation and revictimization after learning her identity. Given the nature of the allegations in the Complaint, public identification would almost certainly follow Plaintiff to her current school. Plaintiff seeks to avoid the potential humiliation by current students, professors, and administrators who could learn intimate details about her rapes, her medical conditions, and other personal information contained in the Complaint.[1] It is also possible that former RCMS students or current FCPS administrators would retaliate -- as they have done in the past and Plaintiff has detailed in her Complaint.

This Court previously acknowledged "the fact that accusations of [sexual misconduct] inspire passionate responses and have severe ramifications is reflected in the anonymity afforded to the accusers and the accused when participating in [the University's] disciplinary proceedings." *Doe v. The Rector and Visitors of George Mason U.*, 1:15-CV-209, 2016 WL 1574045, at *7 (E.D. Va. Apr. 14, 2016). This Court has noted the importance of pseudonyms in sexual misconduct cases, stating that the denial of anonymity "could have the effect of chilling the reporting of sexual misconduct. Specifically, [the University's] position on the use of pseudonyms here leaves accusers with no guarantee that their privacy will not be stripped away if the accused proceeds to litigation following an adverse sexual misconduct adjudication. Without a guarantee of privacy, some sexual misconduct victims may not report at all." *Id.*

As a result of the highly sensitive and personal nature of this matter, as well as the risk of harm to Plaintiff, the public's right of access is outweighed by Plaintiff's interest in protecting her identity.

---

[1] This Court has also noted the particular importance of the pseudonym option in today's day and age "[g]iven the increase in public access to court docket sheets via electronic means. . ." *Patient v. Corbin*, 37 F. Supp. 2d 433, 434 (E.D. Va. 1998).

    **B.    Sealing is Necessary Because Plaintiff Would Not Be Sufficiently Protected by Any Less Drastic Alternative to Sealing.**

Prior to sealing any documents, the Court is required to consider less drastic alternatives to sealing. *See Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (internal quotation marks omitted). Here, sealing the Affidavit of Thomas Sweeney and its Exhibits provides the narrowest possible relief to protect Plaintiff's identity while still respecting the presumption that favors public access. *See id.* A protective order sealing only the Affidavit of Counsel and its Exhibits is a narrowly tailored solution that allows the public continued access to all portions of the Court record while, at the same time, protecting the identify of an individual who has already suffered extreme hardship, and stands to suffer future humiliation and retaliation as a result of further exposure.

**III.    <u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff respectfully requests that the Court issue a protective order sealing Exhibit A, the "Affidavit of Counsel in Further Support of Motion for Leave to Proceed Under a Pseudonym" and its accompanying Exhibits. Plaintiff specifically requests a permanent seal.

    Respectfully Submitted,

    */s/ Thomas N. Sweeney*
    **MESSA & ASSOCIATES, P.C.**
    Thomas N. Sweeney (VSB No. 94276)
    Joseph L. Messa, Jr. (VSB No. 94393)
    Counsel for Plaintiff

Dated: February 7, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2020, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to counsel of record for all parties.

*/s/ Thomas N. Sweeney*
**MESSA & ASSOCIATES, P.C.**
Thomas N. Sweeney (VSB No. 94276)
Counsel for Plaintiff