IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| B.R., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Civil Action No. 1:19-cv-00917 |
| F.C.S.B., *et al.* | ) |
| | ) |
| Defendants. | ) |
| | ) |

## **M.C.'s ANSWER AND AFFIRMATIVE TO AMENDED COMPLAINT**

Defendant M.C., by counsel, answers the allegations in the Amended Complaint as follows:

## **Introduction**

1.      This case involves the horrible mistreatment of 12-year-old student, [B.R.], by officials in Fairfax County Public Schools ("FCPS").

Denied.

2.      [B.R.], a former honor roll student, made specific and repeated complaints to FCPS administrators about the horrific environment and the discrimination she suffered. She begged them for help.

> M.C. denies the factual allegations in paragraph 2 as to herself.  M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 2.

3.      She told them that she was "scared to come to school."

> M.C. denies the factual allegations in paragraph 3 as to herself.  M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 3.

4.      Deliberately indifferent to her complaints, they did nothing.

M.C. denies the factual allegations in paragraph 4 as to herself.  M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 4.

5.     Worse, presented with credible and compelling allegations of abuse by other students, FCPS officials retaliated against [B.R.] by falsely insinuating to her parents that she was to blame for her mistreatment.

M.C. denies the factual allegations in paragraph 5 as to herself.  M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 5.

6.     [B.R.] now expects to endure the same mistreatment at the hands of FCPS officials that she faced when she was 12-years old.

M.C. has no knowledge of what Plaintiff allegedly expects.  M.C. otherwise denies the factual allegations in paragraph 6.

7.      She knows they will attack her.

M.C. lacks knowledge or information sufficient to form a belief about the truth of what Plaintiff allegedly knows.  M.C. otherwise denies the factual allegations in paragraph 7.

8.     She knows they will blame her.

M.C. lacks knowledge or information sufficient to form a belief about the truth of what Plaintiff allegedly knows.  M.C. otherwise denies the factual allegations in paragraph 8.

9.     They have already done that.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the vague statement in paragraph 9.  To the extent that paragraph 9 contains any factual allegation, it is denied.

10.     She is proceeding with this case anyway.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the vague statement in paragraph 10.  To the extent that paragraph 10 contains any factual allegation, it is denied.

11.     [B.R.] brings this civil rights case because she was raped, sexually assaulted,

sexually harassed, terrorized, extorted, bullied, and threatened with death by other students at

the Rachel Carson Middle School from October 2011 until February 2012.

> M.C. lacks knowledge or information sufficient to form a belief about the truth of why
> Plaintiff allegedly brings this action, the civil rights claim in which has been dismissed.
> M.C. otherwise denies the factual allegations in paragraph 11.

12.     Matters worsened for [B.R.] after FCPS school officials got involved.

> M.C. lacks knowledge or information sufficient to form a belief about the truth of the
> vague statement in paragraph 12.

13.     After FCPS administrators deflected, minimized, and ignored [B.R.]'s serious

complaints, and blamed her for her mistreatment, her attackers were emboldened.

> M.C. denies the factual allegations in paragraph 13 as to herself.  M.C. otherwise lacks
> knowledge or information sufficient to form a belief about the truth of the factual
> allegations in paragraph 13.

14.     As a result of this deliberate indifference to [B.R.]'s suffering, FCPS subjected

seventh-grader [B.R.] to life-altering trauma which she endured daily at the Rachel Carson

Middle School ("RCMS")

> Denied.

15.     When [B.R.] reported being sexually harassed, the school's assistant principal

brushed off her complaint as a "boy-girl thing."

> M.C. denies the factual allegations in paragraph 15 as to herself.  M.C. otherwise lacks
> knowledge or information sufficient to form a belief about the truth of the factual
> allegations in paragraph 15.

16.     The school's assistant principal failed to stop [B.R.]'s assailant and, instead, told

her not to "ruin a young man's life."

> M.C. denies the factual allegations in paragraph 16 as to herself.  M.C. otherwise lacks
> knowledge or information sufficient to form a belief about the truth of the factual
> allegations in paragraph 16.

17.     The School's Assistant Principal turned [B.R.]'s assailant into the victim and

discredited [B.R.]'s reports to her parents and other officials.

> M.C. denies the factual allegations in paragraph 17 as to herself.  M.C. otherwise lacks
> knowledge or information sufficient to form a belief about the truth of the factual
> allegations in paragraph 17.

18.     When [B.R.] reported to administrators that she began receiving death threats,

one school official shockingly told her that the threats were "just something kids say."

> M.C. denies the factual allegations in paragraph 18 as to herself.  M.C. otherwise lacks
> knowledge or information sufficient to form a belief about the truth of the factual
> allegations in paragraph 18.

19.     After [B.R.] advised one teacher that another student had sexually assaulted her

"down there," the teacher forced her to sit next to her assailant in class.

> M.C. lacks knowledge or information sufficient to form a belief about the truth of the
> allegations in paragraph 19.

20.     After [B.R.] began receiving in-home education she reported being raped at a bus

stop by another middle school student, the FCPS did not do anything at all.

> M.C. denies the factual allegations in paragraph 20 as to herself.  M.C. otherwise lacks
> knowledge or information sufficient to form a belief about the truth of the allegations in
> paragraph 20.

21.     FCPS permitted [B.R.]'s assailant to remain in school, on campus, while

simultaneously instigating a smear campaign against [B.R.] in communications with [B.R.]'s

parents, [B.R.]'s peers at school, and [B.R.]'s educators at her grade school.

> M.C. denies the factual allegations in paragraph 21 as to herself.  M.C. otherwise lacks
> knowledge or information sufficient to form a belief about the truth of the allegations in
> paragraph 21.

22.     This case is not about some "public school playground incident," but one which

rises to the level of a constitutional violation actionable under 42 U.S.C. § 1983.  *Cf. Waybright v.*

*Frederick Cty.*, 528 F.3d 199, 208 (4th Cir. 2008).

M.C. lacks knowledge or information sufficient to form a belief about the truth of what Plaintiff alleges this case to be about.  M.C. otherwise denies the factual allegation that this case is actionable under 42 U.S.C. § 1983.

23.     FCPS' misconduct created a tortuous environment at the Rachel Carson Middle School which lasted months causing [B.R.] to suffer permanent physical, neurological, emotional, and psychological injuries for which she requires ongoing medical and psychiatric care

Denied.

24.     The actions of the FCPS were so reprehensible that it entered into a Voluntary Resolution Agreement with the United States Department of Education to resolve issues raised by [B.R.] in an Administrative Complaint she filed with the Office of Civil Rights ("OCR Complaint").

The terms of the alleged Voluntary Resolution Agreement speak for themselves.  To the extent that the factual allegations contained in paragraph 24 conflict with the terms of the alleged Voluntary Resolution Agreement, those allegations are denied.

25.     Pursuant to the Voluntary Resolution Agreement, FCPS agreed to make a series of significant changes to its policies, procedures, and practices to comply with Title IX of the Education Amendments of 1972 ("Title IX").

The terms of the alleged Voluntary Resolution Agreement speak for themselves.  To the extent that the factual allegations contained in paragraph 25 conflict with the terms of the alleged Voluntary Resolution Agreement, those allegations are denied.

26.     In a supplemental filing to the U.S. Department of Education, Plaintiff advised of additional instances of rape, anal rape, and physical assault with weapons she endured, as well as death threats directed to her and her entire family.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 26.

27.     The Voluntary Resolution Agreement, however, did not address [B.R.]'s life-long

and permanent physical and psychological injuries.

> The terms of the alleged Voluntary Resolution Agreement speak for themselves.  To the
> extent that the factual allegations contained in paragraph 27 conflict with the terms of the
> alleged Voluntary Resolution Agreement, those allegations are denied.

28.     Under the Voluntary Resolution Agreement, FCPS was required to provide

[B.R.] written notice of the outcome of the investigation and any remedial steps it would take to

correct the recurrence of the sexually hostile environment at Rachel Carson Middle School.

> The terms of the alleged Voluntary Resolution Agreement speak for themselves.  To the
> extent that the factual allegations contained in paragraph 28 conflict with the terms of the
> alleged Voluntary Resolution Agreement, those allegations are denied.

29.     FCPS never supplied any such information to [B.R.].

> M.C. lacks knowledge or information sufficient to form a belief about the truth of the
> factual allegations in paragraph 29.

30.     In the Voluntary Resolution Agreement, the United States Department of

Education and the FCPS expressly acknowledged [B.R.]'s "right to file a private suit in federal

court."

> The terms of the alleged Voluntary Resolution Agreement speak for themselves.  To the
> extent that the factual allegations contained in paragraph 30 conflict with the terms of the
> alleged Voluntary Resolution Agreement, those allegations are denied.

31.     Through this Complaint, Plaintiff seeks money damages under 42 U.S.C. 1983

and 20 U.S.C. §§1681-1688. Plaintiff also raises supplemental state law claims against [C.K.],

[J.O.], [A.F.], [S.T.], [P.H.], [T.B.], [B.H.], [J.F.], [M.C.], [M.P.F.], and [F.T.].

> The Amended Complaint speaks for itself.

32.     Contemporaneous with the filing of this Amended Complaint, [B.R.] has moved

to proceed under a pseudonym.

> Admitted.

## Jurisdictional Allegations

33.     The Court has federal subject matter jurisdiction in this action pursuant to 28

U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States of America,

including Title IX, 20 U.S.C. §§1681-1688, 42 U.S.C. §1983, 42 U.S.C. § 1985 and the United

States Constitution.

> This paragraph alleges several legal conclusions as to which no response is required.
> M.C. has challenged subject matter jurisdiction based on Plaintiff's failure to request and
> to obtain permission to proceed under a pseudonym before filing this action, and she
> asserts that defense in response to the allegations in paragraph 33.

34.     Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over

Plaintiff's additional claims under state law because Plaintiff's state law claims arise out of a

common nucleus of operative facts.

> M.C. challenged supplemental jurisdiction over Plaintiff's state law claims, and she asserts
> that challenge in response to the allegations in paragraph 34.

35.     Venue is proper in the Eastern District of Virginia because Plaintiff's claims arise

primarily from unlawful conduct occurring in Fairfax County, Virginia.

> Paragraph 35 states a legal conclusion as to which no response is required.  To the extent
> that paragraph 35 states any factual allegation, it is denied.

## Parties

36.     Plaintiff, **Jane Doe** (fictitious and anonymous name) is an adult individual and

citizen of the United States of America.

> M.C. admits that "Jane Doe" is a fictitious and anonymous name.  M.C. otherwise lacks
> knowledge or information sufficient to form a belief about the truth of the allegations in
> paragraph 36.

37.     Plaintiff's name and address is not contained in this Complaint to protect the

privacy and identity of [B.R.], who incurred serious physical, neurological, psychiatric, and

emotional injuries and damages of a sensitive nature as a result of the intentional, reckless, and

outrageous acts and failures of Defendants as outlined below.  Information which could identify

[B.R.] is not contained herein.

> M.C. admits that Plaintiff's name and address is not alleged in the Amended Complaint
> and that information that could identify as the alleged plaintiff any student or former
> student at RCMS is not contained in the Amended Complaint.  M.C. otherwise lacks
> knowledge or information sufficient to form a belief about the truth of the allegations in
> paragraph 37.

> 38.     Good cause exists for Plaintiff to use a pseudonym due to the harmful effect of the

public disclosure of her identity and the harm inflicted by defendants to [B.R.]. All Defendants

are or should be aware of Plaintiff's identity and suffer no prejudice by reason of concealing

Plaintiff's identity in the Complaint and public records filed with the Court.

> Denied.

> 39.     Plaintiff seeks to proceed as a [B.R.] in this case because of the FCPS' prior

betrayal of the promises to protect her anonymity.

> M.C. lacks knowledge or information sufficient to form a belief about the truth of why
> Plaintiff allegedly seeks to proceed as pseudonymously.  M.C. otherwise denies the factual
> allegations in paragraph 39.

> 40.     It is believed, and therefore averred, that the School District will argue to this

Court that her case should be dismissed because she has not identified herself by her real name.

> M.C. lacks knowledge or information sufficient to form a belief about the truth of what
> Plaintiff allegedly believes.

> 41.     But they know who she is.

> M.C. lacks knowledge or information sufficient to form a belief about the truth of the
> vague statement in paragraph 41.

> 42.     They knew when she first informed them of her initial mistreatment.

> M.C. lacks knowledge or information sufficient to form a belief about the truth of the
> vague statement in paragraph 42.

> 43.     They know her name now.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the vague statement in paragraph 43.

44.     The Defendants previously promised to protect her anonymity.

M.C. denies the factual allegations in paragraph 44 as to herself.  M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of the vague statement in paragraph 44.

45.     After making her initial written statement to school officials in 2011, FCPS

officials immediately told her attackers and betrayed the promise to keep her identity private.

M.C. denies the factual allegations in paragraph 45 as to herself.  M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45.

46.     This betrayal caused [B.R.] to endure additional harassment and abuse.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the vague assertion in paragraph 46.

47.     They retaliated against her before and exposed her identity to her assailants.

M.C. denies the factual allegations in paragraph 47  as to herself.  M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47.

48.     The officials with the FCPS knew who she was when they informed her attackers

that she had filed a complaint with the school.

M.C. denies the factual allegations in paragraph 48 as to herself.  M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48.

49.     They knew who she was when [B.R.] made her report to the Office of Civil

Rights of the United States Department of Education.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the vague statement in paragraph 49.

50.     They knew her name when the U.S. Department of Education investigated her

complaints about the FCPS.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the vague statement in paragraph 50.

51.     They knew who she was when the FCPS responded to the Office of Civil Rights Complaint.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the vague statement in paragraph 51.

52.     They knew who she was when the FCSB entered into a Voluntary Resolution Agreement with the Office of Civil Rights.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the vague statement in paragraph 52.

53.     They know who she is now.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the vague statement in paragraph 53.

54.     Notably, FCPS officials directed teachers to use pseudonyms to refer to [B.R.] in internal communications about her.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the vague statement in paragraph 54.

55.     To claim that this Court lacks jurisdiction because [B.R.] has not used her real name in the caption of this case, is a procedural gimmick.

Denied.

56.     But [B.R.]'s use of a pseudonym is not a gimmick.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the vague statement in paragraph 56.

57.     Given the reprisals and retaliation [B.R.] previously endured because the School District revealed her identity, she is terrified that the School District will again attempt to hurt her.

M.C. denies the factual allegations in paragraph 57 as to herself.  M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57.

58.     She believes they will do it again and their insistence that she reveal her identity on a federal docket available to the whole world on the internet confirms [B.R.]'s greatest suspicions.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the vague allegations of what Plaintiff believes or suspects.  M.C. otherwise denies that the rules of procedure applicable in federal court have anything to do with any individual plaintiff's subjective suspicions.

59.     **Defendant Fairfax County School Board** ("FCSB") is a public school board that is responsible for the operation, management, and oversight of the public education system of the Fairfax County Public Schools ("FCPS"). Defendant FCSB is the public body "that governs [the] school division" of FCPS, within the meaning of Va. Code Ann. § 22.1-1, VA. Const., Art. VIII, § 7 ("The supervision of schools in each school division shall be vested in a school board"), Va. Code Ann. § 22.1-28 ("supervision of schools in each school division shall be vested in a school board"), and Va. Code Ann. § 22.1-71 (stating that the "school board" is the "body corporate" with the power to "sue" and "be sued"). The FCSB is the "body corporate" for the FCPS and is vested with all the powers and charged with all the duties, obligations, and responsibilities imposed upon FCPS.

Paragraph 59 states legal conclusions as to which no response is required.

60.     As the corporate body for FCPS, Defendant FCSB is a recipient of federal financial assistance within the meaning of 20 U.S.C. § 1681(a).

Paragraph 60 states a legal conclusion as to which no response is required.

61.     Defendant FCSB provided educational, supervisory, and childcare services to children directly and through Fairfax County Public Schools, including the Rachel Carson

Middle School, its principals, vice principals, teachers, staff, and other personnel, including, but

not limited to defendants, [A.F.], [S.T.], [P.H.], [T.B.], [B.H.], [J.F.], [M.C.], [M.P.F.], and

[F.T.], who acted as its agents, ostensible agents, servants and/or employees.

Paragraph 61 states legal conclusions as to which no response is required.

62.     Defendant, **[C.K.]**, is an adult individual residing at 2405 Tatnuck Court in

Herndon, Virginia 20171.

M.C. admits that C.K. is an adult individual.  M.C. otherwise lacks knowledge or
information sufficient to form a belief about the truth of the factual allegations in
paragraph 62.

63.     At all times material, [C.K.] was a minor, [B.R.]'s peer, and a student at

Rachel Carson Middle School ("the middle school"), located at 13518 McLearen Road in

Herndon, Virginia 20171.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the
factual allegations in paragraph 63.

64.     Defendant, **[J.O.]**, is an adult individual residing at 13611 Floris Street in

Herndon, Virginia 20171.

M.C. admits that J.O. is an adult individual.  M.C. otherwise lacks knowledge or
information sufficient to form a belief about the truth of the factual allegations in
paragraph 64.

65.     At all times material, [J.O.] was a minor and a student with Plaintiff at the middle

school.

M.C. lacks knowledge or information sufficient to form a belief about the truth of what
time Plaintiff alleges to be material.

66.     Defendant, **[P.H.]** ("Assistant Principal [P.H.]") is, at all times material, an adult

individual and Assistant Principal and/or educator at the middle school and maintains a personal

address and residence at 14803 Haymarket Lane in Centerville, Virginia 20152.  At all times

material hereto, Mr. [P.H.] was acting as an employee, agent, servant and/or ostensible agent of Fairfax County School Board.

> M.C. lacks knowledge or information sufficient to form a belief about the truth of what time Plaintiff alleges to be material.  M.C. admits that P.H. was formerly an Assistant Principal at Rachel Carson Middle School.  The second sentence of paragraph 66 states legal conclusions as to which no response is required.

67.    Defendant, **[A.F.]** ("Principal [A.F.]") is, at all times material, an adult individual and Principal, and/or educator at the middle school and maintains a personal address and residence at 42448 Leesylvania Court, in Ashburn, Virginia 20148. At all times material hereto, Principal [A.F.] was acting as an employee, agent, servant and/or ostensible agent of Fairfax County School Board.

> M.C. lacks knowledge or information sufficient to form a belief about the truth of what time Plaintiff alleges to be material.  M.C. otherwise admits that A.F. was formerly the Principal of Rachel Carson Middle School.  The second sentence of paragraph 67 states legal conclusions as to which no response is required.

68.    Defendant, **[S.T.]** ("Assistant Principal [S.T.]") is, at all times material, an adult individual and Assistant Principal, and/or Educator at the middle school and maintains a personal address and residence at 47 Eisentown Drive, Lovettsville in Virginia, 20180. At all times material hereto, Principal [S.T.] was acting as an employee, agent, servant and/or ostensible agent of Fairfax County School Board.

> M.C. lacks knowledge or information sufficient to form a belief about the truth of what time Plaintiff alleges to be material.  M.C. otherwise admits that S.T. is an Assistant Principal at Rachel Carson Middle School.  The second sentence of paragraph 68 states legal conclusions as to which no response is required.

69.    Defendant, **[T.B.]** ("Assistant Principal [T.B.]") is, at all times material, an adult individual and Assistant Principal, and/or Educator at the middle school and maintains a personal address and residence at 1506 Crane Street in Falls Church, Virginia 22046.  At all

times material hereto, Assistant Principal [T.B.] was acting as an employee, agent, servant

and/or ostensible agent of Fairfax County School Board.

> M.C. lacks knowledge or information sufficient to form a belief about the truth of what time Plaintiff alleges to be material.  M.C. otherwise admits that T.B. was formerly an Assistant Principal at Rachel Carson Middle School.  The second sentence of paragraph 69 states legal conclusions as to which no response is required.

70.    Defendant, **[B.H.]** ("Counselor [B.H.]") is, at all times material, an adult

individual and guidance counselor of the middle school and maintains an office at defendant,

Fairfax County Public Schools, Gatehouse Administrative Center, 8115 Gatehouse Road in Falls

Church, Virginia 22042.  At all times material hereto, Counselor [B.H.] was acting as an

employee, agent, servant and/or ostensible agent of Fairfax County School Board.

> M.C. lacks knowledge or information sufficient to form a belief about the truth of what time Plaintiff alleges to be material.  M.C. admits that B.H. is a guidance counselor at Rachel Carson Middle School.  M.C. otherwise denies the factual allegations contained in the first sentence of paragraph 70.  The second sentence of paragraph 70 states legal conclusions as to which no response is required.

71.    Defendant, **[J.F.]** ("Counselor [J.F.]") is, at all times material, an adult individual

and guidance counselor of the middle school and maintains an office at defendant, Fairfax

County Public Schools, Gatehouse Administrative Center, 8115 Gatehouse Road in Falls

Church, Virginia 22042.  At all times material hereto, Counselor [J.F.] was acting as an

employee, agent, servant and/or ostensible agent of Fairfax County School Board.

> M.C. lacks knowledge or information sufficient to form a belief about the truth of what time Plaintiff alleges to be material.  M.C. admits that J.F. is a counselor at Rachel Carson Middle School.  M.C. otherwise denies the allegations contained in the first sentence of paragraph 71.  The second sentence of paragraph 71 states legal conclusions as to which no response is required.

72.    Defendant, **[M.C.]** ("Mrs. [M.C.]") is, at all times material, an adult individual

and educator of the middle school and maintains an office at defendant, Fairfax County Public

Schools, Gatehouse Administrative Center, 8115 Gatehouse Road in Falls Church, Virginia

22042.  At all times material hereto, Mrs. [M.C.] was acting as an employee, agent, servant

and/or ostensible agent of Fairfax County School Board.

> M.C. lacks knowledge or information sufficient to form a belief about the truth of what time Plaintiff alleges to be material.  M.C. admits that she is an educator at Rachel Carson Middle School.  M.C. otherwise denies the allegations contained in the first sentence of paragraph 72.  The second sentence of paragraph 72 states legal conclusions as to which no response is required.

73.    Defendant, **[M.P.F.]** ("Mrs. [M.P.F.]") is, at all times material, an adult

individual and educator of the middle school and maintains an office at defendant, Fairfax

County Public Schools, Gatehouse Administrative Center, 8115 Gatehouse Road in Falls

Church, Virginia 22042. At all times material hereto, Mrs. [M.P.F.] was acting as an employee,

agent, servant and/or ostensible agent of Fairfax County School Board.

> M.C. lacks knowledge or information sufficient to form a belief about the truth of what time Plaintiff alleges to be material.  M.C. admits that M.P.F. was formerly a teacher at Rachel Carson Middle School.  M.C. otherwise denies the allegations contained in the first sentence of paragraph 73.  The second sentence of paragraph 73 states legal conclusions as to which no response is required.

74.    Defendant, **[F.T.]** ("Mr. [F.T.]") is, at all times material, an adult individual

and educator of the middle school and maintains an office at defendant, Fairfax County Public

Schools, Gatehouse Administrative Center, 8115 Gatehouse Road in Falls Church, Virginia

22042.  At all times material hereto, Mr. [F.T.], was acting as an employee, agent, servant

and/or ostensible agent of Fairfax County School Board.

> M.C. lacks knowledge or information sufficient to form a belief about the truth of what time Plaintiff alleges to be material.  M.C. admits that F.T. was formerly an educator at Rachel Carson Middle School.  M.C. otherwise denies the allegations contained in the first sentence of paragraph 74.  The second sentence of paragraph 74 states legal conclusions as to which no response is required.

75.    FCPS is responsible for the policies, procedures, practices, and training of the

principals, vice principals, teachers, staff, and other personnel, including, but not limited to

defendants, [A.F.], [S.T.], [P.H.], [T.B.], [B.H.], [J.F.], [M.C.], [M.P.F.], and [F.T.], under the employ of the Fairfax County Public Schools.

Paragraph 75 states legal conclusions as to which no response is required.

76. FCPS is responsible for the actions and omissions of its principals, vice principals, teachers, staff, and other personnel under its employ.

Paragraph 76 states legal conclusions as to which no response is required.

77. Defendants [A.F.], [S.T.], [P.H.], [T.B.], [B.H.], [J.F.], [M.C.], [M.P.F.], and [F.T.], were at all times relevant to this complaint, duly appointed and acting as educators, employees, agents, and/or servants on behalf of the Fairfax County Public Schools, acting under the color of law and under the statutes, ordinances, regulations, policies, customs, and usages of the Commonwealth of Virginia.

Paragraph 77 states legal conclusions as to which no response is required.

78. At all times relevant hereto, Defendants [A.F.], [S.T.], [P.H.], [T.B.], [B.H.], [J.F.], [M.C.], [M.P.F.], and [F.T.] were responsible for educating, safeguarding, and protecting students of RCMS from harm, including from the conduct of other RCMS students.

Paragraph 78 states legal conclusions as to which no response is required.

79. At all times relevant hereto, defendants, [A.F.], [S.T.], [P.H.], [T.B.], [B.H.], [J.F.], [M.C.], [M.P.F.], and [F.T.], were acting within the course and scope of their employment with RCMS and/or FCPS.

Paragraph 79 states legal conclusions as to which no response is required.

80. Defendants, [A.F.], [S.T.], [P.H.], [T.B.], [B.H.], [J.F.], [M.C.], [M.P.F.], and [F.T.], are being sued in their individual and official capacities.

Denied.

16

81.     The FCSB educators, administrators and principals were responsible to provide a safe and enabling learning environment for Miss [B.R.] that was free of discrimination and harassment based on her sex, which they failed to do, thus breaching their constitutional, statutory, fiduciary, and common law duties to the Plaintiff.

Denied.

82.     Defendants, FCSB, [A.F.], [S.T.], [P.H.], [T.B.], [B.H.], [J.F.], [M.C.], [M.P.F.], and [F.T.] not only failed to provide a safe learning environment for [B.R.], but also failed to stop and/or prevent harm to students, including [B.R.], despite knowing of the sexual harassment and verbal and physical abuse to which other students subjected [B.R.].

Denied.

83.     Defendants, Mike/Mary Roes, Nos. 1-15 are unknown students of the middle school and other individuals who, upon information and belief, and at all times relevant and material hereto, participated in the physical and sexual assaults, rapes, and/or gang rapes of Miss [B.R.].

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 83.

84.     Plaintiff avers state law claims and complied with all requirements of the Virginia Tort Claims Act.

Paragraph 84 states legal conclusions as to which no response is required.

**Alleged Facts**

85.     The FCPS claims publicly that "it does not tolerate acts of sexual or gender-based harassment."

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 85.

86.     That is untrue.

17

M.C. lacks knowledge or information sufficient to form a belief about the truth of the
vague statement in paragraph 86.

87.　　The FCPS also falsely boasts that it is "committed to conducting a prompt,
thorough and impartial investigation" of reports of sexual harassment.

M.C. denies the allegations contained in paragraph 87.

88.　　The FCPS Anti-Harassment Statement also provides: "If the investigation reveals
that sexual harassment created a sexually hostile environment PCPS will take prompt and
effective steps to end the harassment, eliminate the hostile environment and prevent its
recurrence, including …. protect[ing] the complainant and ensur[ing] her safety."

The terms of the alleged Anti-Harassment Statement speak for themselves.

89.　　In this case, the FCPS not only failed to take steps to protect [B.R.] and ensure
her safety, it took affirmative steps to ensure that [B.R.] would endure repeated and ongoing
sexual assaults.

Denied.

90.　　This matter involves peer-to-peer physical assault and bullying while [B.R.] was a
student at the Rachel Carson Middle School from October, 2011 through February, 2012.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the
factual allegations in paragraph 90.

91.　　During the 2011-2012 school year, [B.R.], was a seventh-grade student in the
care, custody, and control of FCPS.

Paragraph 91 appears to state legal conclusions as to which no response is required.  To
the extent that paragraph 91 can be read to contain any factual allegation, M.C. lacks
knowledge or information sufficient to form a belief about the truth of such allegation or
allegations.

92.　　Beginning on or about October 30, 2011, [B.R.] fended off the unwelcomed
sexual advances of her peer, David Neill.

18

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 92.

93.     [B.R.]'s peers then began spreading rumors at RCMS that she was sexually promiscuous and that she gave "blow jobs" and "hand jobs."

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 93.

94.     [B.R.]'s peers called her names, stating that she was a "slut," "whore," "hoe," "lesbian," and "bi-sexual."

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 94.

95.     When [B.R.] arrived to RCMS on the morning of October 31, 2011, male students surrounded her at her locker before her first period class, called her names, thrusted their pelvises at her, and made unwelcomed sexual advances towards her.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 95.

96.     On or about November 1, 2011, [B.R.] reported to her teachers and to RMCS' hallway monitors stationed at or near her locker, that a group of teenage boys called her names, touched her, hurt her, and made her feel uncomfortable when she went to her locker.

M.C. denies the factual allegations in paragraph 96 as to herself.  M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 96.

97.     Male students at RCMS accosted [B.R.] at her locker before her first period class and in between her classes.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 97.

98.     [B.R.]'s peers fondled her and placed their hands under her shirt, down her pants, up her skirt, made lewd sexual comments to her, teased her, and threatened her.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 98.

99.     [B.R.] feared going to her locker to get textbooks for her classes.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 99.

100.     The boys' unwelcomed sexual touching and harassment of [B.R.] prevented her from getting to class on time.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 100.

101.     On or about November 1, 2011, when the seventh-grade honor student [B.R.] reported to her homeroom teacher, [M.C.], that she was tardy because she was being "hurt" by other students at her locker.

Denied.

102.     Mrs. [M.C.] did nothing to help Miss [B.R.].

Denied.

103.     Deliberately indifferent, Mrs. [M.C.] did not investigate [B.R.]'s report.

M.C. denies that the allegation that she was deliberately indifferent to Plaintiff.  M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 103.

104.     After homeroom, [B.R.]'s male peers followed her into the hallway.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 104.

105.     Plaintiff's peers surrounded, touched, and called her names when she changed classes or returned to her locker to change textbooks.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 105.

106.     [B.R.]'s science teacher, [F.T.], monitored the hallway near Miss [B.R.]'s locker.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 106.

107.    Defendant [F.T.] witnessed students' abuse and harass [B.R.] at her locker.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 107.

108.    In fact, [B.R.] frequently asked Mr. [F.T.] for help opening her locker to deter her male assailants.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 108.

109.    Deliberately indifferent, Mr. [F.T.] did nothing to help [B.R.] and did not investigate or discipline [B.R.]'s assailants.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 109.

110.    On or about November 1, 2011, [B.R.] told her history teacher, [M.P.F.], that she felt unsafe and was bullied in the hallways.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 110.

111.    Deliberately indifferent, Ms. [M.P.F.] did not investigate [B.R.]'s report of feeling unsafe or being bullied.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 111.

112.    School officials, however, instructed [B.R.] to seek help from the guidance counselor, [B.H.].

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 112.

113.    Deliberately indifferent, Counselor [B.H.] told [B.R.] that she was "too busy" to meet.

21

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 113.

114.    Counselor [B.H.] advised [B.R.] to return the following day.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 114.

115.    [B.R.]'s peers harassed her at school the next day, and she returned to Counselor

[B.H.]'s office seeking protection from her peers.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 115.

116.    [B.R.] asked to speak with Counselor [B.H.] because she was afraid to walk the

hallways at RCMS and needed help.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 116.

117.    Again, deliberately indifferent, Counselor [B.H.] was unavailable to speak with

[B.R.].

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 117.

118.    Later that week, [B.R.] observed Counselor [B.H.] in the hallways of RCMS and

told Mrs. [B.H.] she felt unsafe at RCMS and needed help.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 118.

119.    Even after that, Counselor [B.H.] made no effort to meet with [B.R.].

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 119.

120.    [B.R.] repeatedly sought out and begged Counselor [B.H.] for help.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 120.

121.    Deliberately indifferent, Counselor [B.H.] did nothing.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 121.

122.    After Counselor [B.H.] repeatedly ignored [B.R.]'s pleas for help, [B.R.] returned to the student services office and asked to speak with another FCPS guidance counselor.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 122.

123.    [B.R.] reported to Counselor [J.F.] that male students at RCMS bullied her, that she felt uncomfortable in the hallways and that she feared for her safety because she was being touched inappropriately by male students.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 123.

124.    Deliberately indifferent, Counselor [J.F.] did not investigate [B.R.]'s requests, but simply advised her that the bullying would cease over time.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 124.

125.    It didn't.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the vague assertion in paragraph 125.

126.    The harassment, touching, taunting, and bullying that Miss [B.R.] experienced at RCMS did not cease; it grew worse.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 126.

127.    FCPS students now bullied [B.R.] at school, on her bus ride home from school, and off campus.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 127.

128.     In early November of 2011, [B.R.] was sexually assaulted by two RCMS students, [C.K.] and [J.O.].

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 128.

129.     [J.O.] approached [B.R.] in gym class and asked about hanging out with an older FCPS student, [C.K.], after school.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 129.

130.     [B.R.] declined [J.O.]'s invitation.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 130.

131.     [C.K.] and [J.O.], however, followed [B.R.] when she was walking home.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 131.

132.     [J.O.] and [C.K.] then tackled [B.R.] from behind and held her to the ground.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 132.

133.     They removed [B.R.]'s clothing, digitally penetrated her vagina, and fondled [B.R.]'s breasts.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 133.

134.     [C.K.] sat on top of [B.R.] while [J.O.] photographed [B.R.], using a cell phone, as she lay helpless with her shirt and pants removed.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 134.

135.     [C.K.] and [J.O.] then forced [B.R.] to perform oral sex on [C.K.].

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 135.

136.     They threatened to send the topless photographs of [B.R.] to other FCPS students if she refused.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 136.

137.     At school the next day, [C.K.] and [J.O.] fueled rumors among peers that [B.R.] was sexually promiscuous.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 137.

138.     FCPS's students increasingly bullied [B.R.] at school.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 138.

139.     On November 9, 2011, [B.R.] took the late bus home from school and encountered [C.K.] waiting for her at her bus stop.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 139.

140.     [C.K.] brandished a knife and threatened [B.R.] with physical violence if she did not follow him to a secluded area nearby.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 140.

141.     [C.K.] cut [B.R.] with his knife, held her to the ground against her will, and removed her clothing.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 141.

142.     He then, again, forced [B.R.] to perform oral sex.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 142.

143.     During the course of this violent encounter, [C.K.] threatened to kill her and her

family if she did not satisfy his sexual demands.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the
factual allegations in paragraph 143.

144.     Thereafter, [C.K.] raped [B.R.] nearly every day after school, at or near her bus

stop until November 21, 2011.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the
factual allegations in paragraph 144.

145.     Each rape grew more violent with increasing emotional abuse and threats of

physical violence to [B.R.] and her family.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the
factual allegations in paragraph 145.

146.     When [B.R.] tried to avoid [C.K.] at her bus stop and when she tried to escape

[C.K.], he caught her and beat her with his fist until she submitted.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the
factual allegations in paragraph 146.

147.     [C.K.] tortured [B.R.], burning her with his lighter and cutting her with his knife.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the
factual allegations in paragraph 147.

148.     [C.K.] penetrated [B.R.]'s vagina and anus with sex toys and, other times, he

penetrated [B.R.]'s vagina with his foot or his hand.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the
factual allegations in paragraph 148.

149.     [C.K.] told [B.R.] that he was grooming her for the enjoyment of his "friends."

M.C. lacks knowledge or information sufficient to form a belief about the truth of the
factual allegations in paragraph 149.

150.    He repeatedly threatened to kill [B.R.] and her family if she ever told anyone of

the violent rapes.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the
factual allegations in paragraph 150.

151.    [C.K.] told [B.R.] and other FCPS students that [B.R.] was his "property."

M.C. lacks knowledge or information sufficient to form a belief about the truth of the
factual allegations in paragraph 151.

152.    During school, between November 9, 2011 and November 21, 2011, [C.K.]

followed [B.R.] to and from her classes.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the
factual allegations in paragraph 152.

153.    [B.R.] was constantly in fear for her life.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the
factual allegations in paragraph 153.

154.    Although [B.R.] repeatedly sought the assistance of FCPS personnel and guidance

counselors during this time frame, they did not provide her any help because of their deliberate

indifference.

Denied.

155.    On the morning of November 21, 2011, [B.R.] and her mother met with RCMS

assistant principals, [S.T.] and [P.H.], and guidance counselor [B.H.], to discuss a sexually

explicit voicemail that [C.K.] placed to her on November 14, 2011.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the
factual allegations in paragraph 155.

156.    [B.R.]'s mother also told [B.H.], [S.T.], and [P.H.] that [C.K.] stole fifty dollars

($50.00) from her daughter.

Denied.

157.    [B.R.] gave [S.T.], [P.H.], and [B.H.] a written and verbal report that she was

"scared to come to school," that she feared for her safety in the hallways of RCMS, and that she

was the victim of peer-to-peer sexual harassment at RCMS.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the
factual allegations in paragraph 157.

158.    [B.R.] identified [J.O.], David Neill, and [C.K.] as FCPS

students who bullied her.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the
factual allegations in paragraph 158.

159.    [B.R.]'s written statement is included here:

M.C. lacks knowledge or information sufficient to form a belief about the truth of the
factual allegations in paragraph 159.

160.    In response to [B.R.]'s complaints, [S.T.] warned [B.R.] and her mother that

[C.K.] "had been in enough trouble" and asked [B.R.] and her mother not to "ruin a kid's life."

M.C. lacks knowledge or information sufficient to form a belief about the truth of the
factual allegations in paragraph 160.

161.    Assistant Principal [S.T.], Assistant Principal [P.H.], and Counselor [B.H.]

advised [B.R.] and her mother that they would investigate.

Denied.

162.    Assistant Principal [S.T.] had a personal relationship with Defendant [C.K.] and

his family.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the
factual allegations in paragraph 162.

163.    Though [B.R.] reported there were additional FCPS students sexually harassing

her at school, she did not know the students' names, and FCPS did nothing to investigate these

students' identities.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 163.

164.    FCPS administrators did nothing to safeguard [B.R.] from [C.K.], [J.O.], or any one of the other students who bullied [B.R.] during the course of FCPS's "investigation."

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 164.

165.    In fact, not only did [J.O.] physically assault [B.R.] before the school day ended on November 21, 2011, her peers sexually harassed her that day.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 165.

166.    [B.R.]'s mother notified FCPS employees that [B.R.] would be removed from school until after the Thanksgiving break until FCPS completed its "investigation" into her complaints.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 166.

167.    Within twenty-four hours, however, FCPS administrators completed the sham "investigation" and contacted [B.R.]'s parents and requested they return to the middle school for a meeting to discuss their "findings."

Denied.

168.    At the November 22, 2011 meeting, FCPS administrators claimed [B.R.] mutually agreed to meet [C.K.].

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 168.

169.    Assistant Principal [S.T.] advised [B.R.]'s parents that her investigation led her to believe that Miss [B.R.] was "sexually active" with [C.K.].

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 169.

29

170.    Assistant Principal [S.T.] ignored, however, signs that [C.K.] forcibly sexually

assaulted [B.R.].

M.C. lacks knowledge or information sufficient to form a belief about the truth of the
factual allegations in paragraph 170.

171.    Assistant Principal [S.T.] rejected [B.R.]'s claims that [C.K.] was "bullying" her.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the
factual allegations in paragraph 171.

172.    [S.T.] dismissed [C.K.]'s misconduct with [B.R.] as a "boy-girl thing."

M.C. lacks knowledge or information sufficient to form a belief about the truth of the
factual allegations in paragraph 172.

173.    [S.T.], however, acknowledged that [C.K.] extorted fifty ($50) dollars from

[B.R.].

M.C. lacks knowledge or information sufficient to form a belief about the truth of the
factual allegations in paragraph 173.

174.    FCPS did not punish or reprimand Defendant [C.K.] for extorting [B.R.].

M.C. lacks knowledge or information sufficient to form a belief about the truth of the
factual allegations in paragraph 174.

175.    Instead, Assistant Principal [S.T.] insulated [C.K.] from reprisal by any

responsible adults or authorities.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the
factual allegations in paragraph 175.

176.    In fact, Assistant Principal [C.K.] (sic) related information supposedly gleamed

(sic) from Defendant [C.K.] to [B.R.]'s parents in order to dissuade [B.R.] and [B.R.]'s parents

from any further reports.

Denied.

177.    FCPS, by and through [P.H.] and [S.T.], advised [B.R.] and her parents the middle school would advise [B.R.]'s teachers of [B.R.]'s reports of harassment and bullying by her peers and to be on the lookout for such behavior in the hallways and near [B.R.]'s locker throughout the school day.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 177.

178.    [P.H.] and [S.T.] also said that they would move Miss [B.R.]'s physical education locker away from [J.O.] and closer to the view of the teacher.

Denied.

179.    Instead, FCPS moved [B.R.]'s physical education locker to an area outside the view of the teacher.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 179.

180.    As a result, [B.R.] was subjected to physical assault and bullying at the hands of Defendant [J.O.].

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 180.

181.    With deliberate indifference, FCPS failed to implement their "plan."

M.C. denies the factual allegations in paragraph 181 as to herself.  M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 181.

182.    FCPS left [B.R.] vulnerable to further harassment and abuse despite [B.R.]'s and her mother's November 21, 2011 verbal and written reports.

Denied.

183.    FCPS also failed to advise [B.R.]'s teachers that she was the victim of bullying.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 183.

184.    For example, [B.R.]'s drama teacher, Josh Bickford, admitted to [B.R.] that he

was never advised by FCPS staff or principals that she was bullied.

    M.C. lacks knowledge or information sufficient to form a belief about the truth of the
    factual allegations in paragraph 184.

185.    As a result of FCPS's sham investigation into [B.R.]'s reports of sexual harassment

and bullying at RCMS, FCPS emboldened [B.R.]'s peers to retaliate against her for "snitching."

    M.C. denies the factual allegations in paragraph 185 as to herself.  M.C. otherwise lacks
    knowledge or information sufficient to form a belief about the truth of the factual
    allegations in paragraph 185.

186.    When [B.R.] returned to school after Thanksgiving break, students relayed

[C.K.]'s threats to [B.R.] including that [C.K.] had a gun, that [C.K.] was not afraid to use it,

and that he was going to kill her.

    M.C. lacks knowledge or information sufficient to form a belief about the truth of the
    factual allegations in paragraph 186.

187.    As FCPS students grew more confident in their ability to assault [B.R.] and escape

the consequences, they became more overt with their advances.

    M.C. lacks knowledge or information sufficient to form a belief about the truth of the
    factual allegations in paragraph 187.

188.    On or around December 14, 2011, during history class, a male classmate put his

hands down [B.R.]'s pants.

    M.C. lacks knowledge or information sufficient to form a belief about the truth of the
    factual allegations in paragraph 188.

189.    When [B.R.] reported the incident to her teacher, [M.P.F.] told [B.R.] that she

"needs to learn to be a big kid" and to "deal with the situation yourself."

    M.C. lacks knowledge or information sufficient to form a belief about the truth of the
    factual allegations in paragraph 189.

190.     One afternoon in December of 2011, Miss [B.R.] had to stay late at RCMS with her Spanish teacher for additional instruction.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 190.

191.     When [B.R.] left the classroom, a male student accosted her in the hallway.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 191.

192.     The student forced [B.R.] into a maintenance closet where [B.R.] was assaulted by three, unidentified, Spanish speaking adult males.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 192.

193.     This was the first time [B.R.] was raped at school.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 193.

194.     Beginning in December 2011 and continuing through February 2012, [C.K.] and other students raped [B.R.] on RCMS campus during and after school hours.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 194.

195.     Each and every time [B.R.] was raped on RCMS property, an RCMS teacher and/or staff member was located nearby.

M.C. denies the factual allegations in paragraph 195 as to herself.  M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 195.

196.     As set forth above, this is worse than a case where a state actor fails to act in the response to a deprivation of a citizen's constitutional rights.

Paragraph 196 states a legal conclusion as to which no response is required.  To the extent that paragraph 196 can be read to make a factual allegation, it is denied.

197.     In response to [B.R.]'s complaints, the FCPS took plenty of actions.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the vague statement in paragraph 197.

198.    Each affirmative act by the FCPS created, fostered and maintained a danger for

[B.R.] in violation of her constitutionally protected rights.

M.C. denies the factual allegations in paragraph 198 as to herself.  M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 198.

199.    For instance, on November 22, the day after she submitted her written statement

to FCPS officials, Defendant [S.T.] informed [B.R.]'s parents that she had finished her

"investigation" of the sexual harassment and invited them in for a meeting to discuss her findings.

OCR Complaint at ¶ 18.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 199.

200.    During that meeting later in the day, Defendant [S.T.] told [B.R.]'s parents that

she had spoken with Defendant [C.K.] and concluded that the situation appeared to be a "boy-

girl thing."  *Id.*

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 200.

201.    Defendant [S.T.] then told the [B.R.]'s parents that [B.R.] herself may have

engaged in sexual behavior about which they were not aware. *Id.*

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 201.

202.    Far from attempting to determine whether [B.R.]'s complaints were correct,

Defendant [S.T.] attempted to turn the tables on the complainant and insinuate her wrongdoing

to her parents. *Id.*

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 202.

203.    The insinuation that [B.R.] was promiscuous created danger which protected and enabled the perpetrator to continue his assaults on her. *Id.*

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 203.

204.    The state created danger is prohibited and actionable under 42 U.S.C. § 1983.

Paragraph 204 states a legal conclusion as to which no response is required.

205.    During this meeting with [B.R.]'s parents, Defendant [S.T.] also explained that she had been able to recover the $50 that Defendant [C.K.] extorted from [B.R.], and jokingly told [B.R.]'s mother that she needed to return the money to her before she spent it herself on Christmas shopping. *Id.*

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 205.

206.    The FCSB's response to [B.R.]'s serious complaint that extortion was something to joke about fostered a state created danger to Plaintiff. *Id.*

M.C. denies the factual allegations in paragraph 206 as to herself.  M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 206.

207.    In response to [B.R.]'s reports of bullying and threats, FCSB insulated Defendant [C.K.] from reprisal and intervention by his parents or any responsible authorities.

M.C. denies the factual allegations in paragraph 207 as to herself.  M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 207.

208.    [S.T.] dealt directly with Defendant [C.K.] only.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 208.

209.    Insulating Defendant [C.K.] from reprisal by responsible adults subjected Plaintiff to a state created danger.

Paragraph 209 states a legal conclusion as to which no response is necessary.  To the extent that paragraph 209 can be read to make a factual allegation, it is denied.

210.    When [B.R.]'s mother met with school officials she informed them that [B.R.] was receiving death threats at school, Counselor [B.H.] stated that the school did not "have the time or the manpower" to protect her. Id. at ¶21.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 210.

211.    During another instance, FCPS officials created an environment in which her constitutional rights were trampled.

Paragraph 211 appears to state a legal conclusion as to which no response is necessary. To the extent that paragraph 211 can be read to make a factual allegation, M.C. denies such factual allegations as to herself.  M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 211.

212.    [B.R.] told Teacher [M.P.F.] that a student was assaulting her by grabbing her genatalia (sic).

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 212.

213.    [B.R.] specifically advised Teacher [M.P.F.] that her classmate was grabbing her "down there."

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 213.

214.    In response, Teacher [M.P.F.] scolded [B.R.] and told her that she would have to tolerate the abuse "like a big girl" and "deal with it yourself."

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 214.

215.    When [B.R.] tried to move away from this attacker, Teacher [M.P.F.] commanded that [B.R.] sit near her attacker.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 215.

216.     From October 2011 through February of 2012, [B.R.] was repeatedly threatened with violence and was the victim of physical and emotional abuse while a student at the middle school.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 216.

217.     As a result of the severe physical and emotional torment she was suffering at the hands of her abusers both on and off school property, [B.R.]'s school performance began to suffer.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 217.

218.     Following the November 21, 2011 meeting with RCMS administrators and staff, [B.R.] received an increased number of death threats directed to her and to her family for "snitching."

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 218.

219.     From November 22, 2011 through February 8, 2012, [B.R.] continued to report to her teachers and FCPS staff that she was repeatedly sexually harassed and bullied and that she feared for her life and safety.

M.C. denies the factual allegations in paragraph 219 as to herself.  M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 219.

220.     On January 27, 2012, [B.R.] emailed Principal [A.F.] and recounted the "sexual harassment, physical harassment, and name calling" she endured at the middle school

The email alleged in paragraph 220 speaks for itself.  M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 220.

221.    [B.R.] told Principal [A.F.] that the middle school needed to educate its students on the meaning bullying and its effect on victims to prevent further sexual harassment, physical assaults, and name calling.

The email apparently alleged in paragraph 221 speaks for itself. M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 221.

222.    Principal [A.F.], Assistant Principal [P.H.], and Assistant Principal [T.B.], met [B.R.]'s parents on January 27, 2012 to discuss FCPS's handling of [B.R.]'s reported peer-on-peer abuse to FCPS staff.

M.C. denies the factual allegations in paragraph 222 as to herself. M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 222.

223.    Specifically, [B.R.] reported verbally and in writing that FCPS students retaliated against her for "snitching."

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 223.

224.    Assistant Principal [P.H.] and Assistant Principal [T.B.] did not know "what else the school could do to help [B.R.]," but FCPS did not investigate the students that threatened [B.R.].

M.C. denies the factual allegations in paragraph 224 as to herself. M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 224.

225.    Rather, FCPS's staff treated [B.R.] as a nuisance.

M.C. denies the factual allegations in paragraph 225 as to herself. M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 225.

226.    They discouraged her from reporting and speaking out against her bullies and instead treated [B.R.] as if she was a "distraction" to her peers.

Denied.

227.    On February 9, 2012, an unknown FCPS student called [B.R.] a "douchebag," "asshole," and a "bitch" in the school cafeteria.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 227.

228.    FCPS staff reprimanded [B.R.] and threatened her with disciplinary action for standing up for herself.

M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 228.

229.    That same day, [B.R.] made verbal and written reports to FCPS staff that she felt unsafe in school because she received multiple death threats from her peers.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 229.

230.    Assistant Principal [T.B.] dismissed [B.R.]'s reports calling the death threats "just something kids say."

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 230.

231.    FCPS did not investigate the death threats and they did nothing to protect [B.R.] from her peers.

M.C. denies the factual allegations in paragraph 231 as to herself.  M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 231.

232.    [B.R.]'s parents picked their daughter up from school early on February 9, 2012 out of concern for their daughter's safety.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 232.

233.    On February 10, 2012, [B.R.]'s parents withdrew [B.R.] from school at the
recommendation of [B.R.]'s physicians.

M.C. admits that Plaintiff's parents withdrew her from school.  M.C. otherwise lacks
knowledge or information sufficient to form a belief about the truth of the factual
allegations in paragraph 233.

234.    [B.R.]'s parents picked her up from school at RCMS for the last time.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the
factual allegations in paragraph 234.

235.    [B.R.] did not return to school because FCPS failed to protect her from ongoing,
peer-on-peer sexual harassment and violence.

Denied.

236.    Because she had withdrawn from school, [B.R.] was prohibited from participating
in RCMS' academic and extracurricular programs.

Denied.

237.    On February 10, 2012, [B.R.]'s parents advised FCPS school superintendents,
Jack Dale and Fabio Zuluaga, of the sexual harassment and abuse their daughter endured at
school.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the
factual allegations in paragraph 237.

238.    On February 16, 2012, Zuluaga met with [B.R.]'s parents and advised that the
FCPS would investigate FCPS' students' bullying and harassment of [B.R.].

M.C. lacks knowledge or information sufficient to form a belief about the truth of the
factual allegations in paragraph 238.

239.    On March 1, 2012, [B.R.]'s parents learned that [C.K.] had raped [B.R.].

M.C. lacks knowledge or information sufficient to form a belief about the truth of the
factual allegations in paragraph 239.

240.    [B.R.]'s parents filed a police report on March 2, 2012.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 240.

241.   Detective Fred Chambers, a former FCPS employee, interviewed [B.R.] on

March 5, 2012.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 241.

242.   [B.R.] underwent a SANE (Sexual Assault Nurse Examiner) evaluation on March

5, 2012.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 242.

243.   The evaluation revealed contusions inside [B.R.]'s anus which ultimately

corroborated her report of anal penetration.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 243.

244.   Detective Chambers met with Principal [A.F.] on March 6, 2012 to discuss

[B.R.]'s rape.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 244.

245.   On March 7, 2012, [B.R.]'s physician prohibited [B.R.] from returning to classes

at RCMS, stating "the boy who perpetrated this crime plus many of his friends who assisted him

remain in Rachel Carson Middle School."

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 245.

246.   FCPS took no steps to investigate the rape.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 246, which contradicts the allegation in paragraph 252. M.C. asserts that Plaintiff never reported to her that she had been raped.

247.    FCPS permitted [B.R.]'s rapist to remain on campus but took no steps to facilitate

[B.R.]'s return to a safe and supportive school environment.

M.C. denies the factual allegations in paragraph 247 as to herself.  M.C. otherwise lacks
knowledge or information sufficient to form a belief about the truth of the factual
allegations in paragraph 247.

248.    Instead, FCPS punished [B.R.] for reporting the harassment and rape to Fairfax

police.

M.C. denies the factual allegations in paragraph 248 as to herself.  M.C. otherwise lacks
knowledge or information sufficient to form a belief about the truth of the factual
allegations in paragraph 248.

249.    FCPS retaliated against [B.R.] by interfering with her ability to complete

Homebound Instruction.

M.C. denies the factual allegations in paragraph 249 as to herself.  M.C. otherwise lacks
knowledge or information sufficient to form a belief about the truth of the factual
allegations in paragraph 249.

250.    FCPS also refused to address the fact that [B.R.] suffered serious emotional

trauma and disability as a result of abuse that she experienced at RCMS.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the
factual allegations in paragraph 250.

251.    Instead, FCPS officials labeled the former honor student as an "emotionally

disturbed" child.

M.C. denies the factual allegations in paragraph 251 as to herself.  M.C. otherwise lacks
knowledge or information sufficient to form a belief about the truth of the factual
allegations in paragraph 251.

252.    Under the guise of a school investigation, and in the course and scope of his

authority as principal of RCMS, Principal [A.F.] visited Miss [B.R.]'s elementary school to dig

up "dirt" on [B.R.] and inquire if she was a "troubled child."

M.C. lacks knowledge or information sufficient to form a belief about the truth of the
factual allegations in paragraph 252.

253.    [B.R.] then spent the next one-and-a-half years under homebound instruction.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 253.

254.    During that time, FCPS officials banned [B.R.]'s parents from picking up her assignments from RCMS.

M.C. denies the factual allegations in paragraph 254 as to herself.  M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 254.

255.    FCPS officials directed that [B.R.]'s homebound instructors to use "code names" in emails regarding [B.R.] so as not to be subject to discovery in a lawsuit and to avoid public disclosure requirements.

M.C. denies the factual allegations in paragraph 255 as to herself.  M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 255.

256.    During the remainder of [B.R.]'s seventh grade school year, students were advised not to discuss any matters concerning [B.R.] with anyone given the potential that FCPS was facing liability for their reckless indifference to [B.R.]'s rights, and/or their failure to safeguard [B.R.] against sexual harassment and assault on school property.

M.C. denies the factual allegations in paragraph 256 as to herself.  M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 256.

257.    It was not until June 29, 2012, and only upon inquiry from [B.R.]'s mother, that Fabio Zuluaga advised [B.R.] and her parents that the allegations of sexual harassment, touching, taunting, name-calling, physical violence, and bullying reported by [B.R.] could not be verified by RCMS officials.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 257.

258.     During her eighth-grade year, [B.R.] continued to receive Homebound

Instruction.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the
factual allegations in paragraph 258.

259.     [B.R.] lived as a prisoner in her own home and felt unsafe to leave her residence

for fear of retaliation by [C.K.].

M.C. lacks knowledge or information sufficient to form a belief about the truth of the
factual allegations in paragraph 259.

260.     In failing to take meaningful steps to address her sexual assault, sexual

harassment, rape, and extortion, FCPS officials forced [B.R.] to endure one of the most hostile

educational environments imaginable.

M.C. denies the factual allegations in paragraph 260 as to herself.  M.C. otherwise lacks
knowledge or information sufficient to form a belief about the truth of the factual
allegations in paragraph 260.

261.     Such misconduct by school officials constitutes both "deliberate indifference"

under Title IX and a state created danger under §1983.

Paragraph 261 states legal conclusions as to which no response is required.  To the extent
that paragraph 261 can be read to make a factual allegation, M.C. denies the mutually
contradictory allegations in paragraph 261 as to herself.  M.C. otherwise lacks knowledge
or information sufficient to form a belief about the truth of the factual allegations in
paragraph 261.

262.     FCPS' failure to respond adequately to [B.R.]'s complaints of sexual assault,

sexual harassment, rape, and extortion by other FCPS students constitutes sex discrimination in

violation of Title IX of the Education Amendments of 1972 ("Title IX").

Paragraph 262 states legal conclusions as to which no response is required.  To the extent
that paragraph 262 can be read to make a factual allegation, M.C. denies any factual
allegation in paragraph 262 as to herself.  M.C. otherwise lacks knowledge or information
sufficient to form a belief about the truth of the factual allegations in paragraph 262.

## Alleged Injuries

263.    By reason of the sexual harassment, assault, touching, taunting, name-calling, bullying, and rape suffered by [B.R.] beginning in October 2011 and lasting through February 2012, [B.R.] suffered in the past, and will continue to suffer in the future, the following injuries/damages:

a.   Past and future embarrassment;

b.   Past and future humiliation;

c.   Past and future loss of dignity;

d.   Past and future pain and suffering;

e.   Pelvic pain, physical deformities, and internal derangement of her vagina, cervix, uterus, and anus;

f.   Depression, anxiety, fear, emotional distress and mental anguish;

g.   Severe Acute Traumatic Stress Disorder, Severe Post-Traumatic Stress Disorder, Severe depression and anxiety, Nightmares and Flashbacks, Eating Disorders, and other psychiatric disabilities and deficits;

h.   Physical manifestations of emotional and psychiatric distress;

i.   Traumatic brain injury with neurological, cognitive, physical, and emotional deficits;

j.   Stress induced cardiac injuries, conditions, deformities, and deficits;

k.   Past and future loss of enjoyment of life and life's pleasures;

l.   Past and future loss of earnings;

m.   Past and future medical expenses; and

n.   Other injuries, damages, and losses as more fully described herein.

M.C. denies the factual allegations in paragraph 263 as to herself.  M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 263.

## Count I[1]

264.    Plaintiff incorporates each and every allegation set forth above.

M.C. incorporates by this reference her responses to paragraphs 1 through 263.

265.    Title IX of the Education Amendments of 1972 ("Title IX") 20, U.S.C. §1681(a), states that:

Paragraph 265 states a legal conclusion as to which no response is required.

266.    Title IX is implemented through the Code of Federal Regulations. See 34 C.F.R. Part 106. 34 C.F.R. §106(b) provides:

> … A Recipient shall adopt and publish grievance procedures providing for prompt
>
> equitable resolution of student and employee complaints alleging any action which
>
> would be prohibited by this part.

Paragraph 266 states a legal conclusion as to which no response is required.

267.    [B.R.] was a student at an educational institution receiving federal funds.

Paragraph 267 states a legal conclusion as to which no response is required.

268.    In *Davis v. Monroe County Board of Education*, 526 U.S. 629 (1999), the Supreme held that a recipient of federal funds violates Title IX and is subject to a private damages action, where the funding recipient is "deliberately indifferent" to known acts of student-on-student sexual harassment.

Paragraph 268 states a legal conclusion as to which no response is required.

269.    The United States Supreme Court has held that a plaintiff in a student-on-student harassment case may prevail in a Title IX damages action against a school board where: a) the

---

[1] Although Count I is directed to F.C.S.B, and not M.C., Plaintiff has incorporated these allegations into the claim against the Individual School Defendants in Count V.  For that reason, the M.C. is compelled to respond to paragraphs 264 through 281.

school board is deliberately indifferent to known sexual harassment; b) the harassment is so severe, pervasive, and objectively offensive that it can be said to deprive the victim of access to education opportunities or benefits provided by the school; and, c) the school exercised substantial control over the harasser and the context in which the harassment occurred.  Davis, 526 U.S. at 645-46, 650.

Paragraph 269 states a legal conclusion as to which no response is required.

270.     [B.R.] was subjected to harassment and assault at the hands of other students at FCPS based on her sex.

Paragraph 270 states a legal conclusion as to which no response is required.

271.     The harassment was so severe and pervasive that it created a hostile and abusive environment in an educational setting.

Paragraph 271 states a legal conclusion as to which no response is required.

272.     [B.R.] and her parents reported the sexual assaults and sexual harassment to FCPS administrators and employees.

M.C. denies the factual allegations in paragraph 272 as to herself.  M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 272.

273.     FCPS administrators knew [B.R.] was sexually and physically assaulted, sexually harassed, bullied, and extorted by other FCPS students based on multiple reports from [B.R.] and other students and based on personal observations by FCPS employees.

M.C. denies the factual allegations in paragraph 273 as to herself.  M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 273.

274.     FCPS was obligated to address these reports because student-on-student sexual assault is a form of sex discrimination prohibited by Title IX.

47

Paragraph 274 states a legal conclusion as to which no response is required.  To the extent that paragraph 274 can be read to make a factual allegation, M.C. denies such allegation as to herself.  M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 274.

275.    [B.R.] suffered sexual assault and sexual harassment that was severe, pervasive, objectively offensive, and created a hostile educational environment for [B.R.] based on her sex.

Denied.

276.    The individuals with actual knowledge of [B.R.]'s sexual assaults, sexual harassment, extortion, and verbal and physical abuse had the authority to investigate and take corrective action to address the sexual assault.

M.C. denies the factual allegations in paragraph 276 as to herself.

277.    FCPS was further obligated to address these reports under Title IX because FCPS had substantial control over the student who sexually assaulted, sexually harassed, and extorted [B.R.], as well as the context in which the harassment occurred – during school hours on school grounds.

Paragraph 277 appears to state a legal conclusion as to which no response is required.  To the extent that paragraph 277 can be read to make a factual allegation, M.C. denies such allegation as to herself.  M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of factual allegations in paragraph 277.

278.    By its acts and omissions, FCPS was deliberately indifferent to [B.R.]'s sexual assault and created a hostile education environment for her. FCPS's deliberate indifference included, without limitation:

1.    Failing to timely address [B.R.]'s November 21, 201l written and verbal reports of sexual harassment, extortion, physical and verbal abuse at the hands of FCPS's students, including [C.K.] and [J.O.];

2.    Conducting a sham investigation and confirming [B.R.]'s report that she was extorted by her assailant for fifty dollars ($50.00), but dismissing knowledge of a sexual relationship between [B.R.] and her assailant as a "boy-girl thing" on account of FCPS's assistant principal's objectively outrageous insinuation that the then

seventh-grade [B.R.] was sexually promiscuous and FCPS's assistant principal's reluctance to ruin an already troubled teenage boy's life;

3.   Learning of [B.R.]'s sexual assault at the hands of a male FCPS student and disregarding the assault as a "boy-girl" thing;

4.   Discouraging [B.R.] from reporting sexual harassment, bullying, and verbal and physical abuse at the hands of her assailant by telling [B.R.]'s parents that seventh-grade [B.R.] had engaged in consensual sexual encounters with the assailant, and implying to [B.R.] and her parents that FCPS would not validate [B.R.]'s November 21, 2011 reports of sexual harassment and abuse because it would harm [B.R.]'s male assailant;

5.   Conducting a sham investigation into the identities of the older male students who harassed [B.R.] by refusing to permit [B.R.] to search an RCMS yearbook but instead recommending that [B.R.] follow her assailants to their classes after they sexually harassed [B.R.] in order for [B.R.] to identify the students to FCSB's staff, specifically [S.T.];

6.   Failing to take disciplinary action against [B.R.]'s assailants, [C.K.] and [J.O.];

7.   Emboldening [B.R.]'s assailants and other FCPS students to retaliate against [B.R.] for [B.R.]'s November 21, 201l written and verbal reports of sexual harassment, extortion, physical and verbal abuse to FCPS's administrators, including:

   a.   threatening [B.R.]'s life and the lives of her family members for being a "snitch";

   b.   sexually harassing, intimidating, and verbally abusing [B.R.] on School grounds on November 21, 2011;

   c.   physically assaulting and torturing [B.R.] with weapons during school hours on school grounds, and after hours on and off school grounds, until February 10, 2012 when [B.R.] was removed from RCMS at the request of her physician;

   d.   raping [B.R.] during and after school hours on school grounds until February 10, 2012 when [B.R.] was removed from RCMS at the request of her physician;

    e.   forcibly grabbing [B.R.] and touching [B.R.] under her shirt and down her pants during class; and, f. Verbal abuse and bullying on the basis of her sex;

8.    Leaving [B.R.]'s assailants to roam RCMS's halls free and without securing [B.R.]'s safety and ensuring [B.R.] was not vulnerable to further assault by her assailants after FCPS's November 21, 2011 meeting with [B.R.] and [B.R.]'s parents;

9.    Failing to protect [B.R.] from the retaliation of her assailants as a result of her November 21, 2012 verbal and written report of sexual harassment, verbal and physical abuse, extortion, and bullying at the hands of FCPS's students including on November 21, 2012;

10.    Proposing inadequate measures on November 22, 2011 to address [B.R.]'s November 21, 2012 written and verbal reports to FCPS's assistant principal after [B.R.] was assaulted on school grounds on November 21, 2012;

11.    Unreasonably delaying and failing to implement halfhearted measures discussed at [B.R.]'s November 22, 2012 meeting with FCSB's assistant principal, [S.T.], including failing to move [B.R.]'s P.E. locker away from [B.R.]'s female assailant, and failing to inform [B.R.]'s teachers of:

    a.   a. [B.R.]'s November 21, 2011 verbal and written reports to [S.T.] that [B.R.] was "scared to come to school" because of verbal abuse by other FCPS students, sexual harassment at [B.R.]'s locker and on her school bus at the hands of FCPS students, extortion by [C.K.], verbal abuse, and cyber bullying;

    b.   b. The results of FCSB's and more specifically, [S.T.]'s sham investigation into [B.R.]'s November 21st verbal or written reports, including that she was touched;

    c.   c. [S.T.]'s findings that [B.R.] was threatened and extorted by another FCPS student, [C.K.];

    d.   d. [S.T.]'s findings that [C.K.] sexually abused [B.R.].

12.    Failing to investigate and take seriously [B.R.]'s written and verbal reports of "death threats" communicated to [B.R.] by other FCPS students beginning in December 2011 through February 10, 2012, including [B.R.]'s report to [T.B.] on February 9, 2012 which was dismissed by Assistant Principal [T.B.] as "just something kids say";

13.     Ignoring [B.R.]'s notable distress from November 2011 until February 2012 when Miss [B.R.] was removed from school;

14.     Threatening [B.R.] with possible punishment for reporting verbal abuse, death threats, and harassment at the hands of other FCPS students, including on February 8, 2012 when [B.R.] was verbally assaulted;

15.     Failing to investigate [B.R.]'s rape at the hands of another FCPS student;

16.     Failing to provide a safe learning environment for [B.R.] to return to RCMS after February 10, 2012;

17.     Failing to take disciplinary action against [B.R.]'s assailants;

18.     Failing to notify [B.R.] or her parents of [B.R.]'s rights under Title IX;

19.     Isolating [B.R.] from school activities instead of providing accommodations that would permit her to continue her education in a safe environment;

20.     Intimidating [B.R.] and her parents from pursuing legal rights;

21.     Retaliating against [B.R.] and her parents for reporting peer-on-peer rape and harassment by FCPS students

M.C. denies the factual allegations in paragraph 278 as to herself.  M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 278.

279.     FCPS actions and inactions caused [B.R.] to undergo harassment and make her liable or vulnerable to it.

M.C. denies the factual allegations in paragraph 279 as to herself.  M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 279.

280.     FCPS's deliberate indifference to [B.R.]'s sexual harassment and sexual assault deprived her of access to educational opportunities and benefits provided by FCPS.

M.C. denies the factual allegations in paragraph 280 as to herself.  M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 280.

281.    As a direct and proximate cause of FCPS's violation of [B.R.]'s rights under Title IX, [B.R.] has suffered and continues to suffer losses of educational opportunities and benefits, along with injuries, damages and losses, including, but not limited to: emotional distress, fear, anxiety, trauma, lost future earnings and earning capacity, and expenses for past and future medical and psychological care.

> Paragraph 281 states a legal conclusion as to which no response is required.  To the extent that paragraph 281 can be read to make a factual allegation, M.C. denies such allegation as to herself.  M.C. otherwise lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 281.

## Count II

By Order dated March 10, 2020 (ECF 85), this Court dismissed the claims asserted against the Individual School Defendants in Count II.  Accordingly, M.C. does not respond, either directly or as incorporated into Counts III, IV and V, to the allegations in Count II.

## Count III[2]

291.    Plaintiff incorporates each and every allegation set forth above.

M.C. incorporates by this reference her responses to paragraphs 1 through 281.

292.    Defendant, [C.K.], by and through her repeated threats and violent, forcible sexual contact with [B.R.] intended to cause harmful or offensive contact with [B.R.]'s person.

> M.C. lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

293.    [C.K.] intended to cause [B.R.] to perceive immediate apprehension of his groping, physical abuse, and unwanted sexual advances.

> M.C. lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

---

[2] Although Count III is directed to C.K., and not M.C., Plaintiff has incorporated these allegations into the claim against the Individual School Defendants in Count V.  For that reason, the M.C. is compelled to respond to paragraphs 291 through 299.

294.     [B.R.] reasonably believed [C.K.] would grope her, physically abuse her, and engage in unwelcomed sexual advances by groping her person.

> M.C. lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

295.     As a direct, substantial, and proximate result of [C.K.]'s intended harmful and offensive contact with [B.R.]'s person, [B.R.] suffered life-altering neurological, psychiatric, emotional, and physical injuries.

> M.C. lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

296.     At no point did [B.R.] consent to oral sex, vaginal sex, nor anal sex with [C.K.].

> M.C. lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

297.     [C.K.] forcibly raped and tortured [B.R.] on multiple occasions.

> M.C. lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

298.     [C.K.]'s violent rape of [B.R.] was not excused nor justified.

> M.C. lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

299.     As a direct, substantial, and proximate result of [C.K.]'s violent rape and objectively offensive contact with [B.R.]'s person, [B.R.] suffered life-altering neurological, psychiatric, emotional, and physical injuries.

> M.C. lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## Count IV[3]

300.    Plaintiff incorporates each and every allegation set forth above.

M.C. incorporates by this reference her responses to paragraphs 1 through 281 and 291 through 299.

301.    Defendant, [J.O.], by and through her repeated threats of violence, intended to cause harmful or offensive contact with [B.R.]'s person when threatening [B.R.]'s life and bullying [B.R.] as described in this Complaint.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

302.    On each of those occasions, [J.O.] intended to cause [B.R.] to perceive immediate apprehension of physical abuse and/or unwanted sexual advances.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

303.    [B.R.] reasonably believed [J.O.] would strike her and/or engage in unwelcomed sexual advances by groping her person.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

304.    As a direct, substantial, and proximate result of [J.O.]'s intended harmful and offensive contact with, [B.R.]'s person, [B.R.] suffered life-altering neurological, psychiatric, emotional, and physical injuries.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

305.    At no point did [B.R.] consent to being digitally penetrated, fondled, or physically attacked by [J.O.].

---

[3] Although Count IV is directed to J.O., and not M.C., Plaintiff has incorporated these allegations into the claim against the Individual School Defendants in Count V.  For that reason, M.C. is compelled to respond to paragraphs 300 through 311.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

306.     As set forth elsewhere in this Complaint, [J.O.] intended to and did contact [B.R.] when she held [B.R.] down to the ground, stripped her clothes, and digitally penetrated her vagina.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

307.     [J.O.]'s violent sexual abuse of [B.R.] was not excused nor justified.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

308.     Moreover, [J.O.] intended to, and did, strike and physically abuse [B.R.] on multiple occasions including in the locker room when [B.R.] was changing for Physical Education class.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

309.     [J.O.]'s physical abuse of [B.R.] was not excused nor justified.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

310.     [J.O.]'s conduct was objectively offensive.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

311.     As a direct, substantial, and proximate result of [J.O.]'s abusive and unwanted sexual touching and objectively offensive contact with [B.R.]'s person, [B.R.] suffered life-altering neurological, psychiatric, emotional, and physical injuries.

M.C. lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## **Count V**

312.    Plaintiff incorporates by reference each and every allegation set forth above.

M.C. incorporates by this reference her responses to paragraphs 1 through 281 and 291 through 311.

313.        Defendants, [A.F.], [S.T.], [P.H.], [T.B.], [B.H.], [J.F.], [M.C.], [M.P.F.], and [F.T.], had a responsibility to supervise and ensure that all RCMS students, including [B.R.], have an education in an atmosphere conducive to learning, free of disruption, and threat to person.

This paragraph alleges legal conclusions as to which no response is required.

314.        Defendants, [A.F.], [S.T.], [P.H.], [T.B.], [B.H.], [J.F.], [M.C.], [M.P.F.], and [F.T.], failed to discharge their duties to [B.R.] in a reasonable manner under the circumstances set forth in this Complaint.

This paragraph alleges legal conclusions as to which no response is required.

315.        The conduct and/or inaction of defendants, [A.F.], [S.T.], [P.H.], [T.B.], [B.H.], [J.F.], [M.C.], [M.P.F.], and [F.T.], amounted to an utter disregard of prudence amounting to complete neglect of the safety of [B.R.].

Denied.

316.        The aforementioned defendants' continual failures to timely investigate [B.R.]'s multiple written and verbal reports of death threats, sexual harassment, extortion, and peer-on-peer bullying, their repeated failure to reprimand her reported assailants, their outrageous efforts to blame the victim of peer-on-peer harassment, and their ultimate and pervasive failure to protect [B.R.] from the hostile and disruptive educational environment which they created and that existed from October 2011 until February 2012 when [B.R.]'s parents were forced to remove Plaintiff from school, evinced a reckless disregard for [B.R.]'s safety.

Denied.

317.     Defendants' gross negligence in failing to supervise and ensure that [B.R.] had an education in an atmosphere conducive to learning, free of disruption, and threat to person as described elsewhere in this Complaint was a direct and substantial cause of the Plaintiff's injuries, damages, and losses.

Denied.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

In further response to the Amended Complaint, M.C. asserts additional and affirmative defenses as follows:

1.     M.C. denies any allegation in the Amended Complaint that is not specifically admitted.  For any response in which M.C. states that she lacks knowledge or information sufficient to form a belief about the truth of an allegation, the allegation is denied in accordance with Federal Rule of Civil Procedure 8(b)(5).

2.     Count V of the Amended Complaint fails to state a cause of action on which relief can be granted.

3.     Plaintiff's claim is barred by the doctrines of unclean hands, laches, estoppel, and waiver.

4.     To the extent that Plaintiff has suffered any damage, Plaintiff has failed to mitigate such damages.

5.     Plaintiff's claim is time-barred for failure validly to commence an action within the applicable limitations period.

6.     Plaintiff's claim is barred by any negligence of her own that contributed to any alleged harm or damages.

7.     Any harm or damages Plaintiff allegedly suffered was not caused by M.C.

8.      Any harm or damages Plaintiff allegedly suffered was caused by the intervening negligent or criminal acts of third persons.

9.      Plaintiff's alleged injuries were unforeseeable and unknown to M.C.

M.C. reserves the right to assert additional defenses and to supplement her Answer and defenses as discovery may reveal relevant facts and evidence.

WHEREFORE, M.C. denies any liability to Plaintiff and denies that Plaintiff is entitled to any relief.  M.C. requests that judgment be entered in her favor and that she be awarded all costs, fees and expenses, as well as any other relief the Court deems fair and just.

DATED:  April 21, 2020

M.C.

By:_____/s/_____
Michael E. Kinney (VSB #65056)
    *Counsel for Defendants, [S.T.], [A.F.], [P.H.], [T.B.],
    [B.H.], [M.P.F.], [M.C.], [F.T.], and [J.F.]*
TURNER & KINNEY, A PROFESSIONAL CORPORATION
20 W. Market Street
Leesburg, Virginia 20176
Telephone:  (703) 669-9090
Facsimile:  (703) 669-9091
mkinney@turnerkinney.com

## CERTIFICATE OF SERVICE

I certify that on April 21, 2020, I will electronically file a copy of M.C.'s ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record for all Parties.

_____/s/_____
Michael E. Kinney (VSB #65056)