IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| B.R., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 1:19-cv-00917 (RDA-TCB) |
| | ) | |
| F.C.S.B., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

This matter comes before the Court on the Motion to Amend the March 10, 2020 Order to Certify the Relation-Back Question for Interlocutory Appeal ("Motion to Amend") (Dkt. 91) filed by Defendants F.C.S.B., S.T., A.F., P.A.H., T.B., B.H., M.P.F., M.C., F.T., J.F., C.K., and J.O. (collectively, "Defendants"). Considering the Motion to Amend, Plaintiff B.R.'s ("Plaintiff") Opposition to Defendants' Motion to Amend ("Opposition") (Dkt. 108), and Defendants' Reply Brief in Support of the Motion to Amend ("Reply") (Dkt. 109), and for the following reasons, it is hereby ORDERED that the Motion to Amend is GRANTED.

## I.  BACKGROUND

This matter concerns Plaintiff's claims that "from October [of] 2011 until February [of] 2012," she was "raped, sexually assaulted, sexually harassed, terrorized, extorted, bullied, and threatened with death by other students" at her former middle school. Dkt. 37, ¶ 11. Plaintiff pleads that after reporting these occurrences to certain members of her former school district's faculty, those faculty members "deflected, minimized, [ ] ignored [ ] [her] serious complaints, and blamed [ ] [Plaintiff] for her mistreatment[.]" *Id*. at ¶ 13.

On July 12, 2019, Plaintiff filed her original Complaint against Defendants alleging violations of Title IX, 42 U.S.C. § 1983, assault and battery, and gross negligence. Dkt. 1. Plaintiff did so under the pseudonym "Jane Doe" despite not having received leave of Court. *See id.* In response, Defendants moved to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), *see* Dkt. Nos. 17; 19; 30. Defendants argued that dismissal was appropriate under Rule 12(b)(1) because Plaintiff improperly commenced this action using a pseudonym without first obtaining leave of Court. Dkt. 18, 5-7. Defendants further explained that this failure to obtain leave of Court stripped this Court of subject matter jurisdiction. *Id.* Defendants reasoned that at that point in the litigation, amendment to the Complaint would be futile because the statute of limitations had then expired, and amendment would not relate back to the original date of filing. *Id.*

On November 27, 2019, Plaintiff filed her Amended Complaint and moved that the Court grant her leave to proceed by pseudonym. *See* Dkt. Nos. 42; 43.

Defendants then filed a series of motions, including a motion to strike the Amended Complaint (Dkt. 42), and moved to dismiss the Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) (Dkt. Nos. 53; 56; 66; 59). The parties also litigated Plaintiff's motion for leave to proceed by pseudonym. Dkt. Nos. 43; 62; 63; 64; 65.

After all of the aforementioned motions were fully briefed, and the parties came before this Court for oral argument on each of those motions, on March 10, 2020, this Court entered an Order ("March 10, 2020 Order") deciding each of the then-pending motions.

Importantly, this Court declined to find that Plaintiff's failure to first obtain leave of Court to proceed by way of pseudonym was a jurisdictional defect that could not be cured at the time that the March 10, 2020 Order was entered. *See* Dkt. 85, 18-28. In so finding, this Court recognized that "'federal policy favors . . . resolving cases on their merits instead of disposing of them on' nuanced circumstances." *Id.* at

24 (quoting *Logar v. West Virginia Univ. Bd. of Governors*, No. 12—1133, 2012 WL 3871757 at *2 (4th Cir. 2012) (internal citations omitted)).  The Court also acknowledged that the Fourth Circuit has held in relevant part that "'leave to amend a pleading should be denied only when the amendment . . . would [ ] be[ ] futile.'"  Dkt. 85, 24 (quoting *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006)).  And while Defendants argued that amendment would be futile because it would not save Plaintiff's claims from the statute of limitations bar, the Court found that Defendants' argument on that point was premised on out-of-circuit authority.  Dkt. 85, 24 (citing the cases that Defendants cited from the Tenth, Sixth, and Eighth Circuits).

This Court further noted that while some authority existed to support Defendants' position, "courts have adopted divergent views on" whether failure to obtain leave to proceed by pseudonym is a jurisdictional defect.  *Id.* at 25 (citing cases from the Eastern District of Louisiana, the Central District of California, the Northern District of Georgia, and the Western District of North Carolina).  However, it did not appear that at that point, the United States Court of Appeals for the Fourth Circuit nor the Supreme Court of the United States had issued guidance that would necessitate that this Court adopt either of the two competing views.  Dkt. 85, 25.  Ultimately, the Court found that "although [it was] [ ] improper procedure, Plaintiff's failure to include her name in her [o]riginal Complaint d[id] not divest this Court of subject matter jurisdiction on a question of federal law."  *Id.*  Moreover, as a matter of policy, "[b]earing in mind the nature of the[ ] allegations, this Court d[id] not find it appropriate, in the interest of justice, to dispose of the matter based on a nuanced circumstance, of which reasonable jurists have established divergent views."  *Id.*

Additionally, on the issue of relation back, this Court observed that Defendants cited to the Eighth Circuit's opinion in *Capers v. Nat'l RR. Passenger*, 673 F. App'x 591, 594-95 (8th Cir. 2016), to support its claim that amendment would not relate back to the time of filing.  *Id.* at 27.  This Court observed that

3

in *Capers*, the Eighth Circuit found that that particular "plaintiff's request to amend was precluded pursuant to 'Federal Rule [of Civil Procedure] 10(a).'" *Id*. (quoting *Capers*, 673 F. App'x at 594). This Court then examined "the plain language" of that rule, and found that "[n]otably, Rule 10(a) is silent regarding" whether failure to caption a pleading with a party's name "is a jurisdictional flaw [ ] [and] whether violation of [that] rule precludes relation back." Dkt. 85, 27. The Court also recognized that on the issue of relation back, Defendants had not "provided this Court with any controlling authority from the Fourth Circuit or the Supreme Court, or persuasive authority from a district court in this circuit adopting the Eighth Circuit's interpretation of Rule 10(a)." *Id*. Therefore, the Court "decline[d] to read Rule 10(a) as prohibiting relation back where a plaintiff asks to amend to adhere to the Rule." *Id*. Accordingly, the Court granted Plaintiff leave to amend because it did not appear that amendment would be futile. *Id*.

Defendants now move this Court to amend its March 10, 2020 Order to certify it for interlocutory appeal. Dkt. 91. Plaintiff has opposed the Motion to Amend, Dkt. 108, and Defendants have filed their Reply, Dkt. 109. The Motion to Amend has been fully briefed and is now ripe for disposition. This Court dispenses with oral argument because it would not aid in the decisional process. Local Civil Rule 7(J); Fed. R. Civ. P. 78.

## II. STANDARD OF REVIEW

Generally, "appeals may be had only after a final judgment." *Rogers v. Richmond*, No. 3:11-cv-620, 2012 WL 13195186, at *1 (E.D. Va. Apr. 10. 2012) (citing 28 U.S.C. § 1291). However, 28 U.S.C. § 1292 provides for an exception to that general rule in that:

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under [ ] section [1292], shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).  Thus, to certify interlocutory appeal of a civil order, the district court must find the following to be true: that the case "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Rogers*, 2012 WL 13195186, at *1 (citing 28 U.S.C. § 1292(b)).

"Certification for interlocutory review under § 1292(b) is an 'extraordinary remedy' available only in 'exceptional situations.'" *Cooke-Bates v. Bayer Corp*, No. 3:10-cv-261, 2010 WL 4789838, at *2 (E.D. Va. Nov. 16, 2010) (quoting *Fannin v. CSX Transp., Inc.*, No. 88-8120, 1989 WL 42583, at *2 (4th Cir. Apr. 26, 1989)).  Such certification "should be used sparingly and, accordingly, its requirements are strictly construed." *Cooke-Bates*, 2010 WL 4789838, at *2 (citation omitted).  "The party seeking certification bears the burden of proving" that certification is appropriate under § 1292(b) "and that 'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Rogers*, 2012 WL 13195186, at *1 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474-75 (1978)).  And, "[t]he decision whether to certify an order for interlocutory appeal lies within the sound discretion of the district court." *Rogers*, 2012 WL 13195186, at *2 (citing *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 46 (1995)).

### III. ANALYSIS

Defendants now move this Court to amend its March 10, 2020 Order to certify it for appeal of the following question:

> [w]hether a plaintiff's failure to obtain leave of court to file a complaint pseudonymously is a jurisdictional defect such that a later order granting leave to proceed pseudonymously does not relate back to the original filing for purposes of the statute of limitations.

Dkt. 91, 8-9.  To this end, Defendants maintain that the March 10, 2020 Order should be so certified because (1) the issue Defendants desire to appeal "presents a controlling question of law[;]" (2) "[a]

substantial ground for difference of opinion' surrounds" that question; and (3) "[a]n immediate appeal 'may materially advance' the resolution of this litigation." *Id*. at 3-8 (internal quotations omitted).

Plaintiff opposes each of these arguments and maintains that certification in accordance with § 1292(b) is improper. *See generally*, Dkt. 108.

For the reasons that follow, this Court will certify its March 10, 2020 Order for § 1292(b) interlocutory appeal, as under these particular circumstances, certification is appropriate.

A.  The issue that Defendant requests be certified is a controlling question of law.

Defendants maintain that § 1292(b) certification is appropriate because the legal issue in dispute is a controlling question of law. Dkt. 92, 3-4. Defendants seek interlocutory appeal to determine whether in the Fourth Circuit, failure to request leave to proceed by pseudonym is a jurisdictional error that cannot be cured when an order granting leave is issued after the limitations period has expired. *Id*.

Plaintiff rebuts that this question should not be certified as it does not present a pure question of law. Dkt. 108, 4-6. This Court disagrees.

In rendering its March 10, 2020 Order, this Court noted that there did not appear to be binding authority on the issue of whether failure to obtain leave to proceed by pseudonym was a jurisdictional flaw that even if cured, would relate back to the time of filing. Defendants argued that the Court should adopt the views of the Sixth, Eighth, and Tenth Circuits on this legal issue, Dkt. 18, 5-7, and Plaintiff contended that the Court should not adopt those courts' views, Dkt. 71, 16-19. Defendants acknowledged that while the Sixth, Eighth, and Tenth Circuits had one view of the law, other jurisdictions did not share that same perspective. Dkt. 18, 5-6, n. 1. Based on the then-existing authority, this Court found that in this case, amendment was warranted. Dkt. 85, 26.

Plaintiff argues that the issue on which Defendants seek interlocutory appeal challenges the Court's application of the law to the facts of this particular case. Dkt. 108, 5. This Court disagrees. This

Court recognizes the implications that an interlocutory appeal may have on the Court's application of the then-existing law to the facts of this case. Nevertheless, the question that Defendants ask to be certified is not a question of whether this Court properly applied settled law to the facts of this matter. Rather, the interlocutory appeal of the issue presented would allow the Fourth Circuit to definitively settle the appropriate legal standards that should be applied.

What is more significant is that this legal determination is controlling. While Plaintiff does not seriously challenge whether the issue for certification would be controlling, this Court observes that contingent upon the Fourth Circuit's disposition on the issue, this Court may be required to find that it lacks jurisdiction over certain claims. Thus, the issue is indeed controlling.

Accordingly, this Court finds that Defendants have met their burden with respect to the requirement that the issue for interlocutory appeal be a controlling question of law.

B.   There is a substantial ground for difference of opinion regarding the appropriate legal framework.

In the March 10, 2020 Order, this Court observed that certain courts have found failure to obtain leave to proceed by pseudonym is jurisdictional, while other courts have taken a different view. Dkt. 85, 24-25. Indeed,

> [t]he party moving for interlocutory certification must also demonstrate that a "substantial ground for difference of opinion" exists *as to the controlling question of law*. § 1292(b). This "substantial ground" . . . must arise "out of a genuine doubt as to *whether the district court applied the correct legal standard*." *Wyeth v. Sandoz, Inc.*, 703 F. Supp. 2d 508, 527 (E.D.N.C. 2010)[.]

*Hengle v. Asner*, 3:19-cv-250, 2020 WL 855970, at *6 (E.D. Va. Feb. 20, 2020) (emphasis added). Given that reasonable jurists in various circuits have disagreed on the jurisdictional nature of obtaining leave to proceed by pseudonym, this Court finds that there is "substantial ground for difference of opinion" as to the issue on which Defendants' seek certification. Thus, this second requirement is also satisfied.

C. Whether immediate appeal would materially advance the ultimate termination of the litigation

As it stands, there are three claims implicating Virginia state law and a single federal claim pending against a single defendant.  The Court finds that instruction from the Fourth Circuit as to the issues presented may materially advance the termination of at least one these claims.  This is not to predict the Fourth Circuit's disposition, nor to provide any indication as to this Court's future judgment should this Court's March 10, 2020 Order be undone and the case be remanded.  Rather, this finding is limited to this Court's acknowledgement that the Fourth Circuit's ruling on the jurisdictional issue may serve to materially advance the ultimate termination of the litigation.

## IV.   CONCLUSION

Accordingly, for the foregoing reasons, it is hereby ORDERED that Defendants' Motion to Amend (Dkt. 91) is GRANTED and the Court AMENDS its March 10, 2020 Order (Dkt. 85) to certify that Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) on the question of whether a plaintiff's failure to obtain leave of court to file a complaint pseudonymously is a jurisdictional defect such that a later order granting leave to proceed pseudonymously does not relate back to the original filing for purposes of the statute of limitations.

It is SO ORDERED.

Alexandria, Virginia
November 9, 2020

_____ /s/
Rossie D. Alston, Jr.
United States District Judge