UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **B.R.,**  **Plaintiff,**  v.  **F.C.S.B., et al.,**  **Defendants.** | **Case No. 1:19-cv-917 (RDA/TCB)** |

**CONSENT MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

COMES NOW Plaintiff, B.R., by counsel, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and with the consent of counsel for Defendants Fairfax County School Board ("F.C.S.B."), S.T., A.F., P.A.H., T.B., B.H., M.P.F., M.C., F.T., J.F., C.K., and J.O. ("Defendants"), respectfully moves this Court for leave to file a Second Amended Complaint. In support thereof, Plaintiff states as follows:

1. Plaintiff filed her Complaint on July 12, 2019 against the Fairfax County School Board ("FCSB") and multiple individual school officials and employees (Dkt. 1). On November 9, 2020, she filed an Amended Complaint (Dkt. 114).

2. Defendants moved to dismiss various counts in Plaintiff's Amended Complaint and, in its Order entered on March 10, 2020, this Court dismissed Plaintiff's Count II (42 U.S.C. § 1983/Fourteenth Amendment Claims); Counts III and IV (State

1

Common Law - Assault and Battery claims) with respect to Defendant F.C.S.B.; and Count V (State Common Law – Gross Negligence claims) with respect to Defendant F.C.S.B. (Dkt. 85).

3. In its March 10, 2020 Order, the trial court also held that, although Plaintiff had not adhered to Rule 10(a) of the Federal Rules of Civil Procedure in using a pseudonym to identify herself, it had subject matter jurisdiction over the case. Defendants sought and were granted an interlocutory appeal of that decision. The Fourth Circuit affirmed this Court's decision that it had subject matter jurisdiction over the case on November 2, 2021 (Dkt. 119, 120, 122).

4. Plaintiff, having since retained new counsel, now seeks leave to amend her Amended Complaint to add factual allegations and allege new causes of action. In her proposed Second Amended Complaint, attached as **Exhibit A**, Plaintiff asserts the following causes of action:

   - Count I: Violation of Title IX -Discrimination (against F.C.S.B.);

   - Count II: Violation of Title IX – Retaliation (against F.C.S.B.);

   - Count III: Violation of the First Amendment (against S.T., A.F., P.A.H., T.B., B.H., M.P.F., M.C., F.T., and J.F.);

   - Count IV: Violation of the Fourteenth Amendment – Equal Protection (against S.T., A.F., P.A.H., T.B., B.H., M.P.F., M.C., F.T., and J.F.);

   - Count V: Violation of the Fourteenth Amendment – Substantive Due Process (against S.T., A.F., P.A.H., T.B., B.H., M.P.F., M.C., F.T., and J.F.);

   - Count VI: Violation of the Fourteenth Amendment – Equal Protection (against F.C.S.B.);

   - Count VII: Gross Negligence – Virginia Common Law – Breach of Duty of Supervision and Care (against S.T., A.F., P.A.H., T.B., B.H., M.P.F., M.C., F.T., and J.F.);

- Count VIII: Gross Negligence – Virginia Common Law – Breach of Assumed Duty of Care (against S.T., A.F., P.A.H., T.B., B.H., M.P.F., M.C., F.T., and J.F.);

- Count IX: Virginia Common Law Assault and Battery (against C.K.); and

- Count X: Virginia Common Law Assault and Battery (against J.O.).

5. A party may amend its complaint after a responsive pleading has been served "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Rule 15 of the Federal Rules of Civil Procedure directs that such "leave shall be freely given when justice so requires." *Id.* The liberality of the rule "gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citing *Conley v. Gibson*, 355 U.S. 41, 48, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Therefore, "leave to amend a pleading should be denied 'only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

6. Plaintiff has conferred with all Defendants, and they do not oppose Plaintiff's request for leave to file a Second Amended Complaint; however, Defendants reserve all rights in responding to that complaint.

7. WHEREFORE, for the reasons stated herein, Plaintiff, by counsel, respectfully moves this Court for an Order granting her Motion for Leave to File a Second Amended Complaint, deeming the Second Amended Complaint filed as of the date of the Court's entry of its Order, and further

ordering that Defendants file responsive pleadings within 14 days of the entry of the Order in accordance with Rule 15(a)(3) of the Federal Rules of Civil Procedure.

Respectfully submitted,

B.R., Plaintiff

Dated: June 15, 2022

   /s/   Kevin Biniazan
Kevin Biniazan (VSB No. 92109)
Jeffrey A. Breit (VSB No. 18876)
BREIT BINIAZAN, PC
Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, Virginia 23451
(757) 670-3925 Office
(757) 670-3939 Facsimile
Email: kevin@bbtrial.com
Email: jeffrey@bbtrial.com

Justin M. Sheldon (VSB No. 82632)
Lee Adair Floyd (VSB No. 88459)
BREIT BINIAZAN, PC
7130 Glen Forest Drive, Suite 400
Richmond, Virginia 23226
Telephone: 703-517-3514
Facsimile: 757-299-8028
Email: justin@bbtrial.com
Email: lee@bbtrial.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that, on the 15th day of June, 2022, I have electronically filed the foregoing Motion with the Clerk of the Court using CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record.

By:   /s/     Kevin Biniazan
Kevin Biniazan (VSB No. 92109)
BREIT BINIAZAN, PC
Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, Virginia 23451
(757) 670-3925 Office

(757) 670-3939 Facsimile
Email: kevin@bbtrial.com
*Counsel for Plaintiff*