IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| B.R., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil No. 1:19-cv-00917-RDA-WEF |
| | ) |
| FAIRFAX COUNTY SCHOOL BOARD, et al., | ) |
| | ) |
|     Defendants. | ) |

**BRIEF IN SUPPORT OF DEFENDANTS FAIRFAX COUNTY SCHOOL BOARD, S.T., A.F., P.A.H., T.B., B.H., M.P.F., M.C., F.T., AND J.F.'S MOTION TO ENFORCE STIPULATION REGARDING THIRD-PARTY DISCOVERY AND COMPEL PLAINTIFF TO EXECUTE DOCUMENT RELEASES**

Defendants Fairfax County School Board (the "School Board") and S.T., A.F., P.A.H., T.B., B.H., M.P.F., M.C., F.T., and J.F. ("the Individual School Defendants") file this Motion seeking two forms of relief. First, the School Board and Individual School Defendants seek to enforce the Parties' stipulation to continue with third-party document subpoenas while discovery is stayed—which all Parties had previously agreed would help to streamline discovery once it formally recommences. The Parties have issued approximately fifty (50) such subpoenas, but Plaintiff, who recently again changed legal representation, is now refusing to abide by this agreement and has apparently directed at least one subpoena recipient not to respond. Second, the School Board and Individual School Defendants request that the Court compel Plaintiff to execute general releases authorizing her subpoenaed medical providers and educational institutions to release her medical and educational records covered by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the Family Educational Rights and Privacy Act ("FERPA"), and any other similar laws within two days of their request. The Court has already

1

entered a Stipulated Protective Order to safeguard the confidentiality of these records during discovery.

Defendants J.O. and C.K. do not oppose this request.

## **RELEVANT BACKGROUND**

1. On April 20, 2022, the Court issued the Initial Scheduling Order, authorizing the Parties to commence discovery immediately. ECF No. 129. The following day, the Parties began discovery, including issuing interrogatories, requests for production of documents, and over a dozen subpoenas to third parties.[1]

2. On April 22, 2022, the Parties filed a Joint Motion to Enter Stipulated Protective Order to govern the production and exchange of confidential and sensitive information from parties and third-parties alike. ECF No. 131. The Court entered the Stipulated Protective Order the same day. ECF No. 134.

3. In the course of conferring regarding a discovery plan under Rule 26(f), Plaintiff's then-counsel, Breit Biniazan, P.C.—who in November 2021 replaced her prior attorneys (ECF Nos. 123 through 128)—advised the Defendants that they intended to seek leave to amend her complaint a second time. On May 11, 2022, the Parties jointly requested that the Court stay discovery pending filing of the Second Amended Complaint and resolution of the School Board's anticipated Rule 12(b)(6) motion. ECF No. 135. The Parties agreed that they did not want to engage in party discovery when the factual and legal issues in the case were evolving. *Id*. Moreover, the School Board's anticipated motion to dismiss certain claims and damages could obviate certain party discovery. *Id*.

---

[1] Some of the subpoenas were issued by the Individual School Defendants.

2

4. On May 12, 2022, the Court granted the joint motion and stayed discovery "pending resolution of F.C.S.B.'s Rule 12(b)(6) motion to dismiss . . . ." ECF No. 137 at 1.

5. On May 13, 2022, the Parties exchanged their Rule 26(a)(1) Initial Disclosures. Plaintiff listed eighty-seven (87) third parties with discoverable information relevant to her claims.

6. The Parties thereafter met and conferred regarding the timing of Plaintiff's proposed Second Amended Complaint and discovery scheduling.

7. On June 15, 2022, Plaintiff filed her Second Amended Complaint. ECF Nos. 138-1 through 138-19.

8. On June 16, 2022, the Parties, pursuant to Fed. R. Civ. P. 26(d)(1), stipulated to conduct some discovery during the stay. They agreed that: "All parties are permitted to serve third party SDTs [subpoenas *duces tecum*] and all parties are entitled to receive copies of all productions received in response to a third party SDT." *See* Exhibit 1. The Parties agreed that this would allow discovery to be streamlined and timely completed once the Court ruled on the School Board's anticipated Rule 12(b)(6) motion.

9. On June 22, 2022, the Parties filed a joint motion requesting a briefing schedule for Defendants' Rule 12 motions. ECF No. 145.

10. Pursuant to their stipulation regarding limited discovery during the stay, the School Board, Plaintiff, and the Individual School Defendants continued to issue and receive responses to subpoenas throughout June and July 2022. Plaintiff's then-counsel also facilitated the execution of about eight releases by Plaintiff authorizing her medical providers to release records pursuant to the subpoenas.[2]

---

[2] After June 16, 2022, Plaintiff withdrew from two other provisions of the stipulation regarding discovery. The School Board met and conferred with her prior counsel regarding those matters, and is not seeking to enforce any other provisions of the stipulation.

11.     On July 25, 2022, Plaintiff's newest counsel—from The Dhillon Law Group—entered his appearance in the case, and Breit Biniazan, P.C. filed a motion for leave to withdraw. ECF Nos. 149, 150. The School Board was not given any advance notice of the motion. The withdrawal did not represent that any of the Defendants had been asked for their position on the relief sought. *See* ECF No. 150. Moreover, the motion assured the Court that "there will be no disruptive impact on Defendants in the prosecution of this litigation." *Id.* at 1.

12.     The next day, July 26, 2022, the Court granted the withdrawal motion. ECF No. 151.

13.     On the same day, Counsel for the Individual School Defendants contacted Plaintiff's new counsel by email to relay a request from a third party medical provider. The third party requested Plaintiff to provide a revised HIPAA authorization to specifically authorize release of Alcohol/Drug Treatment information, Mental Health Information, and HIV-Related Information, if any. Plaintiff's new counsel did not respond to that request. On July 30, 2022, Counsel for the Individual School Defendants emailed Plaintiff's new counsel requesting a telephone discussion either that day or early the following week. Plaintiff's new counsel did not respond to that request.

14.     Plaintiff's new counsel entered the case just two days before Defendants' Rule 12 motions were due. *See* ECF No. 146. On July 26, 2022, Defendants conferred with Plaintiff's new counsel regarding the impact of substitution of counsel on the briefing schedule. They agreed to extend the briefing schedule modestly to accommodate Plaintiff's new counsel.

15.     On July 27, 2022, Plaintiff filed an Unopposed Motion to Modify Briefing Schedule. ECF No. 154.

16. On July 28, 2022, the School Board's counsel reached out to Plaintiff's new counsel to discuss issues related to subpoenas. By that point, about fifty (50) subpoenas had been issued since the start of discovery by the School Board, Plaintiff, and the Individual School Defendants. One subpoena recipient had explained to counsel for the School Board that they had not responded to the subpoenas because Plaintiff personally had asked them not to do so. About a dozen others had not responded because Plaintiff never provided a HIPAA or FERPA release. The School Board also requested that Plaintiff execute: (i) a general HIPAA release that could be provided to previously-subpoenaed medical providers who were not responding to the subpoenas without the release; and (ii) a FERPA release that could be provided to previously-subpoenaed educational institutions who were not responding to the subpoenas without the release.

17. Through email exchanges between July 28 and August 2, 2022, it became clear that Plaintiff's new counsel was unaware of the stipulation made by Plaintiff through her prior counsel. On August 4, 2022, counsel for the School Board and Plaintiff conferred by telephone, but were unable to reach a resolution.

## **ARGUMENT**

The School Board and Individual School Defendants seek two forms of relief.

First, the School Board and Individual School Defendants request the Court enforce the Parties' stipulation to continue to engage in third-party document discovery while the remainder of formal discovery is stayed. As outlined above, the Parties began issuing subpoenas when discovery commenced. After discovery was stayed at the Parties' request, the Parties—including Plaintiff—stipulated pursuant to Fed. R. Civ. P. 26(d)(1) to continue with subpoenas.

As the Court undoubtedly has seen, third parties often do not respond to subpoenas within the required deadlines, which can cause delays in the pretrial discovery. That risk is particularly great in this case, given the large number of third parties with relevant discoverable information—

5

eighty-seven (87) in Plaintiff's Initial Disclosures alone. Indeed, there are already about a dozen third parties who have not responded by the return dates designated in their subpoenas, and most of these responses are two months overdue. The Parties' stipulation to continue third-party document discovery was necessary to streamline discovery and ensure that discovery would be completed expeditiously once the Court has ruled upon the pending Rule 12 motions. Plaintiff relied upon—and received the benefit of—the stipulation by, herself, issuing a subpoena. Moreover, Defendants relied on this stipulation in setting the briefing schedule with her prior counsel (ECF No. 145), and in agreeing to modify the schedule to accommodate her new counsel (ECF No. 154). The Court should, therefore, enforce the Parties' stipulation to proceed with third-party document discovery.

Second, the School Board and Individual School Defendants request that Plaintiff be compelled to execute a general HIPAA release (attached at Exhibit 2) and any other releases (including FERPA releases) required by subpoenaed entities. When a Plaintiff places her medical condition at issue, that information is relevant and discoverable absent a showing of bad faith. *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000) ("[Plaintiff's] claims against the USPS placed her medical condition at issue, making the information sought by the USPS relevant, and absent a showing of bad faith, discoverable."); *see also Thigpen v. United States*, 800 F.2d 393, 397 (4th Cir. 1986) ("Trial courts . . . are given wide discretion to control this discovery process . . ."). This Court has repeatedly ordered parties to execute medical releases. *See Rattner v. Chubb Nat'l Ins. Co.*, No. 1:17-cv-00136-GBL-MSN, 2017 WL 2334994, at *2 (E.D. Va. May 30, 2017) (Nachmanoff, J.) (granting defendant's motion to compel requiring plaintiff to provide defendant with signed HIPAA releases); *Quinteros v. Burlington Coat Factory Warehouse Corp.*, No. 1:20-

cv-00452, 2020 WL 6940373, at *1 (E.D. Va. Oct. 24, 2020) (noting that the court previously granted defendants' motion to compel requiring that plaintiff sign medical authorization forms).

Plaintiff, through her previous counsel, agreed to execute individual HIPAA and FERPA releases if requested by the subpoena recipient, but refused to execute a general release. But that has quickly proved inefficient and has allowed Plaintiff to slow and even block discovery. In many instances, respondents refused to produce records without a release. Defense counsel was forced to advise Plaintiff's counsel and request a specific release for each such provider. In many instances, Plaintiff did not execute the release at all. If she did, she did not do so promptly. If defense counsel did receive a signed release, they had to forward that release back to the provider, who often took several more weeks to produce the records. In order to avoid the delays caused by piecemeal releases, the School Board and Individual School Defendants request that Plaintiff be compelled to execute an unredacted version of the HIPAA release at Exhibit 2 and any other release (including FERPA releases) required by subpoenaed entities within two business days of being provided with the release.

Dated: August 12, 2022

By: /s/Ryan M. Bates
Ryan M. Bates (VSB No. 74661)
Perie Reiko Koyama (*pro hac vice*)
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue, NW
Washington DC 20037
Telephone: (202) 955-1500
Facsimile: (703) 918-4018
rbates@HuntonAK.com
pkoyama@HuntonAK.com

*Counsel for Defendant
Fairfax County School Board*

By: */s/Michael E. Kinney*
Michael E. Kinney (VSB #65056)
MICHAEL E. KINNEY, PLC
1801 Robert Fulton Drive
Suite 120
Reston, Virginia 20191
Telephone: (703) 956-9377
Facsimile: (703) 956-9634
mk@kinneyesq.com

*Counsel for Defendants A.F., S.T., T.B., P.A.H., B.H., M.P.F, M.C., F.T., and J.F*

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2022, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record for all Parties.

By:     /s/
    Ryan M. Bates (VSB No. 74661)