IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| B.R., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 1:19-cv-00917-RDA-TCB |
| ) | |
| F.C.S.B., *et al.,* ) | |
| ) | |
| Defendants, ) | |
| ) | |
| _____ ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA TO HEALING MINDS COUNSELING, LLC AND SABINO RECOVERY PENDING MODIFICATION OF THE PROTECTIVE ORDER[1]**

In its March 10, 2020, Order, this Court acknowledged that "Plaintiff's claims in her Complaint are *egregious*" and that "the subject matter of such claims certainly warrants the utmost level of privacy." Order at 47, *B.R. v. F.C.S.B., et al.*, Civil Case No. 1:19-cv-00917 (E.D.Va. Mar. 10, 2020). Without additional protections, Defendant's subpoenas to Healing Minds Counseling, LLC and Sabino Recovery are inconsistent with the egregious nature of the

---

[1] Plaintiff previewed these concerns in her Response in Opposition to Defendants Motion to Enforce Stipulations. ECF No. 171 at 5 n.1 ("Plaintiff notes that several of the subpoenas Defendants seek to enforce involve records relating to Plaintiff's current mental health treatment. The relevance of this material appears to be tied to claims that are the subject of Defendants' motions to dismiss, raising precisely the sort of concerns that animated the Joint Motion. Moreover, Plaintiff is likely to object to these subpoenas (if and when they are validly issued) on the grounds that their probative value in this case is outweighed by the negative impact on Plaintiff's ongoing mental health treatment. *See Kinder v. White*, 609 F. App'x 126, 131 (4th Cir. 2015) (overturning district court ordering production of therapy records and ordering any records already produced to be destroyed or burned); *Klug v. Marshall University Board of Governors*, No. 3:18-cv-00711 (S.D.W. Va. March 29, 2021) (In a sexual harassment case, limiting discovery of psychotherapy records from a requested 10 year window to just two years, and allowing treatment providers to provide summaries instead of the actual notes); *Vasconcellos v. Cybex Intern., Inc*., 962 F. Supp. 701 (D. Md. 1997) (quashing overbroad subpoena into therapy notes and records that would hurt the plaintiff's mental health in a sexual misconduct case).") In addition, Plaintiff has repeatedly noted these concerns in subsequent discussions with Defense counsel.

1

conduct at issue, fail to provide the "utmost level of privacy," and subject Plaintiff to an undue burden.

## RELEVANT FACTS

This case arises from the severe sexual abuse of a 12-year-old child who was repeatedly gang raped, assaulted, and harassed. SAC at ¶ 73.  In April 2022, the plaintiff, represented by prior counsel, produced roughly 3,000 documents to the defendants. At the same time, the defendants produced no documents, and instead merely designated categories of documents. Within the plaintiff's initial disclosures were at least 1,500 pages of medical records, including at least hundreds of pages of psychotherapy notes, starting from when the plaintiff was 12 years old and the abuse occurred until present day. These explicitly included 26 pages of medical records from Dr. Ward, Plaintiff's current treating provider, who has only treated her since 2020.

On May 12, 2022, on the party's joint motion, the Court ordered a discovery stay. The Parties asked for the stay because they (and particular the Defendants) felt the recently decided *Cummings v. Primier Rehab Keller*, 142 S. Ct. 1562 (2022) eliminated the plaintiff's emotional damages, and would thus "obviate" the need for additional discovery. ECF No. 135 at ¶ 3. The court granted the Parties' Motion.  ECF No. 137. To this day, there has not been a pre-trial conference to set the scope of discovery, and there are currently motions to dismiss pending that will substantially impact the scope of this case.

Despite the discovery stay, the defense issued about fifty (50) subpoenas to third parties. *See* ECF No. 183 at ¶ 2.  The defense purported to have a stipulation—in the form of an email between counsel prior counsel and themselves. In good faith, the plaintiff signed releases for approximately 45 of the 50 entities the defense subpoenaed:

On August 12, 2022, Defendants filed a Motion to Enforce Stipulation Regarding Third Party Subpoenas.  *See* ECF No. 165; ECF No. 166.  After briefing and a hearing on August 26, 2022, the Court denied Defendant's motion to compel, ruling that the court order from May 12, 2022 was clear and unequivocal, and that the pre-existing discovery requests were invalid.  *See* ECF No. 176.  However, the court invited the defendants to file a motion to modify the discovery stay to address potential spoliation by third party medical facilities. *Id.*.

With the understanding of spoliation, the parties agreed to a joint motion allow the pre-existing releases, subject to modification. ECF No. 177.  The joint motion expressly allowed the parties to seek modifications of the court order. *See* ECF No. 177-1. Nothing in either the joint motion nor the accompanying order precluded the filing of a protective order or objection to any discovery request. ECF No. 178.  In fact, the joint motion specifically stated that the defendant's release would be "modified." ECF No. 177, ¶7.  There was also no requirement for the plaintiff's signature to be in writing.

## ARGUMENT

As the Supreme Court has recognized "Effective psychotherapy . . . depends upon an atmosphere of confidence and trust in which the patient is willing to make a frank and complete disclosure of facts, emotions, memories, and fears." *Jaffee v. Redmond*, 518 U.S. 1, 10 (1996). "Because of the sensitive nature of the problems for which individuals consult psychotherapists, disclosure of confidential communications made during counseling sessions may cause embarrassment or disgrace." *Id*.  Accordingly, "the mere possibility of disclosure may impede development of the confidential relationship necessary for successful treatment." *Id*.  *See also Vasconcellos v. Cybex Intern., Inc.*, 962 F. Supp. 701, 708-709 (D. Md. 1997) (noting that concern that disclosure of therapy records would harm the confidential patient-therapist

3

relationship "is still an important consideration to the Court, even if [the Plaintiff] has placed her mental state at issue.").

As alleged in the Complaint, Plaintiff is a victim of serious abuse. She has sought, and received, significant mental health treatment dating back to the events described in the Complaint, which occurred over a decade ago. To wit, Plaintiff's initial disclosures reported 28 medical provides, many of which provided mental health treatment. Plaintiff continues to seek and receive mental health treatment today.

Therapy records from Sabino Recovery and/or Healing Minds Counseling cannot contain contemporaneous or even close in time recollections of the events at issue. Sabino Recovery and Healing Minds Counseling, LLC are both relatively recent mental health service providers for Plaintiff. Plaintiff sought treatment from Sabino Recovery beginning in 2018, and from Healing Minds Counseling, LLC, beginning in 2022. The statements made to counselors at these locations are thus more likely to contain information relating to current people and events in Plaintiff's life, the widespread dissemination of which could cause a greater degree of embarrassment and burden for Plaintiff.

This is particularly true relative to other sources of information, such as other previous medical providers, whose records either have been provided or are being provided. By their own count, "[t]he School Defendants have issued about 50 subpoenas *duces tecum* to third parties." ECF No. 183 at ¶ 2. Plaintiff has objected to three. Defendants thus have plenty of sources of information, including medical records that are closer in time and more directly relevant to the events described in the Complaint. While they have some probative value into Plaintiff's current mental state, this limited value is greatly outweighed by the potential harm caused by their

4

disclosure, particularly in light of the alternative avenues available (and to which Defendants have availed themselves) to obtain similar relevant information.

In addition, Defendant F.C.S.B. has moved to dismiss claims relating to "emotional damages." *See* ECF No. 162 (Memorandum in Support of Defendant Fairfax County School Board's Partial Motion to Dismiss and Strike Second Amended Complaint). For the reasons set out in Plaintiff's Response (ECF No. 169), Plaintiff disagrees with Defendant's Motion to Dismiss. However, Plaintiff notes that if Defendant F.C.S.B. prevails with regards to emotional damagers, whatever evidentiary value records held by Sabino Recovery and Healing Minds Counseling, LLC contain is likely to be reduced considerably.

Given the highly personal nature of these records relative to their probative value in this case, the widespread dissemination of the information contained therein, including to defendants in this case who are accused of raping, assaulting, and harassing Plaintiff, constitutes an undue burden. In order to limit this burden, Plaintiff seeks to modify the protective order in this case in order to allow Plaintiff to designate discovery material "attorneys' eyes only." Records from Sabino Recovery and Healing Minds Counseling are among the materials that Plaintiff intends to designate "attorney's eyes only" upon modification of the protective order. If these records are released prior to the requested modification, it will be difficult, if not impossible, to have an enforceable guarantee that the records will not be disseminated to the defendants.

Accordingly, Plaintiff moves to quash the subpoena issued to Sabino Recovery and Healing Minds Counseling pending the modification of the protective order.

Dated: September 9, 2022                    Respectfully submitted,

/s/ David A. Warrington
David A. Warrington (VSB No. 72293)
Gary M. Lawkowski (VSB No. 82329)
DHILLON LAW GROUP INC.
2121 Eisenhower Avenue, Suite 402
Alexandria, VA 22314
Telephone: 703.574.1206
Facsimile: 415.520.6593
dwarrington@dhillonlaw.com
glawkowski@dhillonlaw.com

Karin M. Sweigart (Admitted Pro Hac Vice)
DHILLON LAW GROUP INC.
177 Post Street
Suite 700
San Francisco, CA 94108
Telephone: 415-433-1700
Facsimile: 415-520-6593
ksweigart@dhillonlaw.com

*Counsel for Plaintiff B.R.*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record in this action.

Date: September 9, 2022

By: <u>/s/ David A. Warrington</u><br>David A. Warrington