IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| B.R., <br><br>      Plaintiff, <br><br> v. <br><br> F.C.S.B., *et al.*, <br><br>      Defendants. | CASE NO. 1:19-cv-00917-RDA-WEF |

**DEFENDANT J.O.'S SUPPLEMENTAL RESPONSE
TO PLAINTIFF'S PROPOSED PROTECTIVE ORDER MODIFICATION**

**I.      INTRODUCTION**

In accordance with this Court's direction, the Defendants worked with Plaintiff's counsel to attempt to reach an agreed modification of the existing Protective Order. After a discussion between counsel, and the exchange of drafts of a modified order, the parties narrowed the scope of dispute to a few specific items, understanding that ***if*** the Court determined that the existing Protective Order should be modified, these remaining defined issues would be left to the Court to resolve. In accordance with this understanding, the Defendants filed their position statements addressing the defined areas of dispute.

The Plaintiff, however, submitted to the Court a Proposed Modified Protective Order that included different terms from the last edited version sent to the Defendants during the exchange of drafts[1]. The different terms essentially unreasonably alter the original Protective Order agreed to by all parties and require defense counsel to notify the Plaintiff three days before contacting

---

[1] Because Plaintiff's Proposed Modified Protective Order includes some provisions previously addressed in J.O.'s Response to Plaintiff's Motion to Amend the Stipulated Protective Order (ECF #199), this Supplemental Response will only address the additional provisions contained in the Plaintiff's filing on 9/23/2022.

1

persons who may have information that could lead to evidence admissible at trial – and to necessarily reveal defense counsel's legal strategy and work product in the process. This provision constitutes a prejudicial and unfair restriction on J.O.'s counsel's ability to prepare her defense in this case.

## II.     ARGUMENT

### I.   *J.O.'s Right to Participate in Her Defense and Defense Counsel's Ability to Conduct Discovery and Prepare a Defense Outweigh Plaintiff's Illogical and Restrictive Proposed Changes.*

Paragraph 6 of the Plaintiff's Proposed Modified Protective Order is unworkable and frankly nonsensical. This provision would require defense counsel to know (1) whether a potential witness "personally knows the Plaintiff" and (2) to know that this person does not have "personal knowledge of the allegations set forth in the complaint" before they can be contacted. Moreover, assuming counsel does have such knowledge, defense counsel must have "good cause" (which is not defined) to do so. Next, assuming that these circumstances exist, defense counsel must then advise Plaintiff, in advance, that they are going to contact these individuals, ensuring that Plaintiff has an opportunity to contact them first, and ensuring that Plaintiff has advance notice of what the defense is considering and/or investigating.

The absurdity of this provision is apparent: How is defense counsel able to know whether a potential witness knows the Plaintiff, and whether that potential witness has knowledge of the allegations in the Complaint, before contacting them? Is defense counsel permitted to contact a potential witness that does not have personal knowledge of the allegations set forth in the Complaint, but may have potential knowledge of Plaintiff's credibility or what the Plaintiff has said in the past regarding J.O.? What is meant by "good cause", and how is defense counsel required to show the existence of "good cause" before contacting a potential witness? Must this

"good cause" be provided to Plaintiff? Why is it even remotely fair that Plaintiff be entitled to advance notice of who the defense is seeking to contact and why counsel is seeking to speak with them?

The fact is that this provision seeks to prevent the defense from investigating Plaintiff's allegations and claims, while also allowing the Plaintiff to control who the defense can interview. Moreover, the provision also creates a nightmarish path for constant disputes, slowing the discovery process and burdening the Court.

### II.    *Plaintiff has Failed to Assert Any Evidence Supporting the Need for the Modification.*

While Plaintiff has argued that protections are needed in cases involving claims of sexual assault, she has offered nothing that supports the need for the restrictions sought in this case. Indeed, the only party in this case that has demonstrated a lack of concern for personal privacy is the Plaintiff, who publicly named J.O. in her initial Complaint without the permission of the Court, leading to the Court taking corrective action to try and limit the harm inflicted on J.O. Plaintiff has offered no evidence to support that defense counsel cannot be trusted to sensitively manage contacts with potential witnesses, nor have they presented even an assertion of noncompliance with the existing Protective Order.

### III.    CONCLUSION

Plaintiff's effort to handcuff defense counsel and to prevent the search for evidence is unjust, unfair, and unsupported by any allegation or evidence that J.O. or counsel have done anything to merit the imposition of such restrictive legal constraints that interfere with the defendants' right to collect evidence, to prepare their defenses, and to protect work product and trial strategy. Accordingly, Defendant J.O. respectfully prays that this Court reject Plaintiff's Proposed Modifications to Protective Order.

Respectfully submitted,

/s/ Bruce M. Blanchard
Bruce M. Blanchard, Esq. (VSB #23778)
James P. Miller, Esq. (VSB #89409)
ODIN, FELDMAN & PITTLEMAN, P.C.
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Tel:   (703) 218-2102 (Blanchard direct)
       (703) 218-2154 (Miller direct)
Fax:   (703) 218-2160
Bruce.Blanchard@ofplaw.com
Jim.Miller@ofplaw.com
*Counsel for Defendant J.O.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2022, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record for all Parties.

By:   /s/
      Bruce M. Blanchard

4