IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| B.R., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:19-cv-00917-RDA-WEF |
| ) | |
| FAIRFAX COUNTY SCHOOL BOARD, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORADUM IN SUPPORT OF MOTION TO AMEND THE MODIFIED DISCOVERY STAY**

Plaintiff respectfully asks this Court to amend the Court's August 31, 2022, Order (ECF No. 178) modifying the terms of the stay of discovery to clarify that Court's amendment did not disturb the stay of discovery as to document subpoenas served on B.R.'s mother, father, and brother ("family discovery"). Alternatively, Plaintiff asks that this Court open party document discovery from Defendant FCSB.[1]

**RELEVANT BACKGROUND AND ARGUMENT**

As this Court is aware, this case arises from the severe sexual abuse, including gang rapes, of a 12-year-old child at Rachel Carson Middle School. When she reported her harassment and abuse, rather than helping her, administrators responded dismissively and then retaliated against her. As a result, B.R. and her family were forced to flee the state of Virginia, and B.R. suffers from lifelong injuries. Among other things, she has been adjudicated disabled by the

---

[1] Defendant FCPS has indicated that they oppose discussing opening party discovery until the family has provided their discovery.

Social Security Administration for post-traumatic stress disorder (PTSD) and other ailments related to the horrific trauma. A two-year investigation by the Department of Education's Office of Civil Rights (OCR) found, "possible concerns with the adequacy of the Division's investigation [into Plaintiff's allegations], its analysis of the information collected, and the Division's apparent treatment of the incidents of alleged harassment as discrete, isolated occurrences rather than addressing the broader issue of a potentially hostile environment at the School." *See* Exhibit A (OCR Complaint No. 11-12-1529 Resolution Letter).  OCR also conducted a district wide audit and "OCR found some instances in which the Division's response to the offenses may not have been prompt and appropriate under Title IX" As a result, FCPS had to enter into a voluntary resolution with OCR and enact 18 remedial measures changing its response to sexual misconduct.

After FCSB lost its first Motion to Dismiss in March 2020, Plaintiff, represented by other counsel, moved this Court for a scheduling order to begin discovery and adjudicate on the merits. ECF No. 111.  FCSB resisted, asking for the first discovery stay and arguing for an interlocutory appeal, asserting that the Plaintiff lacked Article III standing because she might have been a "phantom" person when she filed her lawsuit under a pseudonym—notwithstanding the administrative resolution from OCR. ECF No. 112. Judge Alston rejected this argument on the merits but certified the matter for an interlocutory appeal while issuing an order staying discovery pending the outcome of the appeal. ECF No. 115-116; *see also* ECF No. 85.

In November 2021, the Fourth Circuit rejected FCSB's argument. Plaintiff immediately requested a scheduling conference, seeking to start the discovery process. On remand, Judge Buchanan lifted the first discovery stay on April 22, 2022. ECF No. 133. On May 11, 2022, FCSB drafted a joint motion to the court, asking for a second discovery stay. ECF No. 135.

FCSB's purported reason for requesting the stay was that the recently decided Supreme Court decision in *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 US ___, 2022 WL 1243658 (Apr. 28 2022,) prohibited the Plaintiff's emotional distress damages—as distinct from the other damages, including damages for physical injuries—under Title IX. FCSB was also moving to dismiss the Plaintiff's claims under 42 USC 1983 in a newly amended complaint. As a result, the Parties agreed that focusing on the motion to dismiss would "conserve resources," with FCSB further representing that a successful motion to dismiss would "obviate the need for significant discovery," especially into Plaintiff's emotional state.

With these representations, Judge Buchanan signed an order issuing a discovery stay on May 12, 2022. ECF No. 137. The Court directed the Parties to contact chambers to "set new discovery deadlines" after the motion to dismiss was resolved. The Court then canceled the May 18, 2022, initial pre-trial conference. To this day, there has not been an initial pre-trial conference.

As this Court later explained, the discovery stay entered on May 12, 2022 was "clear and unequivocal" and stayed *all* discovery. *See also* ECF No. 176.

Despite the stay, counsel for FCSB and the Individual School Defendants issued "approximately 50" subpoenas to third parties. *See* ECF No. 166. They received responses for most and then met and conferred with Plaintiff's counsel regarding the remainder on August 4, 2022. Plaintiff's counsel specifically requested FCSB's counsel provide a list of outstanding subpoenas. FCSB's counsel did. That list *did not include the family subpoenas*. *See* Exhibit B.

In a good faith effort to compromise, Plaintiff allowed FCSB to finish collecting medical and educational records to minimize the hypothetical risk of "spoliation." Between collecting the Plaintiff's entire medical (including highly sensitive psychotherapy notes from current treating

providers 10 years after the abuse), educational, and employment records for virtually her entire life, along with the 2,000 documents Plaintiff produced to defendants in her initial disclosures, the defendants have roughly 6,000 documents of the Plaintiff's in their possession.

Meanwhile, other than providing a copy of FCSB's insurance policy, none of the defendants produced *any* documents during their initial disclosures, instead merely opting to designate categories. To this day, Plaintiff has not received a single document in discovery from FCSB, despite turning over 2,000 documents and signing dozens of releases allowing FCSB to get her records held by third parties.

In August 2022, FCSB appeared before this Court requesting they be allowed to enforce their third-party subpoenas arguing that there was a risk of spoliation of old records in the hands of medical providers. In its briefing and its argument, FCSB never mentioned, let alone argued, for the Court to modify the stay for anything beyond medical subpoenas. Despite this, FCSB seeks to take advantage of ambiguity in the Court's order to claim that Plaintiff's family also must turn over documents at this time.

## ARGUMENT

Under the unique circumstances of this case, document discovery from Plaintiff's brother, mother, and father should be treated as equivalent to party discovery and subject to the ongoing stay on party discovery. In the alternative, in order to avoid informational asymmetries that would hinder any efforts directed at mediation or settlement, Plaintiff requests that the Court modify the current stay to permit document discovery from FCSB.

Plaintiff was 12 years old at the time the events described in the Complaint occurred. The overwhelming majority of the written records and contemporaneous documents relevant to the case reside with Plaintiff's parents (her legal guardians up until July 2017 when Plaintiff

turned 18), and, to a lesser extent, her older brother who was 17 at the time of the incidents. Further, since December 2018, Plaintiff's mother and brother have had legal power of attorney over Plaintiff, whose disabilities sometimes preclude her from acting for herself. *See* Exhibit C. Under these circumstances, Plaintiff's family – particularly her mother and brother – have acted as her agent and on her behalf. In many cases, their records *are* Plaintiffs' records, because they were the ones speaking on behalf of a minor child. Accordingly, Plaintiff's family's records are akin to records held by a party to this action.

Party discovery has been stayed in this matter since May 12, 2022. ECF No. 137. In August, the Defendant's filed a Motion to Enforce certain stipulations purportedly made permitting the service of third-party discovery requests. *See* ECF Nos. 165 & 166. As the Memorandum in Support of Defendants' Motion and discussion at the subsequent hearing before this Court made clear, this purported stipulation primarily concerned Plaintiff's medical providers and prior educational institutions. As a result, the Parties agreed to modify the Discovery stay to permit certain third-party discovery, and the Court accepted the Parties' agreement. Neither the Parties' discussion nor Defendant's Motion referenced purported third-party subpoenas issued to Plaintiff's family members. Accordingly, this is not a matter for which the Parties bargained and reached a meeting of the minds.

Only after the Court adopted the modified discovery stay did Defendant FCSB first advance its interpretation that the Court's order covered and revived subpoenas previously issued to Plaintiff's family members. FCSB's interpretation is inconsistent with the Plaintiff's understanding of what was at issue when she agreed to modify the Discovery Stay regarding her medical providers and prior educational institutions. Plaintiff believes that this interpretation is wrong and inequitable and requests that the Court modify the discovery stay to exclude third

party subpoenas to Plaintiff's immediate family members on the grounds that such discovery is substantially akin to party discovery.

In the alternative, Plaintiff requests that the Court modify the discovery stay to permit document discovery from FCSB. The Court has suggested that the Parties consider mediation to resolve this matter.  However, Plaintiff would be at a distinct disadvantage in any mediation if FCSB has access to essentially all of Plaintiff's records, while being allowed to continue to withhold all of their own.  This information asymmetry places Plaintiff on an inherently unequal footing with FCSB, whose records are likely to illuminate questions of who knew what when that are relevant to the likely outcome of this case.

This is particularly true given the circumstances surround FCSB's acquisition and retention of relevant records.  As the Court will recall, during the most recent hearing on the protective order (*see generally* ECF no. 205 (amended protective order)), the Plaintiff and her mother sought relief that would allow the Plaintiff and her mother to first contact and inform individuals on her initial disclosures list to inform them of her situation as a sexual assault survivor rather than have that information first disclosed to them by counsel for FCSB.  The Court granted this relief.  After that hearing when Plaintiff and/or her mother reached out to those individuals, they learned for the first time that many of them had already been contacted by counsel for FCSB—a fact that was not disclosed to the Court during a more than three-hour hearing on this very issue. Further, Plaintiff and her mother were informed that several of them provided documents to FCSB.  As a result, FCSB is currently in possession of relevant third-party materials which would facilitate the development of Plaintiff's case, a fact that was also not disclosed during that three-hour hearing.  When confronted with this, FCSB responded that it will not even consider providing copies of those third-party records until party discovery opens.

Second, spoliation—a factor Defendant FCSB cited repeatedly in support of the modified stay—is an acute concern. In their 2014 OCR resolution, FCSB admitted it had no central system to track and record reports of sexual harassment. In 2019, Judge Nachmanoff sanctioned FCSB, represented by the same firm, for failing to preserve documents in an eerily similar case. *See* Exhibit D. In addition, a parent reportedly filed a complaint with the Virginia Department of Education and the United States Department of Education's Student Privacy Policy Office relating to FCPS's refusal to provide complete records in response to a valid FERPA request. *See* Callie Oettinger, *Virginia Dept. of Education Announces Investigation of Fairfax County Public Schools, for Allegedly Engaging in Predetermination*, Special Education Action (Oct. 11, 2022), https://specialeducationaction.com/virginia-dept-of-education-announces-investigation-of-fairfax-county-public-schools-for-allegedly-engaging-in-predetermination/. Many of the relevant records are more than ten years old. Accordingly, Plaintiff is deeply concerned about the spoliation of records, including those obtained from third parties outside of the formal judicial process.

## CONCLUSION

For the reasons outlined here, Plaintiff respectfully asks this Court to modify the terms of the stay of discovery to clarify that Court's amendment either did not disturb the stay of discovery as to the family discovery, or that the family discovery be considered party discovery for the purposes of the stay. In the alternative, Plaintiff asks that this Court open party document discovery.

Dated: October 28, 2022                                        Respectfully submitted,

/s/ David A. Warrington
David A. Warrington (VSB No. 72293)
Gary M. Lawkowski (VSB No. 82329)

DHILLON LAW GROUP INC.
2121 Eisenhower Avenue, Suite 402
Alexandria, VA 22314
Telephone: 703.574.1206
Facsimile: 415.520.6593
dwarrington@dhillonlaw.com
glawkowski@dhillonlaw.com

Karin M. Sweigart*
DHILLON LAW GROUP INC.
177 Post Street
Suite 700
San Francisco, CA 94108
Telephone: 415-433-1700
Facsimile: 415-520-6593
ksweigart@dhillonlaw.com

*Admitted *pro hac vice*

*Counsel for Plaintiff B.R.*