**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
(Alexandria Division)

| | |
|---|---|
| B.R., <br><br> Plaintiff, <br><br> v. <br><br> FAIRFAX COUNTY SCHOOL BOARD, *et al.*, <br><br> Defendants. | Civil No. 1:19-cv-00917-RDA-WEF |

**PLAINTIFF'S BRIEF IN OPPOSITION TO FAIRFAX COUNTY SCHOOL BOARDS' MOTION TO COMPEL PLAINTIFF TO DISCLOSE ALL EMAIL ADDRESSES AND PRODUCE RESPONSIVE EMAIL, SOCIAL MEDIA AND TEXT MESSAGES**

**INTRODUCTION**

Despite the court's ruling on July 28, 2023, that Plaintiff's methodology for collecting and producing responsive documents to Defendants document request was sufficient, Defendant continues to insist that Plaintiff's production methods are deficient. Defendant's motion is yet another fishing expedition on the eve of the close of the discovery in this case. Although Defendant FCSB never served Plaintiff with discovery requests seeking the documents they are now requesting, Plaintiff agreed to perform the additional searches requested and turn over all relevant, nonprivileged documents. Plaintiff advised Defendants that she is utilizing the same methods used with the prior productions, with the expectation that Plaintiff agreed to use the additional search terms requested by defendant. This methodology is the same as the one outlined for the court in Plaintiff's Notice filed with the court on July 26, 2023, which this Court already found to be sufficient. See Dkt. 338. Defendant has come before this court seeking a motion to compel discovery that Plaintiff has agreed to produce and is utilizing the same methodology for collection

and production that was previously approved by the court. Defendants have no basis for their motion.

## FACTS AND PROCEDURAL HISTORY

On July 28, 2023, this court denied Defendants Motion to Compel Forensic Production (Dkt. 299) and ordered that the parties meet and confer regarding any outstanding discovery. That day the parties had a meet and confer where Defendant identified three categories of documents that they requested Plaintiff perform additional searches. These were emails, social media and text messages. During the meet and confer Defendant identified two additional email addresses that they claimed Plaintiff did not search and requested that Plaintiff search all emails with additional search terms. Plaintiff agreed to investigate the two additional emails to determine if they were still accessible. Despite Defendant's request for Plaintiff to perform additional searches with new search terms provided to Plaintiff just 11 days before the close of discovery, Plaintiff also agreed in good faith to take reasonable efforts to perform the additional searches with the new search terms. With regard to Plaintiff's text messages, Defense counsel asked Plaintiff to advise as to the categories of people plaintiff regularly text with and they would formulate a request for Plaintiff's text messages with certain individuals. However, Plaintiff advised Defendant that Defendant never served Plaintiff with a request for text messages other than texts between Plaintiff and the following individuals: CK, JO, DN and AA. See Exhibit A, Defendants Requests for Production of Documents served on Plaintiff. Defendants never served plaintiff with a request asking for communications between her and her family members or prior employers, with the exception of a single request for "All text messages, e-mails, chat messages, and other electronic communication sent by Plaintiff, or on her behalf, between September 6, 2011 and June 19, 2012." *Id.*, RFP No. 28. Despite the fact that defendant was making a new request for additional text messages just 11

days before the close of discovery, Plaintiff agreed to consider Defendant's request so long as it was reasonable. As for Plaintiff's social media accounts that were shut down 11 years ago, Plaintiff agreed to obtain information relating to the last time Plaintiff attempted to access her old social media accounts.

Defendant provided Plaintiff with the new search terms on July 31, 2023, at 6:00 pm. See Exhibit B, July 31, 2023 Email from Sona Rewari. Counsel for Plaintiff met with Plaintiff and advised Defense Counsel on Friday, August 4, 2023, that Plaintiff was performing the additional searches requested by defense counsel and all responsive, nonprivileged documents would be produced. Despite this representation, Defendant thereafter filed its motion to compel. On Sunday, August 6, 2023, Plaintiff then followed up with a detailed email to Defense counsel advising of the following:

> We are running the new search terms that were recently provided by defense counsel across the following email addresses:
>
> ███████████████
>
> ███████████████
>
> ███████████████
>
> Plaintiff no longer has access to the email address, ███████████████, and it is not retrievable.
>
> The new search terms recently provided will also be ran through Plaintiff's Instagram and facebook accounts. Plaintiff has tried to access the Jenny Taylor account and is not able to access it and does not know what email address was used to set it up.
>
> I went through the list of people Plaintiff regularly texts with. They are all family members, including her fiancé, extended family members, such as uncles, aunts and her grandmom, her one friend ███ and a couple of texts with co-workers at Sidley Austin. We are downloading all the texts from any co-workers to be reviewed for relevancy and privilege.

> Let me know if you would like to further discuss this issue. I am out of the office on Monday but can be available Tuesday afternoon.

See Exhibit C, August 6, 2023 email from Plaintiff's counsel, Melissa Hague. Thereafter, Defense counsel sent Plaintiff the proposed order attached to the Motion to Compel (Dkt. 359-1) and requested that Plaintiff send "a redline, identifying what you are doing and/or agreeable to doing and by when." See Exhibit D, August 7, 2023 email from Sona Rewari. At 10:27 am, on August 2, 2023, Plaintiff sent defense counsel their proposed edits. Plaintiff agreed to perform all the additional searches with the new, recently provided search terms and agreed to complete the additional production by the date proposed by defense counsel, which was August 25, 2023. See Exhibit E, Plaintiff's redlined version of the Agreed Order sent to Defense counsel. The primary revision that Plaintiff had to the Agreed Order was to confirm that Plaintiff herself would perform the collection and production, given that under the applicable Federal Rules, it is the party, not the party's counsel, who is ultimately responsible for collecting and producing responses to discovery. Despite this agreement, Defense counsel has refused to withdraw their frivolous motion on the basis that Plaintiff's method of collection is insufficient.

## **LAW AND ARGUMENT**

A party seeking to compel production must "put forth [a] concrete basis on which the Court could find that relevant, responsive documents exist and are being withheld." *Roe v. Bishop of Charleston*, C/A No. 2:21-00020-RMG, 2021 WL 4272595, at *4 (D.S.C. Sept. 20, 2021) (internal citations and quotations omitted) ; *see also Susko v. City of Weirton*, C/A No. 5:09-0001, 2011 WL 98557, at *4 (N.D.W. Va. Jan. 12, 2011) ("mere speculation that documents exist is not a sound basis for a motion to compel production. Rather, the moving party must have a colorable basis for its belief that relevant, responsive documents exist and are being improperly withheld"). "[E]ven

an informed suspicion that additional non-privileged documents exist . . .cannot alone support an order compelling production of documents." *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 252 (M.D.N.C. 2010) ). FCSB has not met its burden. Instead, it has only offered this Court pure speculation about documents that might exist and might have been withheld.

"Neither a requesting party nor the court should prescribe or detail the steps that a responding party must take to meet its discovery obligations, and there should be no discovery on discovery, absent an agreement between the parties, or specific, tangible, evidence-based indicia (versus general allegations of deficiencies or mere 'speculation') of a material failure by the responding party to meet its obligations." *See* The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production, 19 Sedona Conf. J. 1, 123 cmt. 6.b.(2018)); *see also, e.g., In re Ford Motor Co.*, 345 F.3d 1315, 1317 (11th Cir. 2003) (vacating order for discovery of certain databases where no finding of "some noncompliance with discovery rules by Ford"); *Koninklijke Philips N.V. v. Hunt Control Sys., Inc.*, No. 11-cv-03684, 2014 WL 1494517, at *4 (D.N.J. Apr. 16, 2014) (moving party failed to show a "material deficiency" in the responding party's electronic discovery process); *Freedman v. Weatherford Int'l*, No. 12 Civ. 2121, 2014 WL 4547039 (S.D.N.Y. Sept. 12, 2014) (request for "discovery on discovery" denied for failure in absence of factual basis to find original production deficient); *Larsen v. Coldwell Banker Real Estate Corp.*, No. SACV 10-00401, 2012 WL 359466, at *7 (C.D. Cal. Feb. 2, 2012) (denying discovery on discovery where plaintiff's "isolated examples cited" of alleged deficiencies "fail[ed] to demonstrate that Defendants have not reasonably and in good faith produced the documents required"); *Orillaneda v. French Culinary Inst.*, No. 07 Civ. 3206, 2011 WL 4375365, at *7–8 (S.D.N.Y. Sept. 19, 2011) (plaintiff not entitled to conduct discovery about defendant's document production without "specific statements" to prove deficiency instead of

relying on "generalities"); *Steuben Foods, Inc. v. Country Gourmet Foods, LLC*, No. 08-CV-561S, 2011 WL 1549450 (W.D.N.Y. 2011); *Hubbard v. Potter*, 247 F.R.D. 27, 31 (D.D.C. 2008) (denying discovery on discovery because of only a "theoretical possibility" that additional electronic documents may exist); *Memory Corp. v. Kent. Oil Tech.*, No. C04-03843, 2007 WL 832937 (N.D. Cal. Mar. 19, 2007); *In re Honeywell Int'l. Inc. Sec. Litig.*, 230 F.R.D. 293 (S.D.N.Y. 2003). Instead, "responding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information." *Edwards v. McDermott Int'l*, No. 4:18-cv-04330, 2021 U.S. Dist. LEXIS 213363, at *10 (S.D. Tex. Nov. 4, 2021) (quoting Sedona Principle 6).

For a court or opposing party to officially inquire into a party's discovery methodology, there must be an "adequate factual basis" justifying the inquiry. *Hubbard v. Potter*, 247 F.R.D. 27, 29 (D.D.C. 2008). The adequate factual basis requires the requesting party to demonstrate that the responding party acted in bad faith, there is evidence of spoliation, or that the responding party's production is materially deficient. *Id.* "Speculation that there is more will not suffice." Id. As one district judge put it, "I simply do not think that district court judges should micro-manage the parties' internal review procedures." *Edwards*, 2021 U.S. Dist. LEXIS 213363, at *10 (rejecting party's request for opposing party's discovery protocol and report on how many hits potential search terms generated). Courts regularly decline to get involved in such disputes about the discovery process because of "the danger of extending the already costly and time-consuming discovery process ad infinitum.'" *Winfield v. City of New York*, No. 15-cv-05236 (LTS) (KHP), 2018 WL 840085, at *3 (S.D.N.Y. Feb. 12, 2018).

Importantly, even imperfect production does not warrant discovery into discovery. *See Radiologix v. Radiology & Nuclear Med.*, No. 15-4927-DDCKGS, 2019 WL 354972, at *13 (D.

Kan. Jan. 29, 2019) (declining to impose sanctions and acknowledging that "reasonable and responsible people may make mistakes" when collecting voluminous discovery); *Memry Corp. v. Kentucky Oil Tech., N.V.*, No. C04-03843, 2007 WL 832937, at *4 (N.D. Cal. March 19, 2007) (noting that"[w]hile [defendant's] document production may not have been absolutely perfect, the flaws do not rise to the level of necessitating production of hard drives" for a forensic inspection). The Advisory Committee Notes to Rule 37(e) of the Federal Rules of Civil Procedure has recognized the same, noting that "perfection in preserving all relevant electronically stored information is often impossible." See Fed. R. Civ. P. 37(e) Adv. Comm. Notes (2015); *Orbit One Commc'ns v. Numerex*, 271 F.R.D. 429, 441 (S.D.N.Y. 2010) ("[S]ome data will be lost in virtually any case."). Further, FRCP 26(b)(1) requires courts to consider the "parties' resources" when determining the scope and obligations of discovery.

Defendant's motion is really a motion requesting that the court reverse its prior ruling that Plaintiff's methodology of collection and production was inadequate. Plaintiff is employing the same methodology that was already approved by this Court. Plaintiff is running all the new search terms across all her accessible emails and social media accounts with counsel reviewing all the "hits" for relevancy and privilege. This is no different from the methodology that was employed by the individual school defendants, as recently testified by Defendant, M.C. in her deposition: the party herself runs the searches.

Defendant has no basis for the purported motion to compel given that Plaintiff has agreed to perform the additional searches with the new search terms and produce text messages despite the fact that Defendants never served discovery requests asking for these text messages. Plaintiff also previously agreed to and produced text messages between Plaintiff and her mom, despite the fact that Defendants never served a request for such communications and the requested

communications were not relevant. Defendants are utilizing the discovery process for the sole purpose of harassing and intimidating Plaintiff and punishing her for attempting to hold accountable those who have caused her such grievous harm. For these reasons, the court should deny Defendant's motion.

## **CONCLUSION**

For these reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion, and grant other such relief as is just and proper.

Dated: August 9, 2023

Respectfully submitted,

*/s/ Jason M. Hart*
Jason M. Hart (VSB No. 76818)
Melissa Fry Hague (admitted *pro hac vice*)
Kelly N. Stevenson (admitted *pro hac vice*)
THE JOEL BIEBER FIRM
6806 Paragon Place, Suite 100
Richmond, VA 23230
Telephone: (804) 800-8000
Facsimile: (804) 358-2262
jhart@joelbieber.com
mhague@joelbieber.com
kstevenson@joelbieber.com

David A. Warrington (VSB No. 72293)
Jonathan Shaw (VSB No. 98497)
Gary Lawkowski (VSB No. 82329)
DHILLON LAW GROUP, INC.
2121 Eisenhower Avenue, Suite 402
Alexandria, VA 22314
Telephone: (703) 574-1206
Facsimile: (415) 520-6593
dwarrington@dhillonlaw.com
glawkowski@dhillonlaw.com

Karin M. Sweigart (admitted *pro hac vice*)
DHILLON LAW GROUP, INC.
177 Post Street, Suite 700
San Francisco, CA 94108
ksweigart@dhillonlaw.com

*Counsel for B.R. Plaintiff*

## **CERTIFICATE OF SERVICE**

   I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record in this action.

Dated: August 9, 2023           By: */s/ Jason M. Hart*
                       Jason M. Hart