**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | | |
|---|---|---|
| B.R., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cv-00917-RDA-WEF |
| | ) | |
| FAIRFAX COUNTY SCHOOL BOARD, et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**BRIEF IN SUPPORT OF DEFENDANT FAIRFAX COUNTY SCHOOL BOARD'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT ON TITLE IX DAMAGES**

Ryan M. Bates (VSB No. 74661)
Sona Rewari (VSB No. 47327)
Scott W. Burton (VSB No. 90601)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
rbates@HuntonAK.com
srewari@HuntonAK.com
burtons@HuntonAK.com

*Counsel for Defendant*
*Fairfax County School Board*

November 8, 2023

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ............................................................................................. iii

INTRODUCTION ........................................................................................................... 1

STATEMENT OF UNDISPUTED MATERIAL FACTS ............................................... 1

STANDARD OF REVIEW ............................................................................................. 5

ARGUMENT .................................................................................................................. 6

   I.    Plaintiff may not obtain damages from the School Board for any non-economic
       losses or injuries........................................................................................................ 6

       A.    *Cummings* bars emotional distress damages for claims brought under
            Spending Clause statutes because such damages are not "traditionally
            available in suits for breach of contract." ............................................. 6

       B.    *Cummings* applies to Plaintiff's Title IX Claims.................................. 7

   II.   Plaintiff may not obtain damages from the School Board for the costs of
       treatment of emotional distress or other emotional conditions. ........................ 9

   III.  Plaintiff cannot obtain damages from the School Board for diminution of earning
       capacity and future earnings. .............................................................................. 10

       A.    Damages for diminished earning capacity are not traditional contract
            remedies. .................................................................................................. 10

       B.    Plaintiffs has not pled any specific job opportunities that were available to her
            when she was in 7th grade, and such a claim would be wholly speculative......... 12

CONCLUSION.............................................................................................................. 14

CERTIFICATE OF SERVICE ..................................................................................... 16

## **TABLE OF AUTHORITIES**

**Page(s)**

### **Cases**

*A.T. v. Oley Valley Sch. Dist.*,
    No. CV 17-4983, 2023 WL 1453143 (E.D. Pa. Feb. 1, 2023)................................................10

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)............................................................................................................5

*Arlington Central Sch. Dist. Bd. of Ed. v. Murphy*,
    548 U.S. 291 (2006)............................................................................................................6

*Barnes v. Gorman*,
    536 U.S. 181 (2002)................................................................................................. *passim*

*Cummings v. Premier Rehab Keller, P.L.L.C.*,
    596 U.S. 212 (2022)................................................................................................. *passim*

*Doe v. Fairfax Cnty. Sch. Bd.*,
    No. 1:18-cv-614, 2023 WL 424265 (E.D. Va. Jan. 25, 2023) (Nachmanoff, J.).......8, 9, 12, 13

*Doe v. Town of N. Andover*,
    No. 1:20-CV-10310-IT, 2023 WL 3481494 (D. Mass. May 16, 2023)...................................8

*Doe v. Williamsport Area Sch. Dist.*,
    No. 4:22-CV-01387, 2023 WL 6929316 (M.D. Pa. Oct. 19, 2023) .............................8, 12, 14

*Hantz v. Prospect Mortg., LLC*,
    11 F. Supp. 3d 612 (E.D. Va. 2014) ...................................................................................5

*K.G. v. Woodford Cnty. Bd. of Educ.*,
    No. CV 5:18-555-DCR, 2022 WL 17993127 (E.D. Ky. Dec. 29, 2022).................................8

*Lask v. Kansas City, Kansas Cmty. Coll. Bd. of Trs.*,
    No. 23-2074-JWB, 2023 WL 5034375 (D. Kan. Aug. 8, 2023)............................................8

*LifeNet Health v. LifeCell Corp.*,
    No. 2:15cv461, 2016 WL 11672048 (E.D. Va. Sept. 2, 2016)...........................................11

*Loera v. Kingsville Indep. Sch. Dist.*,
    No. 2:21-CV-00031, 2023 WL 6130548 (S.D. Tex. Sept. 19, 2023)......................................8

*M.R. v. Burlington Area Sch. Dist.*,
    No. 21-CV-1284, 2023 WL 4826471 (E.D. Wis. July 27, 2023) ...........................................9

*McKnight v. Gen. Motors Corp.*,
   973 F.2d 1366 (7th Cir. 1992) ........................................................................11

*Pierro v. Hudson City Sch. Dist.*,
   No. 122CV670GLSCFH, 2023 WL 2742245 (N.D.N.Y. Mar. 31, 2023)................................8

*Rice v. Cmty. Health Ass'n*,
   203 F.3d 283 (4th Cir. 2000) ..................................................................11, 12, 13

*T. F. v. Greenwood ISD*,
   No. 7:20-CV-215-ADA, 2022 WL 17477597 (W.D. Tex. Dec. 5, 2022) ...............................8

*Torbett v. E. Carolina Univ.*,
   No. 4:22-CV-00030-M, 2023 WL 6164399 (E.D.N.C. Sept. 21, 2023)................................8

*United States v. Lee*,
   943 F.2d 366 (4th Cir. 1991) ...........................................................................5

*United States v. Vulcan Soc'y, Inc.*,
   897 F. Supp. 2d 30 (E.D.N.Y. 2012) ....................................................................11

*Unknown Party v. Ariz. Bd. of Regents*,
   No. CV-18-01623-PHX-DWL, 2022 WL 17459745 (D. Ariz. Dec. 6, 2022) ...................8, 13

*Williams v. Pharmacia, Inc.*
   137 F.3d 944 (7th Cir. 1998) ...........................................................................12

### Statutes and Other Authorities

20 U.S.C. § 1681(a) .......................................................................................2

Fourteenth Amendment ......................................................................................2

Fed. R. Civ. P. 12(f)......................................................................................3

Fed. R. Civ. P. 56 ........................................................................................5

Fed. R. Civ. P. 56(a) .....................................................................................5

Laycock & Hasen, *Modern American Remedies* 216 (5th ed. 2019)...........................................7

Rehabilitation Act and the Affordable Care Act............................................................7

Restatement (Second) of Contracts § 355 (1981)...........................................................11

24 Williston on Contracts § 66.4 (4th ed. 2022)......................................................11, 13

**INTRODUCTION**

This is a case in which Plaintiff alleges that she was raped repeatedly by her fellow middle school students and other unknown individuals, on and off school grounds, more than a decade ago. She has asserted various claims against an array of defendants and demanded damages for a variety of non-economic and economic injuries. Plaintiff's only remaining claims against Fairfax County School Board (the "School Board") are two Title IX claims. The School Board disputes Plaintiff's allegations. Indeed, there is good reason to believe her claims are fabrications.

What is beyond dispute, however, is that the damages available to Plaintiff against the School Board are governed by the Supreme Court's decision in *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212 (2022). The Supreme Court, in *Cummings*, reaffirmed that damages under Title IX and other antidiscrimination statutes enacted under Congress's Spending Clause authority are limited to those that were "'traditionally available in suits for breach of contract.'" *Id.* at 230 (quoting *Barnes v. Gorman*, 536 U.S. 181, 187 (2002)). Under *Cummings*, plaintiffs cannot recover damages for non-economic losses, *i.e.,* emotional harms or injuries, on a Title IX claim. Nor may they obtain damages for the costs of treatment of such emotional injuries, as these are just proxies for non-compensable emotional distress. The logic of *Cummings* also forecloses Plaintiff's recovery of damages based on diminished earning capacity or generalized loss of earnings opportunities. Accordingly, the Court should enter partial summary judgment in favor of the School Board with respect to those categories of Plaintiff's claimed damages.

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

1.      Plaintiff initiated this lawsuit on July 12, 2019. *See* Complaint, ECF 1. In her Complaint, Plaintiff alleged she had been raped, sexually assaulted, harassed, threatened, and bullied over a period of time during her seventh-grade year at Rachel Carson Middle School, between October 2011 and February 2012. *Id.* ¶¶ 1, 59.

2.      Plaintiff's Second Amended Complaint ("SAC") was filed on June 15, 2022.  *See* SAC, ECF 155.  The SAC named as defendants the School Board, 11 individuals, and 15 unknown individuals.  *Id.* at 1 & ¶¶ 3-12, 19-22.  As against the School Board, the SAC alleged two violations of Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681(a) (Counts I and II).  *Id.* ¶¶ 225-241.[1]

3.      Plaintiff's two Title IX claims (Counts I and II) allege that she has incurred "injuries, damages and losses, including, but not limited to, emotional distress, fear, anxiety, trauma, traumatic brain injury, lost future earnings and earning capacity, and expenses for past and future educational, medical and psychological care."  SAC ¶¶ 236, 241.  In in a section entitled "Damages" at the end of the SAC, Plaintiff asserts twenty categories of damages, which she seeks from all Defendants.  *Id.* ¶ 323.  These include:

> **b.** Past, present, and future physical pain and mental anguish; **c.** . . . humiliation and embarrassment [associated with disfigurement and/or deformity]; **d.** Past and future inconvenience; . . . **f.** Personal [and] social . . . limitations . . . ; **g.** Past and future embarrassment; **h.** Past and future humiliation; **i.** Past and future loss of dignity; **j.** Past and future pain and suffering; . . . **l.** Depression, anxiety, fear, emotional distress, and mental anguish; **m.** Severe acute traumatic stress disorder, severe post-traumatic [s]tress disorder, severe depression and anxiety, nightmares and flashbacks, eating disorders, and other psychiatric disabilities and deficits; **n.** Physical manifestations of emotional and psychiatric distress; **o.** . . . neurological, cognitive, . . . and emotional deficits; [and] **q.** Past and future loss of enjoyment of life and life's pleasures . . . .

*Id.* (emphases added).

---

[1] The SAC also asserted a § 1983 claim against the School Board for an alleged violation of the Equal Protection Clause of the U.S. Constitution's Fourteenth Amendment (Count VI), *see* SAC ¶¶ 286-294, but the Court dismissed that claim in March 2023.  *See* Memorandum Opinion & Order, ECF 236 at 19.

4.      The School Board moved under Fed. R. Civ. P. 12(f) to strike Plaintiffs' request for emotional harm damages in Counts I and II based on *Cummings*.  *See* FCSB's Partial Motion to Dismiss & Strike SAC, ECF 161 & 162 at 14-17.

5.      The Court denied the School Board's Rule 12(f) motion without ruling on the merits.  ECF No. 236 at 23.  Its opinion provided that the School Board could nevertheless raise the argument anew "once the record is more fully developed and discovery into the scope of Plaintiff's damages is complete." *Id*.

6.      In her Fed. R. Civ. P. 26(a)(1) disclosures, Plaintiff provided a computation of her damages.  *See* Exhibit 1, Excerpts of Plaintiff's May 13, 2022 Initial Disclosures, at 14-15.[2]  The chart listed 21 medical providers, including doctors, hospitals, psychiatrists, and therapists, for services provided between 2006 and 2022.  *See id.* at 15.  For seven of those providers, Plaintiff listed "xxx" (i.e., no specified damages).  *Id.*  The chart provided "TOTAL MEDICALS" of $196,149.61.  *Id.*

7.      The School Board also served an interrogatory requesting that Plaintiff "itemize[s] by amount all the damages and other relief you are seeking and the manner in which such amounts were computed or calculated, including any claims for compensatory damages, attorneys' fees, costs, and/or any other type of monetary relief that you seek against Defendant Fairfax County School Board."  Exhibit 2, Plaintiff's Answers to FCSB's Interrog. No. 16, at 23-24.

8.      In response, Plaintiff claimed "both economic and non-economic damages."  Ex. 2 at 24.  She declined to disclose "all the non-economic damages she has suffered," and claimed that she "continues to incur medical expenses and economic losses as her damages are ongoing . . . ."

---

[2] Plaintiff never updated or revised the calculation of damages from her May 22, 2022 disclosures.

*Id.* Plaintiff then provided an "Expense Chart" as an exhibit to her response, which she described as a "list of past medical and therapeutic expenses" compiled to reflect "her economic losses up through 2020." *Id.* According to Plaintiff, the list did not include "Alternative Therapeutic Modalities, travel expenses to and from treating healthcare providers, associated expenses for the service dog, tutors, and costs associated with relocating the family." *Id.* As to her claimed "life long and future economic damages," Plaintiff invoked her to-be-served expert reports on those matters. *See id.* at 25.

9. Exhibit A to Plaintiff's Answer to Interrogatories listed many categories of claimed out-of-pocket costs for each year between 2012 and 2022. *See* Ex. 2, Ex. A. These categories included:

| | | |
|---|---|---|
| a. | Medical: | $488,370.10 |
| b. | Legal: | $116,922.50 |
| c. | Tuition: | $37,439.50 |
| d. | Physical Activities: | $685.15 |
| e. | Activities: | $4,267.09 |
| f. | Transportation: | $15,795.44 |
| g. | Travel: | $2,046.52 |
| h. | Prescriptions: | $4,329.12 |
| i. | Rental: | $1,648.79 |
| j. | Support Dog: | $4,500 |
| | Total Listed: | $676,004.21 |

10. In June 2023, Plaintiff served two expert reports related to damages. First, Plaintiff provided an expert report from Alex Karras, a life care planner who provided a "Preliminary Life Care Plan" for Plaintiff and opined on the costs associated with Plaintiff's future medical treatment needs, as forecasted by Plaintiff's forensic psychiatric expert. *See* Exhibit 3, Expert Report of Alex Karras. The report projects costs of $1,543,622.46 for this "Life Care Plan." Ex. 3 at 19. During his deposition, Mr. Karras acknowledged that all the expenses listed in his report are

associated with treatment of psychiatric conditions or physical manifestations of psychiatric conditions. *See* Exhibit 4, Karras Dep. Tr. at 121:16-21.

11.     Plaintiff also provided an expert report from a vocational specialist, Mr. Gary Young, who opined on what Plaintiff's earnings would have been as an adult but for the alleged events in her 7th grade year. *See* Exhibit 5, Expert Report of Gary Young. Mr. Young opined that Plaintiff is totally unable to work in any job, but that she would have gone on after college to obtain a professional degree, and become and "thrive[] as a physician or attorney." *Id.* at 16.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 56, the Court may award summary judgment "if the record shows 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Hantz v. Prospect Mortg., LLC*, 11 F. Supp. 3d 612, 615 (E.D. Va. 2014) (quoting Fed. R. Civ. P. 56(a)). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Whether a fact is considered "material" depends on the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248. "Where . . . the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *United States v. Lee*, 943 F.2d 366, 368 (4th Cir. 1991).

## ARGUMENT

I.   **Plaintiff may not obtain damages from the School Board for any non-economic losses or injuries.**

   A.   ***Cummings*** **bars emotional distress damages for claims brought under Spending Clause statutes because such damages are not "traditionally available in suits for breach of contract."**

The Supreme Court's decision in *Cummings v. Premier Rehab Keller, P.L.L.C.* has clarified the scope of damages in private actions brought under antidiscrimination statutes enacted by Congress through its Spending Clause authority, including Title IX.  596 U.S. 212, 224-30 (2022); *id.* at 218 (identifying Title IX as one of the Spending Clause statutes).  Although these statutes are enforceable through implied rights of action and plaintiffs may obtain injunctive or monetary relief, special forms of damages are not recoverable.  *See id.* at 224-30.  That is because Spending Clause legislation operates as "a contract between the Government and the recipient of funds," so the scope of damages must be limited to damages that are "traditionally available in suits for breach of contract."  *Id.* at 230 (quoting *Barnes v. Gorman*, 536 U.S. 181, 187 (2002)).

Accordingly, to determine whether a particular category of damages are available in private suits to enforce the Spending Clause statutes, the Court asked "a simple question:  Would a prospective funding recipient, at the time it 'engaged in the process of deciding whether [to] accept' federal dollars have been aware that it would face such liability?"  *Id.* at 220 (quoting *Arlington Central Sch. Dist. Bd. of Ed. v. Murphy*, 548 U.S. 291, 296 (2006)).  "If yes, then [the] damages are available; if no, they are not."  *Id.*

To decide which category emotional distress damages fell into, the Court reviewed its earlier decision in *Barnes v. Gorman*, 536 U.S. 181 (2002), which examined the availability of punitive damages for claims brought under the Spending Clause statutes.  *See Cummings*, 595 U.S. at 220-21.  Critically, the Court "considered punitive damages to be 'generally not available for

breach of contract,'" and an exception to that general rule "was not enough to give funding recipients the requisite notice that they could face such damages." *Id.* at 221 (quoting *Barnes*, 536 U.S. at 187). In short, the Court would presume that recipients of federal funds under Spending Clause statutes would be subject only "to the *usual* contract remedies in private suits." *Id.* Punitive damages were not the "usual" remedy, so they could not be obtained in this context. *See id.*

The *Cummings* Court found the same is true for emotional distress damages. "It is hornbook law that 'emotional distress is generally not compensable in contract.'" *Id.* (quoting Laycock & Hasen, *Modern American Remedies* 216 (5th ed. 2019)). Like with punitive damages, the Court explained, there were exceptions to that general rule. *See id.* at 226-230 (discussing circumstances in which emotional harm may be compensable in an action for breach of contract). Even so, "the closest our legal system comes to a universal rule—or even a widely followed one— regarding the availability of emotional distress damages in contract actions is the conventional wisdom that such damages are for highly unusual contracts, which do not fit into the core of contract law." *Id.* at 229-30 (cleaned up). Such damages, therefore, could not be considered "traditionally available in suits for breach of contract." *Id.* at 230 (quoting *Barnes*, 536 U.S. at 187).

**B.    *Cummings* applies to Plaintiff's Title IX Claims.**

Although *Cummings* addressed the availability of emotional-distress damages under the Rehabilitation Act and the Affordable Care Act, its reasoning and holding apply equally to claims brought under other Spending Clause statutes—including Title IX. *See, e.g., id.* at 217-18 (discussing concepts underlying Title IX's implied private right of action); *id.* at 218 (referring to "antidiscrimination statutes" collectively); *see also id.* at 231 (Breyer, J., dissenting) (referring to "the[] [four] antidiscrimination statutes," including Title IX, affected by the Court's holding).

In the 18 months since *Cummings* was decided, district courts have uniformly applied its holding to Title IX and held that emotional distress damages are not available in such cases.[3] Indeed, earlier this year, Judge Nachmanoff issued a decision that expressly agreed that *Cummings* "applies to claims brought under Title IX as an antidiscrimination Spending Clause statute" and applied *Cummings* to preclude a plaintiff alleging peer-to-peer sexual assault from seeking such emotional distress damages at trial. *Doe v. Fairfax Cnty. Sch. Bd.*, No. 1:18-cv-614, 2023 WL 424265, at *4 (E.D. Va. Jan. 25, 2023) (Nachmanoff, J.); *see id.* at *3 & n.1 (recognizing that "district courts across the country since *Cummings* have uniformly held that its holding applies to Title IX claims and precluded emotional distress damages" and listing cases).

The Supreme Court's clear proscription of emotional distress damages in *Cummings* necessarily applies to all the non-economic damages Plaintiff seeks here. The SAC identifies

---

[3] *See e.g.*, *Doe v. Williamsport Area Sch. Dist.*, No. 4:22-CV-01387, 2023 WL 6929316, at *8 (M.D. Pa. Oct. 19, 2023) (dismissing with prejudice Title IX claims "based on punitive or emotional distress damages" under *Cummings*); *Torbett v. E. Carolina Univ.*, No. 4:22-CV-00030-M, 2023 WL 6164399, at *6 (E.D.N.C. Sept. 21, 2023) (relying on *Cummings* to dismiss student's "claims for emotional pain and suffering, indignity, humiliation, embarrassment, inconvenience, and damage to her reputation"); *Loera v. Kingsville Indep. Sch. Dist.*, No. 2:21-CV-00031, 2023 WL 6130548, at *5 (S.D. Tex. Sept. 19, 2023) (granting summary judgment to school against student "on his claims for damages for emotional distress and punitive damages under Title IX"); *Lask v. Kansas City, Kansas Cmty. Coll. Bd. of Trs.*, No. 23-2074-JWB, 2023 WL 5034375, at *5 (D. Kan. Aug. 8, 2023) (granting motion to dismiss claim for emotional distress damages under Title IX); *Doe v. Town of N. Andover*, No. 1:20-CV-10310-IT, 2023 WL 3481494, at *11 (D. Mass. May 16, 2023) (holding "that *Cummings* precludes damages for emotional distress under Title IX"); *Pierro v. Hudson City Sch. Dist.*, No. 122CV670GLSCFH, 2023 WL 2742245, at *4 n.5 (N.D.N.Y. Mar. 31, 2023) (granting school district's motion to dismiss "with respect to damages for emotional distress under Title IX"); *K.G. v. Woodford Cnty. Bd. of Educ.*, No. CV 5:18-555-DCR, 2022 WL 17993127, at *1 (E.D. Ky. Dec. 29, 2022) ("Summary judgment will be granted in the Board's favor because emotional distress damages are not a redressable Title IX injury."); *Unknown Party v. Ariz. Bd. of Regents*, No. CV-18-01623-PHX-DWL, 2022 WL 17459745, at *4 (D. Ariz. Dec. 6, 2022) (holding "that emotional distress damages and reputational harm damages are both unavailable" under Title IX); *T. F. v. Greenwood ISD*, No. 7:20-CV-215-ADA, 2022 WL 17477597, at *9 (W.D. Tex. Dec. 5, 2022) (acknowledging in light of *Cummings* that "Plaintiffs cannot claim emotional damages under Title IX").

numerous categories that clearly fall within that holding: "emotional distress, fear, anxiety, trauma," "mental anguish," "humiliation and embarrassment," "inconvenience," "[p]ersonal [and] social . . . limitations," "embarrassment," "humiliation," "loss of dignity," "pain and suffering," "[d]epression, anxiety, fear, emotional distress, and mental anguish," "[s]evere acute traumatic stress disorder, severe post-traumatic [s]tress disorder, severe depression and anxiety, nightmares and flashbacks, eating disorders, and other psychiatric disabilities and deficits," "[p]hysical manifestations of emotional and psychiatric distress," "neurological, cognitive, . . . and emotional deficits," and "loss of enjoyment of life and life's pleasures . . . ."  SAC ¶¶ 236, 241, 323. Moreover, Plaintiffs' medical damages expert acknowledged that all of the treatments identified for Plaintiff's "life care plan" reflected care for psychiatric conditions.  *See* Ex. 4 at 121:16-21.

Because such damages are not "traditionally available in suits for breach of contract," *Cummings*, 596 U.S. at 230 (quoting *Barnes v*, 536 U.S. at 187), they are not recoverable under Title IX.  As a matter of law, the School Board is entitled to summary judgment on all of these claimed non-economic losses.

## II.   Plaintiff may not obtain damages from the School Board for the costs of treatment of emotional distress or other emotional conditions.

*Cummings* likewise bars damages sought for expenses related to medical, psychological, or professional treatment or services related to Plaintiff's claimed emotional distress.  As Judge Nachmanoff observed, claims for such past or future expenses "are proxies for impermissible emotional distress damages."  *Doe*, 2023 WL 424265, at *6 (concluding that "expenses for counseling and medical treatment for stomach-related issues" were related to emotional distress and thus unavailable under *Cummings*).

Numerous other courts have similarly held that such expenses are not recoverable under *Cummings*.  *See, e.g.*, *M.R. v. Burlington Area Sch. Dist.*, No. 21-CV-1284, 2023 WL 4826471, at

*5 (E.D. Wis. July 27, 2023) (recognizing "that the mental health treatment costs sought to be recovered are mere proxies for emotional distress damages and therefore unrecoverable"); *A.T. v. Oley Valley Sch. Dist.*, No. CV 17-4983, 2023 WL 1453143, at *4 (E.D. Pa. Feb. 1, 2023) (granting summary judgment to school district on "Plaintiffs' claims for past, present and future medical expenses based on emotional distress such as bipolar disorder, anxiety, humiliation, embarrassment, frustration and alcohol and drug addiction and past, present and future emotional pain and suffering/mental distress").

The Court, therefore, should grant summary judgment in favor of the School Board as to Plaintiff's claim for costs and expenses associated with diagnosis and treatment of her emotional distress.[4]

### III.   Plaintiff cannot obtain damages from the School Board for diminution of earning capacity and future earnings.

Plaintiff also cannot obtain damages against the School Board on the theory that the alleged violation of Title IX when she was in seventh grade has diminished her earning capacity as an adult.

#### A.   Damages for diminished earning capacity are not traditional contract remedies.

As *Cummings* makes clear, whether a particular type of damages is available in a private action under Spending Clause statutes depends on whether such damages are "*usual* contract

---

[4] Plaintiff is also alleging that she sustained a mild traumatic brain injury ("TBI") during the alleged rapes. The existence of any TBI, which was allegedly only diagnosed in the months before this lawsuit was filed in 2019, is vigorously disputed. The School Board, however, is not asking for summary judgment as to any expenses that Plaintiff can prove were incurred in the diagnosis or treatment of Plaintiff's claimed TBI. This motion instead applies only to those medical expenses that Plaintiff claims were incurred in the diagnosis or treatment of her emotional distress, including diagnosis and treatment of her alleged depression, post-traumatic stress disorder, anxiety, eating disorders, and attention deficit hyperactivity disorder.

remedies in private suits," *i.e.*, whether such damages have been "traditionally available in suits for breach of contract." 596 U.S. at 220-21. That same logic guided *Barnes* twenty years earlier, in which the Court held that punitive damages are not available in cases brought under Spending Clause legislation because such damages "are generally not available for breach of contract." *Barnes*, 536, U.S. at 187–88 (citing 3 E. Farnsworth, Contracts § 12.8 (2d ed. 1998); Restatement (Second) of Contracts § 355 (1981); 1 T. Sedgwick, Measure of Damages § 370 (8th ed. 1891)).

Damages for diminished earning capacity, however, are not damages that are traditionally available as contractual damages. Such a claim "amounts essentially to an assertion that the defendant's breach harmed the plaintiff's reputation"—a category of damages "altogether nonquantifiable and speculative." 24 Williston on Contracts § 66.4 (4th ed. 2022); *see also United States v. Vulcan Soc'y, Inc.*, 897 F. Supp. 2d 30, 48–49 (E.D.N.Y. 2012) (explaining that claims for lost future earning capacity in antidiscrimination suits spring from reputational injuries and observing that "[t]he court is aware of no case awarding damages for lost future earning capacity based on an injury other than reputational harm").

Indeed, as the Fourth Circuit has held, "damages to reputation" and similar assertions of diminished earning capacity have been "universally rejected" as contract remedies, because "such damages are too speculative and could not reasonably be presumed to have been contemplated by the parties when they formed the contract." *Rice v. Cmty. Health Ass'n*, 203 F.3d 283, 288 (4th Cir. 2000); *see also LifeNet Health v. LifeCell Corp.*, No. 2:15cv461, 2016 WL 11672048, at *4 (E.D. Va. Sept. 2, 2016) ("In Virginia, damages to reputation are not redressable in breach of contract actions."). That is why "[d]amages for impaired future earning capacity are generally awarded in *tort* suits when a plaintiff's physical injuries diminish his earning power." *McKnight v. Gen. Motors Corp.*, 973 F.2d 1366, 1370 (7th Cir. 1992) (emphasis added). Damages for lost

earning capacity, in short, "is a common-law tort remedy," not a contract remedy.  *Williams v. Pharmacia, Inc.* 137 F.3d 944, 952 (7th Cir. 1998).

The Fourth Circuit's decision in *Rice* is especially instructive here.  The court there vacated an award of consequential damages in an employment contract case because the plaintiff had not *pleaded* and *proven* specific "future 'identifiable professional opportunities' that would have been available to him absent the breach" *and that were in the contemplation of the parties at the time of their contract*.  203 F.3d at 289.  The court emphasized that "no precedent has held a plaintiff entitled to this sort of consequential damages award in the absence of such specific allegations and proof."  *Id.*  Without that pleading and proof, such a claim for lost earnings "is plagued with the same problems as a claim for consequential damages for injury to reputation:  such damages are simply too speculative and the contracting parties cannot reasonably be presumed to have anticipated such damages at the time they entered into a contract."  *Id.*

> **B.     Plaintiffs has not pled any specific job opportunities that were available to her when she was in 7th grade, and such a claim would be wholly speculative.**

Here, Plaintiff did not plead, and thus cannot prove, the loss of any identifiable job opportunities that were available to her when she was in 7th grade, but that were lost as a result of the School Board's alleged Title IX violations.  But even had she made such an allegation in the SAC, such damages would still have been too speculative to be attributable to a contractual breach that allegedly occurred when she was in middle school.

Judge Nachmanoff examined this very issue in the *Doe* case just this past January, and applied the contract-law analysis of *Cummings* and the holding of *Rice* to conclude that the Title IX plaintiff in that case could not seek damages for diminished earning capacity or lost earning opportunities.  2023 WL 424265, at *6-7.  That plaintiff, who alleged she was sexually assaulted by another student during her junior year in high school, sought to obtain damages on the theory

-12-

that the School Board's response to her alleged assault in high school lowered her earning capacity as an adult.  *Id.* at *6.  But the Court held that such damages were not available for two reasons. First, the plaintiff's complaint made only "general assertions" that she "suffered 'lost future earnings and earning capacity' . . . [was] otherwise devoid of any specific allegations supporting these damages.'"  *Id.* at *6.  That failure of pleading could not be cured "by presenting evidence or expert testimony that Plaintiff has since experienced general difficulty obtaining employment or has generally earned less than she would have absent Defendant's alleged Title IX violations." *Id.* (citing *Rice,* 203 F.3d at 289).  Second, "even if Plaintiff could allege specific opportunities lost . . . any such losses would be too attenuated in time from the alleged Title IX violation during Plaintiff's high school years to prove Defendant's 'breach actually adversely influence or affected job opportunities.'"  *Id.* at *7 (quoting 24 Williston on Contracts § 66.4); *see also Party v. Arizona Board of Regents*, No. CV-18-01623-PHX-DWL, 2022 WL 17459745, at *5 (D. Ariz. Dec. 6, 2022) (former university student's claimed lost future earnings in his planned career as an NCAA coach were reputational harm damages and not recoverable post-*Cummings*).

The same logic holds here.  Plaintiff did not plead (and could not have credibly pled) in the SAC any *specific* job opportunities that were available to her when she was in middle school. Instead, she made only a generalized claim of "lost future earnings and earning capacity . . . ." SAC ¶¶ 236, 241.  This fundamental deficit in her SAC is not cured by the opinion of Plaintiff's vocational expert that Plaintiff would have become a lawyer or a doctor if not for the alleged Title IX violations twelve years earlier.  An aspirational career path is not "a specific employment opportunity."  *Doe*, 2023 WL 424265, at *6.  It is just another form of "[g]eneral assertions of difficulty in obtaining employment," which the law treats as "essentially claims of reputational harm" that are not recoverable as a matter of contract law."  *Id.*

Even more, if Plaintiff had alleged such specific opportunities, a loss that occurs a decade or more after a contractual breach is far too attenuated to be a consequential damage that was in the contemplation of the parties at the time of the contract.  When the *Doe* plaintiff's claimed loss of post-collegiate earnings was "too attenuated in time" from an alleged Title IX violation during high school, *id.* at *7, Plaintiff's claimed loss of earnings based on alleged Title IX violations during middle school is certainly far "too attenuated in time" to be recoverable as damages under that statute.

Plaintiff, therefore, cannot obtain damages for diminished earning capacity or lost earnings on her Title IX claims, and the Court should grant summary judgment in favor of the School Board as to these claimed damages.

## <u>CONCLUSION</u>

For the reasons discussed above, the School Board respectfully requests the Court grant summary judgment in its favor as to Plaintiff's claim for damages against the School Board for (1) her claimed emotional distress injuries; (2) costs of past or future treatment of such emotional distress; and (3) diminished earning capacity or lost earnings.

Date:  November 8, 2023                    Respectfully submitted,


By: */s/ Ryan M. Bates*
     Ryan M. Bates (VSB No. 74661)
     Sona Rewari (VSB No. 47327)
     Scott W. Burton (VSB No. 90601)
     HUNTON ANDREWS KURTH LLP
     2200 Pennsylvania Avenue, NW
     Washington, DC 20037
     Telephone: (202) 955-1500
     Facsimile: (202) 778-2201
     rbates@HuntonAK.com
     srewari@HuntonAK.com
     burtons@HuntonAK.com

     *Counsel for Defendant*
     *Fairfax County School Board*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 8, 2023, I electronically filed this document with the

Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF)

to counsel of record for all Parties.

By:  */s/ Ryan M. Bates*
Ryan M. Bates