IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| B.R., | ) | |
| Plaintiff, | ) ) ) | Civil No. 1:19-cv-00917-RDA-WEF |
| v. | ) ) | |
| FAIRFAX COUNTY SCHOOL BOARD, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFF B.R.'S MOTION TO COMPEL INFORMATION REGARDING DEFENDANT FCSB'S BREACH OF COURT-ORDERED PRIVACY PROTECTIONS

Plaintiff, B.R., by and through undersigned counsel, hereby files this Motion to Compel Information Regarding Defendant Fairfax County School Board's ("FCSB") Breach of Court-Ordered Privacy Protections. In support of this Motion, Plaintiff states the following:

1. Plaintiff's right to proceed with this case anonymously was challenged by FCSB, and specifically litigated in this Court, and the Court's decision allowing her to litigate under a pseudonym was affirmed by the Fourth Circuit on appeal. *B.R. v. F.C.S.B*, 17 F.4th 485 (4th Cir. 2021).

2. To that end, Paragraph 5 of the Amended Protective Order in this case provides: "**Use of Real Names.** Pursuant to the Court's order dated March 10, 2020, the Parties will use initials for the Plaintiff and the Individual Defendants in all public filings. Notwithstanding this, the Parties are expressly permitted to use the real names of the Plaintiff and the Individual Defendants for their own investigation, informal discovery, and formal discovery." ECF 205.

3. On November 1, 2023, Plaintiff learned that Defendant FCSB breached Plaintiff's privacy protections when it disclosed her full name and her involvement in this case to a third party. Specifically, at a minimum, it appears that FCSB disclosed to a third party an internal document containing her name that it or its lawyers had prepared about this case.[1]

4. This breach was publicly reported by The 74, a nonprofit news organization, which described that FCSB disclosed tens of thousands of sensitive, confidential school records to a parent advocate. In addition to documents related to B.R. and her case, FCSB apparently disclosed documents identifying current and former special education students, documents identifying students who struggled with mental health issues, details about the medical conditions of a student, and the name of another sexual assault victim suing the School Board. https://www.the74million.org/article/exclusive-virginias-fairfax-schools-expose-thousands-of-sensitive-student-records/.

5. On November 3, 2023, The 74 published a subsequent article focusing specifically on the disclosure of B.R.'s information, entitled, "Exposed Documents from Virginia Fairfax Schools Include Names of Alleged Sexual Assault Victims." https://www.the74million.org/article/exposed-documents-from-virginias-fairfax-schools-include-names-of-alleged-assault-victims/.

6. Defendant FCSB admitted to the breach in a public statement, stating that it is "deeply sorry that this happened," "[is] working to determine who has been impacted so that appropriate notifications can be made," and disclosing that an "external legal investigation" is

---

[1] As noted below, FCSB has not provided B.R. information regarding the extent of the breach of B.R.'s privacy, but Plaintiff is aware of the disclosure of at least this one document from public reporting.

being conducted. https://www.the74million.org/article/exclusive-virginias-fairfax-schools-expose-thousands-of-sensitive-student-records/.

7. Understandably, Plaintiff is deeply concerned about FCSB's, at best, careless disclosure of her name and information.

8. Accordingly, on November 2, 2023, counsel for B.R. emailed FCSB's counsel requesting information directly relevant to understanding the scope and severity of FCSB's breach, the reasons for it, and the steps FCSB is taking to (1) resolve the situation and (2) prevent another breach from happening again. Specifically, Plaintiff requested that FCSB respond to the following inquiries:

1) Copies of all documents or other information disclosed that contain B.R.'s name;
2) The full names of all FCSB employees and officials who were involved in the production of the materials revealing B.R.'s identity;
3) A description of the steps FCSB took to collect, review, compile, and transmit the documents and information for protected information, prior to disclosing it;
4) The date when FCSB first became aware of its unlawful disclosure of B.R.'s identity;
5) All steps taken by FCSB to notify B.R. of their unlawful disclosure of her identity:
6) All steps taken by FCSB to retrieve or otherwise limit the dissemination of B.R.'s identity following the breaches;
7) The date that FCSB's counsel became aware of FCSB's unauthorized disclosure of B.R.'s identity;
8) All steps taken by FCSB's counsel to notify B.R. or her counsel of FCSB's unlawful disclosure of her identity;
9) All steps taken by FCSB's counsel to retrieve or otherwise limit the dissemination B.R.'s identity following the breaches;
10) A description of all efforts FCSB is taking to (a) investigate whether there have been any other similar breaches that disclosed B.R.'s identity; and (b) ensure that FCSB does not release this information again; and
11) The same information requested in 1-10 for any other instances where FCSB has provided B.R.'s name to third parties.

9. In a meet and confer between counsel for the Parties that took place on November 9, counsel for Plaintiff additionally requested the name of the law firm conducting the independent investigation.

10.     Despite FCSB's public statement that it is taking its breach seriously, FCSB refuses to respond to *any* of Plaintiff's information requests.

11.     Plaintiff's counsel fully understands that this is something that should be able to be resolved without the Court's intervention, but given FCSB's refusal to respond to any of her requests for information, Plaintiff seeks this Court's intervention to compel FCSB to provide this information.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Compel Information Regarding Breach of Court-Ordered Privacy Protections and require Defendant FCSB to provide the following information:[2]

1) Copies of all documents or other information disclosed that contain B.R.'s name;
2) The full names of all FCSB employees and officials who were involved in the production of the materials revealing B.R.'s identity;
3) A description of the steps FCSB took to collect, review, compile, and transmit the documents and information for protected information, prior to disclosing it;
4) The date when FCSB first became aware of its unlawful disclosure of B.R.'s identity;
5) All steps taken by FCSB to notify B.R. of their unlawful disclosure of her identity:
6) All steps taken by FCSB to retrieve or otherwise limit the dissemination of B.R.'s identity following the breaches;
7) The date that FCSB's counsel became aware of FCSB's unauthorized disclosure of B.R.'s identity;
8) All steps taken by FCSB's counsel to notify B.R. or her counsel of FCSB's unlawful disclosure of her identity;
9) All steps taken by FCSB's counsel to retrieve or otherwise limit the dissemination B.R.'s identity following the breaches;
10) A description of all efforts FCSB is taking to (a) investigate whether there have been any other similar breaches that disclosed B.R.'s identity; and (b) ensure that FCSB does not release this information again;
11) The same information requested in 1-10 for any other instances where FCSB has provided B.R.'s name to third parties; and
12) The name of the law firm conducting an independent investigation into the issue.

---

[2] Plaintiff specifically requests that any information contained in the requested documents that would reveal the identities of others be redacted.

Dated: November 14, 2023

Respectfully submitted,

By: _____/s/ *Jonathan Fahey*_____

JONATHAN L. FAHEY
BROWN RUDNICK
602 Thirteenth Street NW
Washington, DC 20005
Telephone: (202) 536-1702
jfahey@brownrudnick.com

ALISON L. ANDERSON
(Pro Hac Vice)
BOIES SCHILLER FLEXNER LLP
725 S. Figueroa, 31st Floor
Los Angeles, CA 90017
Telephone: (213) 629-9040
Facsimile: (213) 629-9022
alanderson@bsfllp.com

ANDREW S. BRENNER
(Pro Hac Vice)
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307
abrenner@bsfllp.com

*Counsel for Plaintiff B.R*

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2023, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record for all Parties.

By: /s/ *Jonathan Fahey*

JONATHAN LEO FAHEY
BROWN RUDNICK
602 Thirteenth Street NW
Washington, DC  20005
Telephone: (202) 536-1702
jfahey@brownrudnick.com