UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| B.R., | ) |
|     Plaintiff, | ) |
| v. | ) Civil No. 1:19-cv-00917-RDA-WEF |
| FAIRFAX COUNTY SCHOOL BOARD, *et al.*, | ) |
|     Defendants. | ) |

**DEFENDANT FAIRFAX COUNTY SCHOOL BOARD'S MEMORANDUM IN SUPPORT OF MOTION TO FILE CONFIDENTIAL MATERIAL UNDER SEAL**

Defendant Fairfax County School Board ("the School Board") respectfully seeks leave to file under seal Exhibits 3, 5-9, 11, 13, 20-28, 30-35, and 38-42, as well as its Brief in Support of Its Motion for Sanctions Due to Spoliation ("Brief"), and in support of its motion, states as follows:

1. On October 4, 2022, the Court entered its Amended Protective Order (ECF 205) ("Amended Protective Order") governing the treatment of certain discovery material.

2. Paragraph 1 of the Court's Amended Protective Order contains a non-exclusive list of those materials that fall under the definition of "Confidential." Included in that list, as is relevant, are: "(1) educational or scholastic records protected under FERPA; (2) medical, mental health, counseling records or information, or other records protected under HIPPA . . . and (6) juvenile police records." Within the same paragraph, the Court also provided examples of the categories of records that fall under the definition of "Highly Confidential." Included in that list, as is relevant, are: "therapy notes from Plaintiff's current treating mental health physicians or counselors [and] Plaintiff's current address, phone number and email address, and the current address, phone number, and email addresses of members of Plaintiff's immediate family."

3.  Paragraph 2 of the Amended Protective Order provides a mechanism for a Party to designate documents as "Confidential" or "Highly Confidential" pursuant to the definition for such designation set forth in Paragraph 1 of the Order.

4.  Exhibit 3 is an excerpted portion of Plaintiff's Amended Answers to the School Board's Interrogatories which contains the phone numbers of Plaintiff and her family and Plaintiff's full name social media accounts.  Although Plaintiff has not specifically designated these answers as "Confidential," out of an abundance of caution, the School Board is filing this exhibit under seal to allow Plaintiff an opportunity to demonstrate to the Court why it should be permanently sealed.

5.  Exhibit 5 is a compilation of emails that, except for the final document, Plaintiff has designated as "Highly Confidential." The final document contains an email address that contains Plaintiff's real name.

6.  Exhibit 6 is an excerpted portion of Plaintiff's Amended Answers to the School Board's Interrogatories which Plaintiff has designated as "Highly Confidential."

7.  Exhibit 7 contains excerpts of Plaintiff's mother's deposition transcript. Pages 249 to 257 of the transcript contain a recitation of a medical record of Plaintiff that was designated "Confidential." Although Plaintiff has not designated any portion of this transcript as "Confidential," out of an abundance of caution, the School Board is filing that portion of this exhibit under seal to allow Plaintiff an opportunity to demonstrate to the Court why that portion should be permanently sealed.  The School Board will publicly file a redacted version of Exhibit 7 that excludes those pages, in accordance with LCvR 5(C).

8.  Exhibit 8 is an email between Plaintiff's mother and School Board personnel, which was designated as "Confidential" by Plaintiff.

9. Exhibit 9 contains Plaintiff's cellular phone records and was designated as "Confidential" by Plaintiff.

10. Exhibit 11 is a police incident and investigation report involving a juvenile, and while it was not designated as "Confidential" by Plaintiff, out of an abundance of caution the School Board is filing it under seal to allow Plaintiff an opportunity to demonstrate to the Court why it should be permanently sealed.

11. Exhibit 13 is an email between Plaintiff's mother and School Board personnel, which was designated as "Highly Confidential" by Plaintiff.

12. Exhibit 16 is a Facebook message sent to Plaintiff in March 2012 and that uses Plaintiff's real name; it also contains the full names of witnesses who were minors at the time. This record has not been designated "Confidential" by Plaintiff. Out of an abundance of caution the School Board is filing it under seal to allow the Plaintiff an opportunity to demonstrate to the Court why it should be permanently sealed

13. Exhibit 20 is a police incident and investigation report involving individuals who were juveniles at the time, which was designated as "Confidential" by Plaintiff.

14. Exhibit 21 is written statement made by Plaintiff to the police in conjunction with the investigation into Plaintiff's report made on March 2, 2012, which was designated as "Confidential" by Plaintiff.

15. Exhibit 22 is an excerpted portion of the deposition transcript of Detective Frederick Chambers, FCPD, which discusses his investigation as described in the Incident Report that is Exhibit 20. While no portion of this deposition transcript has been designated confidential by any party under the Amended Protective Order, out of an abundance of caution, the School

Board is filing it under seal to allow the other Parties an opportunity to demonstrate to the Court why it should be permanently sealed.

16. Exhibit 23 is a chronology authored by Plaintiff's mother and provided to the police in conjunction with the investigation into Plaintiff's report made on March 2, 2012, which contains the full names of Plaintiff, individual defendants, and other students. While all but the first page of the document was designated as "Confidential" by Plaintiff, in an abundance of caution, the School Board is filing the entire document under seal to allow the Parties an opportunity to demonstrate to the Court why it should be permanently sealed.

17. Exhibit 24 is a transcript of a videotaped interview of Plaintiff conducted by Detective Chambers on March 8, 2012, as part of his investigation as described in the Incident Report that is Exhibit 20. The interview was designated as "Confidential" by Plaintiff.

18. Exhibit 25 is a transcript of a videotaped interview of Plaintiff's mother conducted by Detective Chambers on March 8, 2012, as part of his investigation as described in the Incident Report that is Exhibit 20. The interview was designated as "Confidential" by Plaintiff.

19. Exhibit 26 is a transcript of a videotaped interview of Defendant C.K. and his mother conducted by Detective Chambers on March 8, 2012, as part of his investigation as described in the Incident Report that is Exhibit 20. The interview was designated as "Confidential" by Plaintiff.

20. Exhibit 27 contains an email sent to Plaintiff's family by a then-minor, "Co.K", on March 1, 2012, with a copy of Facebook chats. The chats are contained within Exhibit 12 which is being filed publicly (with redactions of identifying names) but this document contains the unredacted messages, Plaintiff's last name, and the full name of Co.K. While no party has

designated this document as confidential, the School Board is filing it under seal to allow the Plaintiff an opportunity to demonstrate to the Court why it should be permanently sealed.

21. Exhibit 28 contains a mental health treatment record of Plaintiff, and has been designated as "Confidential" by Plaintiff.

22. Exhibit 30 is Plaintiff's family's privilege log which contains the unredacted full names of Plaintiff and her family. Although not marked as confidential by Plaintiff, out of an abundance of caution, the School Board is filing the document under seal to allow the Plaintiff an opportunity to demonstrate to the Court why it should be permanently sealed.

23. Exhibit 31 is an email from Plaintiff's mother to School Board personnel, which Plaintiff designated as "Confidential."

24. Exhibit 32 is an email from Det. Chambers to Plaintiff's mother, which Plaintiff has designated as "Confidential."

25. Exhibit 33 is a series of emails between Plaintiff, her mother, and her medical provider. Although not marked as confidential by Plaintiff, it contains Plaintiff's and her mother's email addresses, so out of an abundance of caution, the School Board is filing the document under seal to allow the Plaintiff an opportunity to demonstrate to the Court why it should be permanently sealed.

26. Exhibit 34 is an email between Plaintiff and her medical provider. Although not marked as confidential by Plaintiff, it contains Plaintiff's email address which reveals her name, so, out of an abundance of caution, the School Board is filing the document under seal to allow the Plaintiff an opportunity to demonstrate to the Court why it should be permanently sealed.

27. Exhibit 35 is an email between Plaintiff and her medical provider. Although not marked as confidential by Plaintiff, it contains Plaintiff's email address which reveals her name,

so out of an abundance of caution, the School Board is filing the document under seal to allow the Plaintiff an opportunity to demonstrate to the Court why it should be permanently sealed.

28. Exhibit 38 is a letter from Plaintiff's counsel to Defendants' counsel which contains Plaintiff's and her family's phone numbers and email addresses. Although not specifically marked as confidential by Plaintiff, out of an abundance of caution, the School Board is filing the document under seal to allow the Plaintiff an opportunity to demonstrate to the Court why it should be permanently sealed.

29. Exhibit 39 is a compilation of Facebook posts containing the real names of Plaintiff, C.K., J.O., and other students from Rachel Carson Middle School. Although not marked as confidential by Plaintiff, out of an abundance of caution, the School Board is filing the document under seal to allow the other Parties an opportunity to demonstrate to the Court why it should be permanently sealed.

30. Exhibit 40 is a compilation of Facebook posts containing the real names of Plaintiff and other students at Rachel Carson Middle School. Although not marked as confidential by Plaintiff, out of an abundance of caution, the School Board is filing the document under seal to allow the Plaintiff an opportunity to demonstrate to the Court why it should be permanently sealed.

31. Exhibit 41 is a letter from Plaintiff's counsel to Defendants' counsel which contains Plaintiff's and her family's phone numbers, email addresses, and social media handles. Although not specifically marked as confidential by Plaintiff, out of an abundance of caution, the School Board is filing the document under seal to allow the Plaintiff an opportunity to demonstrate to the Court why it should be permanently sealed.

32. Exhibit 42 is a letter from the School Board's counsel to Plaintiff's counsel which contains Plaintiff's and her family's phone numbers, email addresses, and social media handles.

Although not specifically marked as confidential by Plaintiff, out of an abundance of caution, the School Board is filing the document under seal to allow the Plaintiff an opportunity to demonstrate to the Court why it should be permanently sealed.

33.     Because the Exhibits described above are discussed or quoted within the Brief, the School Board seeks leave to file its full Brief under seal and to file a redacted version publicly, in accordance with LCvR 5(C).

Pursuant to Local Civil Rule 5(C) and the Court's Amended Protective Order, the School Board hereby requests that the Court allow it to submit Exhibits 3, 5-9, 11, 13, 20-28, 30-35, and 38-42, to its Brief in Support of Its Motion for Sanctions Due to Spoliation, and the Brief, under seal initially, affording Plaintiff the opportunity provided Local Rule 5(c) to demonstrate why sealing is appropriate.

Dated:  November 21, 2023

Respectfully submitted,

By:     /s/ Sona Rewari
Sona Rewari (VSB No. 47327)
Ryan M. Bates (VSB No. 74661)
Scott W. Burton (VSB No. 90601)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
srewari@HuntonAK.com
rbates@HuntonAK.com
burtons@HuntonAK.com

*Counsel for Defendant Fairfax County School Board*

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2023, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record for all Parties.

                By:  */s/ Sona Rewari*
                      Sona Rewari (VSB No. 47327)