IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | |
|---|---|
| B.R., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:19-cv-00917-RDA-WEF |
| ) | |
| FAIRFAX COUNTY SCHOOL BOARD, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**FAIRFAX COUNTY SCHOOL BOARD'S PARTIAL OPPOSITION TO
PLAINTIFF'S MOTION TO SEAL**

The Fairfax County School Board (the "School Board") files this brief to oppose portions of Plaintiff's Motion to File Confidential Material Under Seal (ECF 556). In support of this opposition, the School Board states as follows:

1. On November 22, 2023, in conjunction with opposing the School Board's Partial Motion for Summary Judgement, Plaintiff filed a Motion to File Confidential Materials Under Seal (ECF 556), a supporting memorandum (ECF 557), and a Notice of Filing Motion to Seal (ECF 558).

2. Plaintiff contemporaneously filed a sealed version of her Opposition with all 27 exhibits filed under seal. ECF 555. Plaintiff also filed a redacted version of her Opposition. ECF 559.

3. "Motions to file documents under seal are disfavored and discouraged." Local Rule 5(C). Under Fed. R. Civ. P. 26(c), the "court may, for good cause, issue an order . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way . . . ." Fed. R. Civ. P. 26(c). "The party designating

-1-

a document 'confidential' must have 'a good faith belief that is has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record." *Carlisle v. Allianz Life Ins. Co. of N. Am.*, 540 F. Supp. 3d 567, 570 (E.D. Va. 2021) (citation omitted). "When a confidentially designation is challenged, the burden is on the designating party to show 'good cause' requiring the designation." *Id.* (citation omitted).

4. To establish good cause, "the party seeking protection from disclosure must demonstrate that '(1) the material in question is . . . confidential information within the scope of Rule 26(c), and (2) disclosure would cause identifiable harm.'" *NewMarket Corp. v. Innospec Inc.*, No. 3:10cv503, 2011 WL 2144695, at *4 (E.D. Va. May 25, 2011) (citations omitted); *see also Carlisle*, 540 F. Supp. 3d at 570 (applying standard to motions to seal). "Importantly, the party seeking protection must identify '*specific* prejudice or harm that will result' if disclosure is allowed." *NewMarket Corp.*, 2011 WL 2144695, at *4. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the R[ule] 26(c) test." *Minter v. Wells Fargo Bank, N.A.*, No. WMN–07–3442, 2010 WL 5418910, at *8 (D. Md. Dec. 23, 2010).

### Plaintiff's Improper Redactions in Her Brief

5. The School Board partially opposes Plaintiff's motion to seal her Opposition. In the publicly-filed version of the Opposition (ECF 559), Plaintiff redacted information that is not confidential, has been publicly disclosed (both in filings and elsewhere), and otherwise does not meet the high sealing burden. Specifically, the School Board opposes the following redactions:

  a. Plaintiff's claimed medical conditions (*see* ECF 559 at 1-4, 7-14, 16, 18-20). Many of these conditions have been disclosed in the Second Amended Complaint and a number of other publicly-filed pleadings in this case. *See* ECF 38-4, 155, 195, 240, 251, 257, 260-1, 267, 295, 325, 425-2, 425-3, 425-4, 425-5, 346, and 464.

  b. The names of two of Plaintiff's previous employers. ECF 559 at 17. One of these previous employers' names has already been publicly disclosed by Plaintiff herself, multiple times, in public filings. *See* ECF 365, 425-4, 464. The second employer is a large institution where Plaintiff worked over five years ago and whose name was disclosed by Plaintiff in social media posts that she produced in this case. Plaintiff has also publicly disclosed the identity of a third employer in filings in this case, *see* ECF 425-6, which is another indication that the names of her prior employers is not information that she herself has treated as confidential.

 6. With respect to each of the items in subparagraphs (a) and (b) above, Plaintiff bears the burden to establish "good cause" for the sealing.[1] Plaintiff cannot establish that the information in (a) and (b) is confidential under Fed. R. Civ. P. 26(c). Because much of the information has already been disclosed in the public record by Plaintiff herself, it is simply not confidential. Plaintiff also cannot establish any "identifiable" and "specific prejudice or harm" that would result from the re-publication of such already-public information. To the extent that Plaintiff seeks to redact medical conditions and the employer's name that she has not disclosed in filings in this case, she cannot establish any specific harm that would result from merely listing the conditions she is claiming or the name of a prior, institutional employer. Moreover, Plaintiff, by operating

---

[1] To be clear, the School Board does not oppose the other redactions not specifically referenced above.

under a pseudonym, already has been conferred confidentiality protections; thus, it would be unnecessary to seal information that, by its nature, cannot identify her or be attributed to her. Accordingly, Plaintiff cannot meet the high burden necessary to justify sealing this information.

**Plaintiff's Improper Sealing of Exhibits**

7. The School Board opposes Plaintiff's filing of Exhibits 10, 11, 12, 13, and 14 under seal for the reasons set forth below:

   a. Exhibit 10, Deposition of Plaintiff:  Plaintiff filed the entirety of the excerpted pages of Exhibit 10 under seal, including transcript pages that have not been designated as Confidential by Plaintiff.  Specifically, pages 159, 161, and 180 of Plaintiff's deposition were not designated as "Confidential," yet were filed under seal.  And, per the Amended Protective Order, the deadline to designate these portions of the transcript as "Confidential" has passed.  ECF 205 at 8.  Per Local Rule 5(C), it was improper for Plaintiff to file the entire Exhibit under seal.

   b. Exhibit 11, Deposition of Nancy Cantalupo, Proposed Title IX Expert:  Plaintiff represents to the Court that the excerpts from Ms. Cantalupo's deposition have "been designated as 'Confidential' under the Amended Protective Order" and makes no other arguments for why it should be sealed. ECF 557 at 4.  But the School Board has no record of any portion of Ms. Cantalupo's deposition being designated as "Confidential."  And, per the Amended Protective Order, the deadline to designate this transcript as "Confidential" has passed.  ECF 205 at 8.

   c. Exhibit 12, Deposition of Alex Karras, Proposed Life Care Planning Expert: Plaintiff represents to the Court that the excerpts from Mr. Karras' deposition have "been designated as 'Confidential' under the Amended Protective Order" and

    makes no other arguments for why it should be sealed. ECF 557 at 4. To the contrary, at the time of Plaintiff's filing, the School Board had no record of any portion of Mr. Karras' deposition being designated as "Confidential." In an apparent attempt to correct this mistake, on November 27, 2023, five days *after* filing the Motion to Seal, Plaintiff's counsel sent an e-mail to Defendants' counsel attempting to designate Mr. Karras' *entire* deposition transcript as "Confidential." The following day, the School Board advised Plaintiff that the designation was both untimely and overbroad, and requested that she withdraw the designation.

d. <u>Exhibit 13, Deposition of Dr. Seth Tuwiner, Proposed Neurology Expert</u>: Plaintiff represents to the Court that the excerpts from Dr. Tuwiner's deposition have "been designated as 'Confidential' under the Amended Protective Order" and makes no other arguments for why it should be sealed. ECF 557 at 4. To the contrary, the School Board has no record of any portion of Dr. Tuwiner's deposition being designated as "Confidential." And, per the Amended Protective Order, the deadline to designate this transcript as "Confidential" has passed. ECF 205 at 8.

e. <u>Exhibit 14, Deposition of Dr. Jonathan DeRight, Proposed Neuropsychology Expert</u>: Plaintiff represents to the Court that the excerpts from Dr. DeRight's deposition have "been designated as 'Confidential' under the Amended Protective Order" and makes no other arguments for why it should be sealed. ECF 557 at 4. To the contrary, the School Board has no record of any portion of Dr. DeRight's deposition being designated as "Confidential." And, per the Amended Protective Order, the deadline to designate this transcript as "Confidential" has passed. ECF 205 at 8.

8.       Plaintiff, again, bears the high burden to establish sealing of the aforementioned exhibits. The only reason provided by Plaintiff in her brief for the sealing of Exhibits 11-14—*i.e.*, that this material was designated as "Confidential" under the Amended Protective Order—is simply not true. No such designations have been made. Plaintiff's *post-hoc* attempt to designate Mr. Karras' entire deposition as "Confidential" should be ignored because it is untimely under Amended Protective Order (*see* ECF 205 at 8) and Plaintiff's wholesale designation of the entire transcript—including mundane information such as Mr. Karras' background and education—is clearly improper under Fed. R. Civ. P. 26(c) and the Amended Protective Order. And, as referenced above, Plaintiff filed under seal non-confidential transcript pages in Exhibit 10. Thus, Plaintiff has failed to establish "good cause" to seal these exhibits.

**Plaintiff's Attempted Designation of Exhibits as "Highly Confidential" Is Improper**

9.       Lastly, the School Board opposes Plaintiff's motion to seal to the extent that it claims that Exhibits 17-20 should be treated as "Highly Confidential" under the Amended Protective Order. ECF 557 at 4-5. These exhibits, which are not labeled "Highly Confidential" by Plaintiff, consist of Plaintiff's historical medical records. While these do qualify as "Confidential" material under the Protective Order, they do not qualify as or meet the definition of "Highly Confidential" material under the Amended Protective Order.[2] Nor do these exhibits warrant the extraordinary protection of "Attorneys Eyes Only" treatment. Plaintiff should not be

---

[2] None of these records are Plaintiff's SANE report, graphic photos, or "therapy notes from Plaintiff's current treating mental health physicians or counselors." ECF 205 at 4. To the extent that Plaintiff claims that these exhibits were designated as "Highly Confidential" because they contain Plaintiff's or her family members' "current address, phone number, and email address," (ECF 557 at 1-2) then this information should have been redacted from the exhibits and designated as "Confidential."

able to use this designation to keep Defendants from viewing exhibits that Plaintiff has offered to oppose this important motion for partial summary judgment.[3]

### Conclusion

In sum, the School Board requests that the Court deny Plaintiff's motion in part, and direct the Plaintiff to: (i) refile the public version of her brief without redacting her claimed medical condition and the names of two former employers; (ii) correct Exhibit 10 to include a public version that redacts only those pages that were designated as "Confidential"; (iii) publicly file Exhibits 11-14. The Court's Order should also make clear that Exhibits 17-20 are only "Confidential" materials, and need not be treated as "Highly Confidential" material under the Amended Protective Order.

Dated: November 29, 2023

Respectfully submitted,

By: */s/ Ryan M. Bates*
Ryan M. Bates (VSB No. 74661)
Sona Rewari (VSB No. 47327)
Scott W. Burton (VSB No. 90601)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
rbates@HuntonAK.com
srewari@HuntonAK.com
burtons@HuntonAK.com

*Counsel for Defendant Fairfax County School Board*

---

[3] Plaintiff also represents to the court that the medical records in Exhibit 22 have "been designated as 'Confidential' under the Amended Protective Order." ECF 557, at 5. Though the School Board does not oppose the sealing of this exhibit, it has no record of these records ever having been designated as "Confidential" by Plaintiff, and notes that the records also are not marked in that manner.

## CERTIFICATE OF SERVICE

   I hereby certify that on November 29, 2023, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record for all Parties.

            By: */s/ Ryan M. Bates*
                Ryan M. Bates