# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| B.R., | ) |
|     Plaintiff, | ) |
| | ) Civil Action No. 1:19cv917 (RDA/WEF) |
| v. | ) |
| F.C.S.B. et al., | ) |
|     Defendants. | ) |

## ORDER

This matter is before the Court on Plaintiff B.R.'s and Defendant F.C.S.B.'s Motions to Seal (the "Motions to Seal"). (Dkts. 490, 498, 549, 556, 562, 570, 576, 583, 590, 597, 602). On December 12, 2023, the Court ordered that the parties be prepared to present argument on the pending Motions to Seal at the hearing scheduled for Friday, December 15, 2023, at 10:00 a.m. before the undersigned. (Dkt. 607). The parties appeared on Friday, December 15, 2023, and the undersigned heard argument from counsel on the Motions to Seal.

As to Defendant F.C.S.B.'s Motion to Seal information in support of its Motion for Partial Summary Judgment (Dkt. 490) and F.C.S.B.'s Motion to Seal information in support of its Motion to Dismiss for Fraud (Dkt. 498), the Court granted F.C.S.B.'s Motions to Seal (Dkts. 490, 498) on November 16, 2023. (Dkt. 544). The Order (Dkt. 544) granted F.C.S.B.'s motion to temporary seal the information designated by Plaintiff B.R. as confidential and ordered that Plaintiff B.R. file a response to Defendant F.C.S.B.'s Motions to Seal (Dkt. 490, 498) demonstrating why the information filed under seal shall remain permanently under seal. *Id*. On December 1, 2023, Plaintiff B.R. filed her responses to the Motions to Seal. (Dkt. 573, 574). At

the hearing, the parties agreed there was no dispute as to Defendant F.C.S.B.'s Motion to Seal (Dkt. 498), and the information filed under seal shall remain under seal. However, as to Defendant F.C.S.B's Motion to Seal (Dkt. 490), the parties agreed that the confidential status of Exhibit 4 (Dkt. 493) had been downgraded to non-confidential and should be filed publicly on the docket. The parties further agreed that Plaintiff should file redacted versions of Exhibit 3 (Dkt. 492) and Exhibit 5 (Dkt. 494) publicly on the docket.

On November 21, 2023, Defendant F.C.S.B. filed a Motion to Seal in connection with its Motion for Sanctions. (Dkt. 549). Plaintiff B.R. filed a response to the Motion to Seal on November 28, 2023. (Dkt. 566). At the hearing, the parties agreed that there was no dispute, and the information filed under seal should remain under seal.

On November 22, 2023, Plaintiff B.R. filed a Motion to Seal in connection with her response to Defendant's Motion for Partial Summary Judgment. (Dkt. 556). Defendant F.C.S.B. filed its opposition to the Motion to Seal on November 29, 2023. (Dkt. 572). At the hearing, the parties agreed Exhibit 11 (Dkt. 555-11) should be unsealed. The Court further ordered that Exhibits 10, 12, 13, and 14 shall remain sealed. Additionally, Exhibits 17-20 shall remain sealed; however, the confidential status of Exhibits 17-20 shall be downgraded to CONFIDENTIAL. The Court also ordered that Plaintiff B.R. shall file an amended brief, or briefs, removing redactions involving references to Plaintiff's claimed medical conditions and Plaintiff's previous employers, as set forth in Defendant's opposition (Dkt. 572).

On November 28, 2023, Defendant F.C.S.B filed a Motion to Seal in connection with its opposition to Plaintiff's Motion to Compel. (Dkt. 562). Plaintiff B.R. filed a response to the Motion to Seal on December 5, 2023. (Dkt. 592). At the hearing, the parties agreed that there was no dispute, and the material contained in Exhibit 7 (Dkt. 561-7) is not subject to protection

and should be unsealed.

On November 28, 2023, Plaintiff B.R. filed a Motion to Seal in connection with its response to Defendants' Motion to Dismiss for Fraud. (Dkt. 570). Defendant F.C.S.B. filed its opposition to the Motion to Seal on December 5, 2023. (Dkt. 586). At the hearing, the parties agreed that Exhibit 1 (Dkt. 567-1), Exhibit 12 (Dkt. 567-10), Exhibit 13 (Dkt. 567-11), and Exhibit 14 (Dkt. 567-12) should be unsealed and filed publicly on the docket. The Court also ordered that the pages filed under seal in the exhibits at issue in this Motion to Seal (Exhibits 2, 9, 11) that were not designated as CONFIDENTIAL or designated as NON-CONFIDENTIAL shall be filed publicly, as set forth in Defendant's opposition (Dkt. 586). The Court further ordered that Plaintiff B.R. shall file an amended brief un-redacting any portions that correspond to exhibits that have been ordered unsealed.

On December 1, 2023, Defendant F.C.S.B. filed a Motion to Seal in connection with its reply brief in support of its Motion for Partial Summary Judgment. (Dkt. 576). Plaintiff B.R. filed a response to the Motion to Seal on December 8, 2023. (Dkt. 593). The Court ordered that the material filed under seal in connection with this Motion to Seal shall remain under seal.

On December 4, 2023, Plaintiff B.R. filed a Motion to Seal in connection with her reply brief it support of Plaintiff's Motion to Compel. (Dkt. 583). Defendant F.C.S.B. filed its opposition to the Motion to Seal on December 8, 2023. (Dkt. 595). The Court ordered that the material filed under seal in connection with this Motion to Seal (Dkt. 580) shall be unsealed and filed publicly.

On December 5, 2023, Plaintiff B.R. filed a Motion to Seal in connection her brief in response to Defendant's Motion for Sanctions. (Dkt. 590). Defendant F.C.S.B. filed its opposition to the Motion to Seal on December 12, 2023. (Dkt. 606). At the hearing, the parties

agreed that Exhibit 5 (Dkt. 587-1) and Exhibit 10 (Dkt. 587-6) should be unsealed and filed publicly on the docket. The Court also ordered that the pages filed under seal in the exhibits at issue in this Motion to Seal (Exhs. 9, 13) that were not designated as CONFIDENTIAL or designated as NON-CONFIDENTIAL shall be filed publicly, as set forth in Defendant's opposition (Dkt. 606). The Court further ordered that Plaintiff B.R. shall file an amended brief un-redacting any portions that correspond to exhibits that have been ordered unsealed.

On December 8, 2023, Defendant F.C.S.B filed a Motion to Seal in connection with its reply in support of its Motion to Dismiss for Fraud. (Dkt. 597). Plaintiff B.R. filed a response to the Motion to Seal on December 14, 2023. (Dkt. 608). Defendant C.K. also filed a response on December 14, 2023. (Dkt. 610). At the hearing, the parties agreed that Exhibit 8 (Dkt. 599-8) and Exhibit 9 (Dkt. 599-9) are not confidential and should be unsealed. The Court ordered that Exhibit 11 will remain sealed.

On December 11, 2023, Defendant F.C.S.B filed a Motion to Seal in connection with its reply in support of its Motion for Sanctions. (Dkt. 602). Plaintiff B.R. filed a response to the Motion to Seal on December 14, 2023. (Dkt. 609). At the hearing, the parties agreed that there was no dispute, and the material should remain under seal.

For reasons stated from the bench, and in accord with specific rulings and instructions thereto, it is hereby

**ORDERED** that the information filed under seal in Defendant F.C.S.B's Motion to Seal (Dkt. 498) shall remain under seal until further order from this Court; it is further

**ORDERED** that the information filed under seal in Defendant F.C.S.B.'s Motion to Seal (Dkt. 490) shall remain under seal under further order form this Court, except Exhibit 4 (Dkt. 493) shall be unsealed and filed publicly on the docket. The Clerk is directed to unseal Exhibit 4

(Dkt. 493). Plaintiff B.R. is further ordered to publicly file redacted versions of Exhibit 3 (Dkt. 492) and Exhibit 5 (Dkt. 494) by Friday, January 5, 2024; it is further

**ORDERED** the Defendant F.C.S.B.'s Motion to Seal (Dkt. 549) is **GRANTED** and the information filed under seal shall remain under seal until further order from this Court; it is further

**ORDERED** that Plaintiff B.R.'s Motion to Seal (Dkt. 556) is **GRANTED-IN-PART**. The Clerk is directed to unseal Exhibit 11 (Dkt. 555-11). All other exhibits shall remain under seal until further order from this Court. Exhibits 17-20 shall be designated as CONFIDENTIAL. Plaintiff B.R. shall file an amended brief removing redactions involving references to Plaintiff's claimed medical conditions and Plaintiff's previous employers, as set forth in Defendant's opposition (Dkt. 572); it is further

**ORDERED** that Defendant F.C.S.B.'s Motion to Seal (Dkt. 562) is **DENIED** as both parties agree that the material in Exhibit 7 (Dkt. 561-7) is not subject to protection and should be unsealed. The Clerk is directed to unseal Exhibit 7 (Dkt. 561-7); it is further

**ORDERED** the Plaintiff B.R.'s Motion to Seal (Dkt. 570) is **GRANTED-IN-PART**. The Clerk is directed to unseal Exhibit 1 (Dkt. 567-1), Exhibit 12 (Dkt. 567-10), Exhibit 13 (Dkt. 567-11), and Exhibit 14 (Dkt. 567-12). Plaintiff B.R. shall publicly file any pages filed under seal in the exhibits at issue in this Motion to Seal (Exhs. 2, 9, 11) that were not designated as CONFIDENTIAL or designated as NON-CONFIDENTIAL as set forth in Defendant's opposition (Dkt. 586) by Friday, January 5, 2024. Plaintiff B.R. shall file an amended brief un-redacting any portions that correspond to exhibits that have been ordered unsealed by Friday, January 5, 2024; it is further

**ORDERED** that Defendant F.C.S.B.'s Motion to Seal (Dkt. 576) is **GRANTED** and the

information filed under seal shall remain under seal until further order from this Court; it is further;

**ORDERED** that Plaintiff B.R.'s Motion to Seal (Dkt. 583) is **DENIED**. The Clerk is directed to unseal Plaintiff's reply brief in support of the Motion to Compel (Dkt. 580); it is further

**ORDERED** that Plaintiff B.R.'s Motion to Seal (Dkt. 590) is **GRANTED-IN-PART**. The Clerk is directed to unseal Exhibit 5 (Dkt. 587-1) and Exhibit 10 (Dkt. 587-6). Plaintiff B.R. shall publicly file any pages filed under seal in the exhibits at issue in this Motion to Seal (Exhs. 9, 13) that were not designated as CONFIDENTIAL or designated as NON-CONFIDENTIAL as set forth in Defendant's opposition (Dkt. 606) by Friday, January 5, 2024. Plaintiff B.R. shall file an amended brief un-redacting any portions that correspond to exhibits that have been ordered unsealed by Friday, January 5, 2024; it is further

**ORDERED** that Defendant F.C.S.B.'s Motion to Seal (Dkt. 597) is **GRANTED-IN-PART**. The Clerk is directed to unseal Exhibit 8 (Dkt. 599-8) and Exhibit 9 (Dkt. 599-9); it is further

**ORDERED** that Defendant F.C.S.B.'s Motion to Seal (Dkt. 602) is **GRANTED,** and the information filed under seal shall remain under seal until further order from this Court; it is further

**ORDERED** that Plaintiff's Motion to Seal Proposed Order (Dkt. 585) is **DENIED** as it appears to be Plaintiff's proposed order for a Motion to Seal.

**ENTERED** this 20th day of December, 2023.

_William E Fitzpatrick_
WILLIAM E. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia