**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| B.R., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 1:19-cv-00917-RDA-WEF |
| v. ) | |
| ) | |
| FAIRFAX COUNTY SCHOOL BOARD, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF B.R.'S BRIEF IN SUPPORT OF RULE 72(A) OBJECTION TO CERTAIN
FINDINGS BY THE MAGISTRATE JUDGE IN CONNECTION TO HIS RULING
<u>REGARDING MRS. R.'S DUTY TO PRESERVE ESI</u>**

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

ARGUMENT ........................................................................................................................... 2

    A.    Legal Standards ................................................................................................. 2

        1.    Federal Rule of Civil Procedure 37(e) ................................................. 2

        2.    This Court reviews the Magistrate Judge's legal rulings de novo and factual findings under a clearly erroneous standard ................................. 4

    B.    Mrs. R. Had No Duty to Preserve the ESI in 2012 or 2013 ................................ 4

    C.    Mrs. R.'s Conduct in 2012 or 2013 Cannot Be Imputed to B.R. For Purposes of Rule 37(e) Sanctions ................................................................ 5

CONCLUSION ........................................................................................................................ 6

CERTIFICATE OF SERVICE ................................................................................................ 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Attard Indus., Inc. v. U.S. Fire Ins. Co.*,
   No. 1:10cv121 (AJT/TRJ), 2010 WL 3069799 (E.D. Va. Aug. 5, 2010) .................................. 4

*Bruce v. Hartford*,
   21 F. Supp. 3d 590 (E.D. Va. 2014) ........................................................................................ 4

*Davis v. Cap. One, N.A.*,
   No. 1:22-cv-00903 (AJT/IDD), 2023 WL 6964051 (Ed. Va. Oct. 20, 2023) ........................... 3

*Fowler v. Tenth Planet, Inc.*,
   --- F. Supp. 3d ----, 2023 WL 3569816 (D. Md. May 19, 2023) ............................................. 3

*Gabarette v. Emps. Ins. Co. of Wasau*,
   No. 1:16-cv-00355 (GBL/TCB), 2017 WL 2664997 (E.D. Va. Mar. 10, 2017) ....................... 4

*Goodman v. Praxair Servs., Inc.*,
   632 F. Supp. 2d 494 (D. Md. 2009) ......................................................................................... 3

*Huggins v. Prince George's Cnty.*,
   750 F. Supp. 2d 549 (D. Md. 2010) ......................................................................................... 3

*Jennings v. Frostburg State Univ.*,
   --- F. Supp. 3d ----, 2023 WL 4567976 (D. Md. June 27, 2023) ............................................. 3

*Johns v. Gwinn*,
   503 F. Supp. 3d 452 (W.D. Va. 2020) ..................................................................................... 3

*Lee v. Belvac Prod. Mach., Inc.*,
   No. 20-1805, 2022 WL 4996507 (4th Cir. Oct. 4, 2022) ......................................................... 2

*Levin v. Emps. Ins. Co. of Wausau*,
   887 F.3d 623 (4th Cir. 2018) ................................................................................................... 4

*Sutherlin v. Smith*,
   No. 4:15-cv-00037, 2016 WL 4402072 (W.D. Va. Aug. 18, 2016) ......................................... 1

*United States v. Midgette*,
   478 F.3d 616 (4th Cir. 2007) ................................................................................................... 1

*Wall v. Rasnick*,
   42 F.4th 214 (4th Cir. 2022) .................................................................................................... 2

**<u>Rules</u>**

Fed. R. Civ. P. 37(e) .................................................................................................... 1, 2, 3, 5

Fed. R. Civ. P. 72(a) ................................................................................................................ 4

**INTRODUCTION**

Plaintiff B.R. seeks to preserve her objections to certain findings made by the Magistrate Judge in his Order of December 15, 2023 (Dkt. No. 612) denying Defendant Fairfax County School Board's ("FCSB") Motion for Sanctions Due to Spoliation. While the Court need not address the issues now or before trial, because courts have disagreed on the issue of whether a party waives the right to object to a magistrate judge's legal and factual findings if an issue is raised again later in the litigation, B.R. wanted to be sure to preserve her objections to certain legal and factual findings should FCSB wish to renew its motion or otherwise attempt to use the disputed findings at trial or in connection with any other motion. *See United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) ("[W]e now hold that to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."); *Sutherlin v. Smith*, No. 4:15-cv-00037, 2016 WL 4402072, at *1 (W.D. Va. Aug. 18, 2016) ("Whichever of the Magistrate Judge's Orders Plaintiff's Motion opposes, the challenge is untimely and will not be considered.").

Specifically, B.R. objects only to the Magistrate Judge's findings that her mother, Mrs. R., was under a duty in 2012 and 2013 to preserve electronically stored information ("ESI") for this litigation, and that Mrs. R.'s actions in 2012 and 2013 related to that preservation may be imputed to B.R. in this case. B.R. does not object to the Magistrate Judge's denial of FCSB's Motion for Sanctions Due to Spoliation, and instead files these objections for preservation of her ability to contest the above findings in connection with the trial of this matter.

FCSB moved for sanctions under Federal Rule of Civil Procedure 37(e) based on its allegation that B.R.'s mother, seven years before this lawsuit was filed, did not "preserve **every single electronic device and account**" B.R. used *as a 12-year-old*. Dkt. No. 547; *see* Dkt. No. 551 at 7. According to FCSB, Mrs. R., who is not a party to this case, was under a duty to preserve

1

B.R.'s electronic devices and accounts "no later than March 2012" because Mrs. R. should have anticipated that B.R. would file this case seven years later. *See* Dkt. No. 551 at 29.

The Magistrate Judge correctly denied FCSB's Motion. Dkt. No. 612. Specifically, the Magistrate Judge concluded that FCSB had not "sufficiently articulated prejudice" and, "even if there is some measurable prejudice that [FCSB] suffered, . . . the remedies sought are excessive and not proportionate." *See* Dkt. No. 616 (December 8, 2023 Hr'g Tr.) at 55:14–24. The Magistrate Judge also found that Mrs. R. did not "act[] with any nefarious intent or . . . with the intent to deprive another with evidence." *Id.* at 56:15–17.

Notwithstanding these findings, the Magistrate Judge found that FCSB "has established" that Mrs. R. had a duty to preserve ESI because "this litigation was anticipated by B.R.'s mother as a minor child" and Mrs. R. "had a duty to act in accordance with her daughter's best interest, and the legal burden at that point she bore." *Id.* at 55:2–7.[1]

B.R. only objects to the Magistrate Judge's findings that (1) Mrs. R. had a duty to preserve ESI in 2012 and 2013 because "this litigation was anticipated" at that time, and (2) that Mrs. R.'s conduct in 2012 and 2013 may be imputed to B.R. in this case.

## ARGUMENT

**A.  Legal Standards**

**1.  Federal Rule of Civil Procedure 37(e)**

"The alleged spoliation of the electronically stored information at issue here is governed by Rule 37(e)." *See Lee v. Belvac Prod. Mach., Inc.*, No. 20-1805, 2022 WL 4996507, at *3 (4th Cir. Oct. 4, 2022) (citing *Wall v. Rasnick*, 42 F.4th 214, 222–23 (4th Cir. 2022)). "To trigger Rule 37(e), four criteria must be met: (1) the party was under a duty to preserve the ESI at issue; (2) the

---

[1] There was no finding that B.R. herself anticipated this litigation in 2012 or 2013.

2

ESI at issue was not preserved; (3) the loss of the ESI was due to the party's failure to take reasonable steps to preserve it; and (4) the ESI cannot be restored or replaced through additional discovery." *Fowler v. Tenth Planet, Inc.*, --- F. Supp. 3d ----, 2023 WL 3569816, at *6 (D. Md. May 19, 2023). It is the moving party's burden to establish each of the four criteria by clear and convincing evidence. *Davis v. Capital One, N.A.*, No. 1:22-cv-00903 (AJT/IDD), 2023 WL 6964051, at *16 (E.D Va. Oct. 20, 2023) ("[A] movant must demonstrate that sanctions are appropriate under Rule 37(e) by a clear and convincing standard of proof.").

As to the first criteria, a party is under a duty to preserve ESI if (1) "the party should have reasonably anticipated litigation" and (2) "the party reasonably should have known that the evidence at issue might be relevant to *such* litigation." *Johns v. Gwinn*, 503 F. Supp. 3d 452, 462 (W.D. Va. 2020) (emphasis added). "[T]he mere existence of a dispute does not necessarily mean that parties should reasonably anticipate litigation." *Jennings v. Frostburg State Univ.*, --- F. Supp. 3d ----, 2023 WL 4567976, at *33 (D. Md. June 27, 2023) (quoting *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 510 (D. Md. 2009). "Rather, this duty begins 'somewhere between knowledge of the dispute and direct, specific threats of litigation.'" *Id.* (quoting *Huggins v. Prince George's Cnty.*, 750 F. Supp. 2d 549, 560 (D. Md. 2010). "District courts within the Fourth Circuit have concluded that the receipt of a demand letter, a request for evidence preservation, a threat of litigation, or a decision to pursue a claim will all trigger the duty to preserve evidence," and "[w]here these actions are absent, the events imputing reasonable anticipation of litigation are highly case specific and fact dependent." *Id.* (internal quotation marks and citations omitted).

### 2. This Court reviews the Magistrate Judge's legal rulings de novo and factual findings under a clearly erroneous standard

"Under Federal Rule of Civil Procedure 72(a), a district judge reviewing a party's objections to a magistrate judge's order must 'modify or set aside any part of the order that is clearly erroneous or contrary to law.'" *Gabarette v. Emps. Ins. Co. of Wasau*, No. 1:16-cv-00355 (GBL/TCB), 2017 WL 2664997, at *4 (E.D. Va. Mar. 10, 2017) (quoting Fed. R. Civ. P. 72(a)), *aff'd sub nom. Levin v. Emps. Ins. Co. of Wausau*, 887 F.3d 623 (4th Cir. 2018). "The district judge reviews findings of fact under the 'clearly erroneous' standard, and reviews legal conclusions to determine whether they are 'contrary to law.'" *Id.* (citing *Bruce v. Hartford*, 21 F. Supp. 3d 590, 594 (E.D. Va. 2014)),.

"A court's finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *Bruce*, 21 F. Supp. 3d at 594). A legal ruling is "contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Attard Indus., Inc. v. U.S. Fire Ins. Co.*, No. 1:10cv121 (AJT/TRJ), 2010 WL 3069799, at *1 (E.D. Va. Aug. 5, 2010) (internal quotation marks omitted). "[T]here is no practical difference between review under Rule 72(a)'s contrary to law standard and [the] *de novo* standard." *Gabarette*, 2017 WL 2664997, at *4 (quoting *Bruce*, 21 F. Supp. 3d at 594).

### B. Mrs. R. Had No Duty to Preserve the ESI in 2012 or 2013

The Magistrate Judge committed two errors in finding that Mrs. R. had a duty to preserve the ESI in 2012 and 2013.

First, contrary to the Magistrate Judge's finding that "there is a sufficient record or sufficient factual predicate to find that *this* litigation was anticipated by [Mrs. R.]," *see* Dkt. No. 616 (December 8, 2023 Hr'g Tr.) at 55:2–7 (emphasis added), there is no evidence that Mrs. R.

4

anticipated in 2012 or 2013 that B.R. would, in 2019, file this lawsuit against FCSB. As set out in B.R.'s Brief in Response to FCSB's Motion, the only thing resembling litigation that Mrs. R. was contemplating was what she actually pursued; namely, an Individualized Education Plan ("IEP") for her daughter and an administrative proceeding through the United States Department of Education Office of Civil Rights ("OCR"). *See* Dkt. No. 587 at 12–16. The instant lawsuit was neither contemplated by, nor brought by, Mrs. R. *Id.* Instead, this suit was brought by B.R. seven years later.

Second, the Magistrate Judge erred by failing to correctly apply the standard for relevance in the sanctions context in finding that Mrs. R. was under a duty to preserve ESI because she should have known that the allegedly non-preserved ESI was relevant to any litigation that she should have reasonably anticipated in 2012 or 2013. As set out in B.R.'s Brief in Response to FCSB's Motion, the ESI FCSB alleges is lost would likely have had little to no relevance to Mrs. R.'s pursuit of an IEP for B.R., or the initiation of proceedings through the OCR. *See* Dkt. No. 587 at 13–6 & n.10. Indeed, FCSB made no request for this ESI or its preservation during the IEP or OCR proceedings.

### C. Mrs. R.'s Conduct in 2012 or 2013 Cannot Be Imputed to B.R. For Purposes of Rule 37(e) Sanctions

The Magistrate Judge also erred in concluding that Mrs. R.'s conduct in 2012 or 2013 is imputable to B.R. in this case because B.R. was a minor child. As B.R. explained in her Brief in Response to FCSB's Motion, Rule 37(e) applies only to "a party" and there are no "exceptional circumstances" warranting the imposition of a duty to preserve on Mrs. R. as a non-party. *See* Dkt. No. 587 at 18–22. Indeed, cases where courts have recognized "exceptional circumstances" exist to impute a non-party's actions to a party is where the non-party was acting at the direction

5

of the party. The only evidence relevant to this issue indicates that 12-year-old B.R. resisted—not directed—her mother's actions to take away B.R.'s access to social media.

## CONCLUSION

The Court should sustain B.R.'s objections to certain findings made by the Magistrate Judge in connection with his denial of FCSB's Motion for Sanctions Due to Spoliation.

Dated: December 29, 2023

Respectfully submitted,

By:    /s/ *Jonathan Fahey*

JONATHAN L. FAHEY
(VSB No. 44854)
**BROWN RUDNICK LLP**
602 Thirteenth Street NW, Suite 600
Washington, DC 20005
Telephone: (202) 536-1702
Facsimile: (202) 536-1701
jfahey@brownrudnick.com

ALISON L. ANDERSON (Pro Hac Vice)
**BOIES SCHILLER FLEXNER LLP**
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Telephone: (213) 629-9040
Facsimile: (213) 629-9022
alanderson@bsfllp.com

ANDREW S. BRENNER (Pro Hac Vice)
BRITTANY ZOLL (Pro Hac Vice)
ROBERT G. KEEFE (Pro Hac Vice)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307
abrenner@bsfllp.com
bzoll@bsfllp.com
rkeefe@bsfllp.com

*Counsel for Plaintiff B.R*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2023, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record for all Parties.

By: /s/ *Jonathan Fahey*

JONATHAN L. FAHEY
(VSB No. 44854)
**BROWN RUDNICK LLP**
602 Thirteenth Street NW, Suite 600
Washington, DC  20005
Telephone: (202) 536-1702
Facsimile:  (202) 536-1701
jfahey@brownrudnick.com