IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| B.R. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:19-cv-917 (RDA/WEF) |
| v. ) | |
| ) | |
| F.C.S.B., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**<u>SEALED MEMORANDUM OPINION AND ORDER</u>**

This matter comes before the Court on Defendant F.C.S.B.'s Motion to Dismiss for Fraud on the Court (Dkt. 496), joined by Defendants A.F., B.H., F.T., J.F., M.C., M.P.F., P.A.H., S.T., and T.B. (collectively, the "Individual School Defendants") (Dkt. 530), Defendant J.O. (Dkt. 531), and Defendant C.K. (Dkt. 537).[1] This Court dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); E.D. Va. Loc. Civ. R. 7(J). The Motion is now fully briefed and ripe for disposition. Having considered the Motion, the accompanying Memoranda in Support (Dkt. Nos. 500; 530; 531; 537), Plaintiff's Opposition (Dkt. 567) and Defendants' Replies (Dkt. Nos. 594; 599), the Court DENIES Defendant F.C.S.B.'s Motion to Dismiss for the reasons that follow.

I. BACKGROUND

The Court assumes familiarity with the underlying facts of this case from the Court's various opinions on prior motions to dismiss (Dkt. Nos. 85; 236), the Fourth Circuit's opinion, *B.R. v. F.C.S.B.*, 17 F.4th 485 (4th Cir. 2021), and Magistrate Judge William E. Fitzpatrick's

---

[1] Although all Defendants joined F.C.S.B.'s Motion, the Individual School Defendants, J.O., and C.K. did not separately move for dismissal. Thus, the Court will refer to the Motion as F.C.S.B.'s Motion.

various orders, including his most recent order denying Defendants' motion for sanctions (Dkt. 612). The Court will briefly summarize the facts at issue in the pending Motion; the below summary does not include all of the claims, factual allegations, or discovery issues that have been raised during the pendency of this case.

Plaintiff alleges that she was repeatedly sexually assaulted and harassed from October 2011 to February 2012, when she was a seventh grader at Rachel Carson Middle School ("RCMS") – a Fairfax County Public School ("FCPS"). Dkt. 155 ¶¶ 1, 98, 102-03. Plaintiff asserts that two of the perpetrators of the assaults and harassment were Defendants C.K. and J.O., two other students at RCMS. *Id*. ¶¶ 127-132. Plaintiff asserts that she repeatedly sought the assistance of RCMS and FCPS school officials and that, despite doing so, she continued to suffer harassment. *Id*. ¶¶ 132-181.

In its Motion, FCSB asserts that Facebook messages produced by C.K. "near the close of discovery" between C.K. and a "Facebook User" demonstrate that "Plaintiff's allegations against C.K.—the foundational core of this case—are utterly false." Dkt. Nos. 500 at 1;[2] 497-2 ("Facebook User Messages"). FCSB argues that the Facebook User Messages are "smoking-gun messages" that contradict Plaintiff's sworn testimony and which establish that this litigation is an elaborate fraud on the Court concocted by Plaintiff or her mother in 2011 and pursued through the present time. Dkt. 500 at 1-3. FCSB suggests that Plaintiff has perverted the justice system and that her claims must be dismissed as a fraud on the Court. *Id*. at 3. FCSB then sets forth what it asserts are the extensive misrepresentations and lies perpetrated by Plaintiff as well as the alleged harm suffered by FCSB. *Id*. at 4-30. The Individual School Defendants, C.K.,

---

[2] For ease of understanding, the Court refers to the page numbers at the bottom of all of the briefs rather than the ECF designated page numbers.

and J.O. join in FCSB's Motion and their briefs recount the impact of Plaintiff's alleged fraud on the claims against them as well as the harm that they have suffered as a result.  Dkt. Nos. 500; 530; 531; 537.

Plaintiff opposes the Motion, arguing that the Motion is an "attempt to smear Plaintiff by reframing a factual and evidentiary dispute at issue in this case as a 'fraud on the Court.'"  Dkt. 567 at 1.  Plaintiff argues that the Facebook User Messages are unauthenticated and unconnected to her and fail to meet the clear and convincing evidence standard required for fraud on the court. *Id*. at 3-5.  Plaintiff denies that she has committed fraud on the Court or that she has committed perjury.  *Id*. at 8-25.

In Reply, FCSB argues that the standard for authenticity is not high and that there is circumstantial evidence connecting Plaintiff to the Facebook User Messages.  Dkt. 599 at 1.  FCSB reiterates that "Plaintiff's fraud goes to the very foundation of this case" and that the "scheme began on the first day that [Plaintiff] met with school employees in November 2011." *Id*. at 2.  FCSB argues that "the messages were produced by C.K., a party who can readily identify them as messages with Plaintiff" and that "the messages make it clear that Plaintiff is the 'Facebook User' chatting with C.K., as both parties use her real name *six times* in the chat."  *Id*. at 5, 7 (emphasis in original).  FCSB also argues that Plaintiff has failed to rebut evidence of her fraud, because she makes no attempt to square her testimony with the messages.  *Id*. at 15.

C.K. also filed a reply indicating that he maintains that the Facebook User Messages are authentic and that they are messages between Plaintiff and C.K.  Dkt. 594.  He further asserts that he is "willing to provide a declaration, or appear in person to testify at an evidentiary hearing to authenticate the Facebook messages as messages between C.K. and Plaintiff."  *Id*.

3

## II. STANDARD OF REVIEW[3]

Fraud on the court is not "garden-variety fraud." *Fox ex rel. Fox v. Elk Run Coal Co.*, 739 F.3d 131, 135 (4th Cir. 2014). Rather, fraud on the court ordinarily involves "corruption of the judicial process itself." *Cleveland Demolition Co. v. Azcon Scrap Corp.*, 827 F.2d 984, 986 (4th Cir. 1987). Although courts within this Circuit recognize that "Fourth Circuit case law does not directly lay out the elements of fraud upon the court," the Fourth Circuit has established certain "guideposts." *In re Harlow v. Wells Fargo & Co.*, 2022 WL 17586716, at *12 (Bankr. W.D. Va. Dec. 12, 2022). The Fourth Circuit has instructed that "[t]he doctrine of fraud on the court is a principle to be narrowly construed and applied, and it embraces only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *Asterbadi v. Leitess*, 176 F. App'x 426, 430 (4th Cir. Apr. 20, 2006) (Unpublished) (citation and internal quotation omitted). The burden of proof is on the movant and most district courts have applied a clear and convincing evidence standard.[4]

---

[3] Most cases involving fraud on the court appear to generally arise in the context of a motion for sanctions or a motion or action pursuant to Rule 60(b)(3) to set aside a judgment. FCSB has not been clear on what legal standard governs here, where the Motion does not fit neatly into either category. The Motion is not a motion for sanctions, as FCSB separately filed a motion for sanctions before Judge Fitzpatrick, and there is not yet a judgment in this case to which Rule 60(b)(3) would apply. In its Reply, FCSB suggests without detailed analysis that it is inappropriate for this Court to look to Rule 60(b)(3) decisions regarding fraud on the court in deciding the Motion. Dkt. 599 at 2-3 n.3. This Court disagrees, as decisions from the Fourth Circuit and other courts within this Circuit regarding fraud on the court raised pursuant to Rule 60(b)(3) motions provide important context regarding the scope of what constitutes fraud on the court.

[4] FCSB did not address the burden of proof in its opening brief. Dkt. 500. In her Opposition, Plaintiff asserts that the correct standard is "clear and convincing evidence." Dkt. 567 at 5. Although FCSB takes issue with the case law that Plaintiff cites, FCSB ultimately does not disagree that most district courts apply a clear and convincing standard. Dkt. 599 at 2-3 n.3 (citing *For Life Prod., LLC v. Virox Techs. Inc.*, 2022 WL 1670097, at *8 (W.D. Va. May 25,

Central to the Fourth Circuit's instructions on fraud on the court is the admonition that "perjury or fabricated evidence are not grounds for relief as 'fraud on the court'" because "[p]erjury and fabricated evidence are evils that can and should be exposed at trial and the legal system encourages and expects litigants to root them out as early as possible." *Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters*, 675 F.2d 1349, 1357 (4th Cir. 1982). Since the *Great Coastal* decision, the Fourth Circuit has repeatedly emphasized this principle. *See, e.g.*, *United States v. Conrad*, 675 F. App'x 263, 265 (4th Cir. 2017) (holding that fraud by a witness, even where the witness is an attorney, "does not elevate perjury to the level of fraud on the court because the danger that a party's fraud would corrupt the judicial process simply is not present"); *In re Genesys Data Tech., Inc.*, 204 F.3d 124, 130 ("Fraud between parties, however, 'is not fraud on [the] court' even if it involves '[p]erjury by a party or witness.'"); *Cleveland Demolition Co.*, 827 F.2d at 985-86 (holding that a "routine evidentiary conflict does not justify an action for fraud on the court" and that the plaintiff "could certainly have used this evidence to impeach [the witness] during the initial trial"). Other Circuits have similarly recognized that "[t]he possibility of perjury, even concerted, is a common hazard of the adversary process with which litigants are equipped to deal through discovery and cross-examination." *George P. Reintjes Co. v. Riley Stoker Corp.*, 71 F.3d 44, 49 (1st Cir. 1995).

Once a party establishes fraud, the Fourth Circuit has established a number of factors for a district court to consider in determining whether dismissal is appropriate: (i) the degree of the wrongdoer's culpability; (ii) the extent of the client's blameworthiness if the wrongful conduct is committed by its attorney; (iii) the prejudice to the judicial process and the administration of

---

2022) ("noting that district courts have found the 'clear and convincing' standard to be 'preferred'").

justice; (iv) prejudice to the victim; (v) the availability of other sanctions; and (vi) the public interest. *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993).

### III. ANALYSIS

As the briefing on this Motion reflects, all parties are passionate about their positions in this litigation. Here, however, Defendants have overreached. In the first instance, well-established Fourth Circuit case law holds that the perjured testimony and fabrication of evidence on which Defendants rely does not satisfy the standard for fraud on the court. Moreover, at this juncture, the Court cannot determine the authenticity of the Facebook User Messages or whether Plaintiff was the Facebook User. Accordingly, the Motion will be denied.[5]

#### A. FCSB HAS NOT ESTABLISHED FRAUD ON THE COURT

To begin with, FSCB's Motion is premised on "Plaintiff's Perjury and falsehoods." Dkt. 500 at 9. As the Fourth Circuit has recognized, "[f]raud between parties" is not "fraud on the court, 'even if it involves [p]erjury by a party or witness.'" *Fox*, 739 F.3d at 136. Although

---

[5] FCSB argues that the issues in dispute here – primarily the authenticity of the Facebook User Messages and the identity of the Facebook User – "should be settled by a short evidentiary hearing, not a six-week jury trial at taxpayer expense." Dkt. 599 at 14. As set forth below, dismissal is inappropriate because the issues that FCSB raises – even if true – do not rise to the level of a fraud on the court under Fourth Circuit precedent. But assuming *arguendo* that FCSB could establish fraud on the court, FCSB oversimplifies the factual findings that the Court would need to make in order to provide the relief that FCSB seeks. Any evidentiary issues on the question of perjury and fabrication of evidence would need to go beyond the testimony of C.K. and Plaintiff and would essentially become a trial without a jury. Because even if the Facebook User Messages are authenticated, then the Court is left with unsworn Facebook messages from a 12-year old girl and sworn testimony from an adult and will have to take evidence to determine, where there is a conflict between the two, which one is the truth. The extent of the issues that would need to be resolved is exceptionally broad where FCSB claims that Plaintiff's fraud "scheme began on the first day she met with school employees in November 2011" when Plaintiff was only twelve years old and that the fraud scheme allegedly continues to this day. Dkt. 599 at 2.

Plaintiff cited *Fox* at least five times in her Opposition, FCSB's Reply does not address *Fox*, or indeed any of the other Fourth Circuit cases cited by Plaintiff which stand for the proposition that perjury is not sufficient to establish fraud on the Court. *Comp*. Dkt. 567 at 6-7 (citing Fourth Circuit cases) *with* Dkt. 599. FCSB does cite to *Yanez v. America West Airlines, Inc.*, an unreported case from the District of Maryland, which held that the plaintiff's "false and misleading" statements constituted a fraud on the court. Dkt. 599 at 18 (citing *Yanez*, 2004 WL 2434725 (D. Md. Oct. 13, 2004)). But that case also does not address this relevant Fourth Circuit precedent.[6]

    The dispute presented here – regarding the authenticity of the Facebook User Messages and regarding the identity of the Facebook User – seems to be precisely the kind of dispute that the Fourth Circuit has envisioned being resolved at trial. Defendants have now (in their view) discovered proof of Plaintiff's perjury and conduct and they may (if such evidence is admissible at trial) present that evidence to the jury. As the Fourth Circuit has held, "[t]he adversary process exists because it permits each side to present its own case as well as to test its opponent's in order to expose vulnerabilities of every sort and variety." *Fox*, 739 F.3d at 137. Although "perjury and fabricated evidence" are "reprehensible" and unquestionable "evils" they do not suffice to establish fraud on the court, because "the legal system encourages and expects litigants to root them out as early as possible." *Id*. (citing *Great Coastal*, 675 F.3d at 1357). Thus, FCSB's Motion will be denied on the basis that the alleged perjury on which FCSB relies does not suffice to establish fraud on the court.

---

[6] The *Yanez* Court also found clear and convincing evidence that statements by the plaintiff were false and misleading. *See* 2004 WL 2434725 at *3-*6. As discussed further *infra*, this Court does not have before it, at this time, clear and convincing evidence of fraud or perjury.

7

B. FCSB HAS NOT YET AUTHENTICATED THE FACEBOOK USER MESSAGES

Even assuming *arguendo* that perjury could establish a fraud on the court, FCSB has not met its burden of demonstrating a fraud on the court for an additional reason: at this juncture, FCSB has not established the authenticity of the Facebook User Messages or established that Plaintiff is the Facebook User.[7] In this regard, FCSB's argument is perplexing. FCSB argues

---

[7] The Court does not reach the ultimate question of whether, if the Facebook User Messages are authentic and if Plaintiff is the Facebook User, she has committed perjury with respect to all of the alleged contradictions noted by FCSB between the Facebook User Messages and Plaintiff's sworn statements. However, some of FCSB's arguments may not necessarily establish perjury and three arguments in particular are worth noting.

First, FCSB appears to argue that because the Facebook User "offered" and "invited" sex in the Facebook User Messages any sex between Facebook User and C.K. must have been consensual. Dkt. 500 at 11. That is certainly an argument that FCSB and Defendants may be able to make and perhaps a jury would agree; but statements from Facebook User like "do u wanna have sex," do not establish clear and convincing evidence for this Court to find that any subsequent claim of rape was perjury. *See Tyson v. Trigg*, 50 F.3d 436, 448 (7th Cir. 1995) ("The law of rape is not a part of the law of contracts. If on Friday you manifest consent to have sex on Saturday, and on Saturday you change your mind but the man forces you to have sex with him anyway, he cannot use your Friday expression to interpose, to a charge of rape, a defense of consent or of reasonable mistake as to consent. You are privileged to change your mind at the last moment.").

Second, FCSB also argues that Plaintiff's fraud is conclusively established because "she makes no attempt to square her sworn testimony with the messages." Dkt. 599 at 15. This argument is a red herring: why would Plaintiff address the substance of the Facebook User Messages when she clearly denies that the messages are from her. *See* Dkt. 425-4 at 8 (Plaintiff disputing, in her own words in a letter to Judge Fitzpatrick, that the Facebook User Messages are from her).

Finally, in response to an argument from Plaintiff regarding the age of consent, FCSB argues that the age of consent is a "non-sequitur" that has no bearing on Plaintiff's claims and asserts that it is unsurprising that "Plaintiff has not cited a single case that supports her position that sexual activity between two students is automatically 'harassment' just because they are both underage minors." Dkt. 599 at 14-15. Although the Court need not address this dispute in resolving the Motion, the Court takes seriously all of the arguments of counsel and researches the issues presented to it. To that end, as the age of consent may be the subject of future motions practice, the Court notes for the parties the decision in *Mary M. v. North Lawrence Community School Corp.*, 131 F.3d 1220 (7th Cir. 1997), in which the Seventh Circuit held in a Title IX case that, "[i]f elementary school children cannot be said to consent to sex in a criminal context, they

that, "[w]hether Plaintiff was the 'Facebook user' in these messages is determinative" and asserts that C.K. "can readily identify them as messages with Plaintiff." Dkt. 599 at 1, 5. C.K., in his Reply Brief, echoes FCSB's remark. Dkt. 594. And yet, C.K. has *not* submitted a declaration or affidavit regarding the Facebook User Messages. The Court is therefore left with the glaring absence of any statement from C.K. attesting to the authenticity of the Facebook User Messages or to the identity of Facebook User, even though C.K. is apparently able and willing to do so.

Although FCSB is correct that authenticity is not usually a high bar to the admission of evidence, that is because "[t]he factual determination of whether evidence is that which the proponent claims is ultimately reserved for the jury" with the district court serving only as a "gatekeeper." *United States v. Vidacak*, 553 F.3d 344, 349 (4th Cir. 2009). Here, however, FCSB seeks to put the Court in the position of a trier of fact that is looking at a piece of evidence – that FCSB argues is determinative of the case – without submitting the statement of any party or witness. Indeed, FCSB cites a number of cases addressing authenticity in its Reply and, in almost every case, the court relied on trial testimony to authenticate the documents. *See* 599 at 11-12 (citing *United States v. Barnes*, 803 F.3d 209, 215 (5th Cir. 2009) (messages authenticated by *testimony*); *United States v. Barlow*, 568 F.3d 215, 220 (5th Cir. 2015) (chats authenticated by *testimony*); *United States v. Siddiqui*, 235 F.3d 1318, 1322-23 (11th Cir. 2000) (same); *United States v. Tank*, 200 F.3d 627, 630-31 (9th Cir. 2000) (same)). Yet, here, FCSB has submitted nothing.[8]

---

similarly cannot be said to welcome it in a civil context. To find otherwise would be incongruous." *Id.* at 1227.

[8] The Court can only speculate as to why FCSB failed to include an affidavit or declaration from C.K.

There are also other questions surrounding the Facebook User Messages that are sure to be the subject of other motions or argument at trial that are not addressed here. As Plaintiff highlights in her Opposition: (i) why were the Facebook User Messages only discovered at the end of discovery; (ii) who discovered the messages – C.K. or FCSB counsel; and (iii) how were the messages discovered when previous searches failed to reveal them. Dkt. 567 at 2-3. These are serious questions on which FCSB has not provided a response when the Court – rather than a jury – is designated to decide whether the Facebook User Messages are what they purport to be.[9]

FCSB also argues that the Facebook User Messages "bear Facebook's 'inscriptions, signs, tags, or labels,'" and indicate "ownership, control, or origin" of the messages such that they are self-authenticating pursuant to Federal Rule of Evidence 902(7). Dkt. 599 at 6.[10] To begin with, the only "Facebook" label on the documents apparent to the Court is the designation "Facebook User." Dkt. 497-2. FCSB also points to alleged hyperlinks on the first page of the chats that FCSB asserts refer the user to the Facebook website, but those alleged hyperlinks are not available to the Court in the copies of the exhibits submitted and FCSB has submitted no declaration or affidavit supporting its argument in the Reply. Dkt. 599 at 6-7. FCSB also cites no case authority suggesting that the Facebook User Messages would fall within Rule 902. Indeed, the Court could find no case specifically addressing the applicability of Rule 902(7) to Facebook messages or chats. But other courts have rejected the argument that Facebook

---

[9] This Court does not and need not decide now whether FCSB or C.K. can establish the authenticity of the messages at trial, where the Court only plays the role of gatekeeper.

[10] Plaintiff, of course, had no opportunity to respond to this argument, because it was not raised until the Reply brief.

messages could be self-authenticating under other portions of Rule 902. *See, e.g.*, *United States v. Browne*, 834 F.3d 403, 436 (3d Cir. 2016) (rejecting argument that Facebook messages were self-authenticating under Rule 902(11) where the relevance was on fact of authorship, but referring to testimony of participants as establishing authenticity under Rule 901); *United States v. Farrad*, 895 F.3d 859, 878-80 (6th Cir. 2018) (finding that photographs from Facebook are not self-authenticating under Rule 902). Thus, the Court does not find, at this juncture, that the Facebook messages are authenticated pursuant to Rule 902(7).[11]

Separately, FCSB points to many indicia that it argues establishes that Facebook User is Plaintiff. But without the benefit of testimony, the Court cannot find by clear and convincing evidence that Facebook User is Plaintiff. FCSB points to the messages discussing Plaintiff's locker number, use of her name, and discussions of her friends. Dkt. 599 at 8. But, while that circumstantial evidence certainly may indicate that Plaintiff is Facebook User, there is not clear and convincing evidence that Facebook User is Plaintiff. Presumably, C.K. would also have the information about Plaintiff that is recounted in the messages. The Court must contrast Plaintiff's (unsworn) letter denying that the messages are from her and her accusations of forgery with the arguments from FCSB counsel without the benefit of any statement from C.K. *Comp.* Dkt. 425-4 at 8-9 *with* Dkt. 599 at 9-10. FCSB asks why Plaintiff failed to submit her own declaration, but the burden of establishing fraud on the court and the burden of establishing authenticity are both on FCSB, and Plaintiff has already denied the authenticity of the messages with no response from C.K.[12]

---

[11] This ruling does not preclude FCSB from attempting to establish the authenticity of the Facebook User Messages under Rule 901 or 902 at trial.

[12] It is somewhat ironic that FCSB asserts that "[i]t is no accident that Plaintiff relies exclusively on the arguments of counsel to question authenticity," Dkt. 599 at 13, when FCSB

In sum, Fourth Circuit precedent provides that FCSB's allegations of perjury are not sufficient to establish a fraud on the court.[13] Moreover, even if perjury was sufficient, FCSB has not established the authenticity of the Facebook User Messages or connected them to Plaintiff. Accordingly, the Motion will be denied.

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED Defendant FCSB.'s Motion to Dismiss for Fraud on the Court (Dkt. 496) is DENIED; and it is

FURTHER ORDERED that the parties are DIRECTED to meet and confer within TEN DAYS of the issuance of this Memorandum Opinion and Order to discuss whether any portion needs to remain under seal and to discuss any appropriate redactions for a public version; and it is

FURTHER ORDERED that, if the parties cannot agree regarding what portions of this Memorandum Opinion and Order should remain under seal or should be redacted from a public version (if any), the parties are DIRECTED to contact the chambers of Magistrate Judge William E. Fitzpatrick within FOURTEEN DAYS of the issuance of this Memorandum Opinion and Order for a briefing schedule and a hearing date to resolve the dispute; and it is

FURTHER ORDERED that all counsel are DIRECTED to advise their clients and their witnesses that when they testify they will take an oath to tell the truth under penalty of perjury,

---

has relied on the arguments of counsel to try to establish authenticity, *id*. at 5 ("First, the messages were produced by C.K. a party who can readily identify them as messages with Plaintiff."); *id*. at 6-7 ("[T]he top of the chat includes a hyperlink to Facebook's landing page . . .").

[13] Because the Court does not find that FCSB has established fraud on the court by clear and convincing evidence, the Court does not address the individual factors enumerated in *Shaffer Equip. Co.*, 11 F.3d at 462, for determining an appropriate remedy for a fraud on the court.

and, if the Court determines that any witness has committed perjury, the Court will take appropriate action; and it is

FURTHER ORDERED that all counsel are WARNED that the Court relies on counsel as officers of the Court to follow their ethical obligations and to not present testimony that they know or believe is perjury.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to counsel of record by email.

It is SO ORDERED.

Alexandria, Virginia
January 8, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge