IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| B.R., | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 1:19-cv-00917 |
| FAIRFAX COUNTY SCHOOL BOARD., et al., | ) ) ) ) |
|     Defendants. | ) ) |

**BRIEF IN SUPPORT OF DEFENDANT C.K.'S OMNIBUS MOTION IN LIMINE**

Defendant C.K. respectfully files this Brief in Support of his Omnibus Motion *in Limine* and requests this Court to exclude Plaintiff's irrelevant, prejudicial, and improper evidence at trial and to further issue a limiting instruction that evidence which may be admitted against other defendants not be considered by the jury as to C.K.

**INTRODUCTION**

Plaintiff's Second Amended Complaint ("SAC") (ECF No. 155) contains a single count against Defendant C.K. for an alleged assault and battery under Virginia common law (Count IX of the SAC). ¶¶ 304-313. The SAC contains claims against eleven other named Defendants. The SAC includes two claims under Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681(a), against the Fairfax County School Board, SAC ¶¶ 225-41; a First Amendment claim under 42 U.S.C. § 1983 against three RCMS administrators (A.F., S.T., and P.A.H.), *id.* ¶¶ 242-48; two gross negligence claims under Virginia common law against nine RCMS administrators, counselors, and teachers, *id.* ¶¶ 295-303; and an alleged assault and battery under Virginia common law against former student J.O, *id.* ¶¶ 314-321.

The vast majority of the nearly 800 exhibits identified by the Plaintiff have no relevance to the single assault and battery claim against C.K. Further, many of the exhibits that do mention C.K. specifically are not relevant to the single claim against him, are unfairly prejudicial, and/or constitute improper character evidence. Therefore, C.K. respectfully requests this Court to exclude Plaintiff's irrelevant, prejudicial, and improper evidence at trial, and to also issue a limiting instruction that evidence which may be admitted against other defendants not be considered by the jury as to C.K.

## Legal Standard

The "main purpose of a motion *in limine* is to streamline the trial by keeping irrelevant or improper evidence out of the courtroom." *TecSec v. Adobe Inc.*, No. 1:10-cv-115-LO, 2018 WL 11388472, at *7 (E.D. Va. Nov. 21, 2018). In this way, motions in limine "serve important gatekeeping functions by allowing the trial judge to eliminate from consideration evidence that should not be presented to the jury." *Cougill v. Prospect Mortg., LLC*, No. 1:13-cv-1433-JCC, 2014 WL 348539, at *1 (E.D. Va. Jan. 31, 2014). The decision to grant or deny a motion *in limine* is within the district court's discretion. *Id.; Cougill v. Prospect Mortg., LLC*, No. 1:13-cv-1433-JCC, 2014 WL 348539, at *1 (E.D. Va. Jan. 13, 2014).

## Argument

A.   **Evidence Subject to Exclusion**

Plaintiff's proposed list of trial exhibits includes a number of documents relating to Defendant C.K.' school disciplinary records where C.K. was accused of or disciplined for conduct completely unrelated to the Plaintiff's assault and battery allegations. *See, e.g.* ECF 464, Plaintiff's Proposed Trial Exhibits, at Exhibits 49 (2010 12 01 Email from J.W. to S.K. re Computer Solutions); 51 (2010 12 15 Email from J.W. to Admins re C.K. student issue); 59 (2011 05 20

Extracted - C.K. Discipline Reports re exposed his genitals to female); and 528 (C.K. Discipline dated 12/14/10 FCSB-BR-000624 | Pltf Exhibit 7 to 7/17/23 C.K. Deposition).

Similarly, Plaintiff's proposed trial exhibits include undated screenshots of Twitter posts that purportedly involve C.K. *See* ECF 464, Plaintiff's Proposed Trial Exhibits, at Exhibits 576-78 (Horney Facts Twitter Account).

Rule 401 of the Federal Rules of Evidence governs determination of the relevance of evidence. Under Rule 401, evidence is relevant if it "has a tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401.

C.K.'s school disciplinary and student records are not probative of whether C.K. supposedly assaulted or battered Plaintiff between October and December 2011 because they neither allege nor substantiate any such assault or battery. Likewise, the Twitter posts that Plaintiff seeks to introduce as Exhibits 576-78 are in no way related to the Plaintiff's assault and battery claim against C.K. Therefore, they have no probative value to Plaintiff's Count IX of the SAC and should be excluded.

Even assuming for the sake of argument those exhibits had some weak probative value, it would be substantially outweighed by the danger of unfair prejudice. Rule 403 of the Federal Rules of Evidence otherwise limits admissibility by "exclude[ing] relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

It would be unfair for the jury to decide the assault and battery claim against C.K. based on unrelated school disciplinary and student records and Twitter posts from when he was a child attending Middle School. *See, e.g.*, *Guerrero v. Deane*, No. 1:09cv1313 (JCC/TCB), 2012 U.S.

Dist. LEXIS 125404, at *17 (E.D. Va. Sep. 4, 2012) (excluding evidence about prior disciplinary proceedings against a defendant under Federal Rule of Evidence 403 because of a "lack of relevance . . . to the behavior of the Defendant in the present action" and because "their probative value to the operative issues in this case would be substantially outweighed by their potential to induce unfair prejudice against the Defendant.").

Additionally, the unrelated school disciplinary and student records should be excluded as improper character evidence or evidence of other crimes, wrongs or bad acts. Federal Rule of Evidence 404(a)(1) and (b)(1) prohibit the use of "[e]vidence of person's character or character trait" and "[e]vidence of any other crime, wrong, or act" to demonstrate that "on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid.404.

The Plaintiff should not be allowed to malign C.K. before the jury with irrelevant propensity evidence about unrelated events. Simply, there is no non-propensity purpose for which the Plaintiff could be offering these exhibits as evidence against C.K.

The Plaintiff seeks to introduce Exhibits 49, 51, 59, 528 and 576-78 solely to make C.K. look bad before the jury. Therefore, such evidence should be excluded under Rules 401, 403, and 404.

B.     **Evidence Admitted for Claims Against Other Defendants**

As noted above, Plaintiff's SAC") contains a single count (Count IX) against Defendant C.K. for an alleged assault and battery under Virginia common law. The SAC also contains claims against eleven other named Defendants, including two claims under Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681(a), against the Fairfax County School Board; a First Amendment claim under 42 U.S.C. § 1983 against three RCMS administrators (A.F., S.T., and P.A.H.); two gross negligence claims under Virginia common law

against nine RCMS administrators, counselors, and teachers; and an alleged assault and battery under Virginia common law against former student J.O.

Federal Rule of Evidence 105 provides: "If the court admits evidence that is admissible against a party or for a purpose — but not against another party or for another purpose — the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly."

Therefore, this Court should, at the time of admission, advise the jury as such evidence is received for Plaintiff's claims against FCSB, the individual school administrator defendants, and Defendant J.O., that it is admitted for a particular purpose or party and cannot be considered as to C.K. Fed. R. Evid. 105.

## **Conclusion**

C.K.'s unrelated school disciplinary and student records and purported Twitter posts should not be permitted at trial because they are irrelevant, unfairly prejudicial, and/or constitute improper character evidence. Likewise, evidence admitted against other defendants and unconnected to C.K. should be limited through an instruction to the jury. Fed. R. Evid. 105.

> Respectfully submitted,
> C. K.
> By Counsel

Dated: January 12, 2024

> _/s/_
> James F. Davis
>
> Virginia State Bar No. 41387
> Counsel for Defendant C. K.
> James F. Davis, P.C.
> 10513 Judicial Dr., Suite 200
> Fairfax, VA 22030
> Tel: (703) 383-3110
> Fax: (571) 748-6564
> jfd@jfdavislaw.com

## CERTIFICATE OF SERVICE

    I certify that on January 12, 2024, I will electronically file a copy of the attached BRIEF IN SUPPORT OF DEFENDANT C.K.'S OMNIBUS MOTION IN LIMINE using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record for all Parties.

                                              /s/_____
                                       James F. Davis (VSB #41387)