IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| B.R., | ) |
|       Plaintiff, | ) ) ) |
| v. | ) ) Civil No. 1:19-cv-00917-RDA-WEF |
| F.C.S.B., *et al.,* | ) ) ) |
|       Defendants, | ) ) ) ) |

**PLAINTIFF B.R.'S MEMORANDUM IN SUPPORT OF HER MOTION IN *LIMINE* TO PRECLUDE CERTAIN TESTIMONY OF DR. SARA JENNINGS**

The Court should preclude certain testimony of Dr. Sara Jennings,[1] pursuant to Federal Rules of Evidence 403 and 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). By definition, experts may not offer testimony or opinions outside the scope of their expertise, base their opinions on anything other than reliable methods, or supplant the fact-finders' role by drawing conclusions of fact and witness credibility.

Although she concedes that she cannot opine as to the cause of the injuries to B.R.'s anal region identified in the Sexual Assault Nurse Examiner ("SANE") Examination as consistent with her sexual assault, Dr. Jennings intends to offer speculative testimony about a myriad of things that "could" cause such injuries generally. Moreover, she intends to point to B.R.'s medical records from the time she was a small child (approximately two years old) as somehow "validating" her opinions that the cause of B.R.'s anal injuries cannot be determined.

---

[1] Dr. Jennings' background is as a Forensic Nurse Examiner. She holds a Doctorate of Nursing Practice.

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████ This testimony is entirely speculative, and should be excluded.[2]

## **RELEVANT FACTUAL BACKGROUND**

On March 5, 2012, in proximity to the sexual assaults she suffered, B.R. underwent a SANE Examination as a result of a referral by the police. ████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████

Dr. Sara Jennings, in her report done eleven years later by examining Ms. Burkart's SANE Report and accompanying photographs, offers the opinion that Ms. Burkart's findings are "non-specific," and that they do "not point towards a specific diagnosis or etiology." *Id.* at 2. Dr. Jennings further opines that "[i]t is simply not possible for a FNE[4] to determine whether the above

---

[2] While Dr. Jennings should be precluded from providing this testimony under Rule 702 and *Daubert*, B.R. has also filed a related Motion *in Limine* because this testimony and argument should also be generally precluded even outside the expert context.

[3] To be clear, the "history given" is also noted in the SANE Report, and it is the sexual assault B.R. suffered.  Ex. A, Pltf.'s Trial Exhibit #182 (SANE Exam) at 4.

[4] Dr. Jennings uses the term FNE, or Forensic Nurse Examiner, to refer to the person (here, Ms. Burkhart) that conducted the SANE examination.

2

CONFIDENTIAL

mentioned findings resulted from a sexual assault or any other cause." Ex. B, Jennings Report at 2.

[redacted]

## ARGUMENT

Dr. Jennings' proposed testimony does not meet the requirements set forth by Rule 702 or the test set by *Daubert* and its progeny. Rule 702 of the Federal Rules of Evidence provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. "[R]elevance—or what has been called 'fit'—is a precondition for the admissibility of expert testimony, in that the rules of evidence require expert opinions to assist the 'the trier of fact to understand the evidence or to determine a fact in issue.'" *United States v. Ancient Coin Collectors Guild*, 899 F.3d 295, 318 (4th Cir. 2018) (citing *Daubert*, 509 U.S. at 591). Under Rule 702, trial judges "act as gatekeepers to ensure that any and all scientific testimony . . . is not only relevant, but reliable." *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001) (internal quotations and citations omitted). A court, when faced with proffered

CONFIDENTIAL

expert testimony, must determine if the expert testimony (1) consists of scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. *Daubert*, 509 U.S. at 592.

This gatekeeping function is critical, given the potential for expert testimony to "be both powerful and quite misleading." *Id.* at 595 (citation omitted).

**I.   Dr. Jennings' opinion that it is "not possible" to determine the cause of B.R's injuries, coupled with her invitation to speculate as to alternative causes, should be precluded.**

████████████████████████████████████████████████████████

████████████████████████████████████████████ Ex. C, Jennings Dep. Tr. 99:3–4 ("As a forensic nurse, I'm not able to say what did or did not cause the finding"), 81:6–7 ("as a registered nurse in the Commonwealth of Virginia we are not able to diagnose, and by calling it a scar is diagnosing it as something that actually physically occurred that we weren't witness to"). ███

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████
████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████████

CONFIDENTIAL

███████████████████████

████████████████████████████

██████████████████████████ *See, e.g.*, *Oglesby v. Gen. Motors Corp.*, 190 F.3d 244, 248–49 (4th Cir. 1999) (testimony must be beyond mere speculation or conjecture to be of assistance to the jury); *Newman v. Hy-Way Heat Systems, Inc.*, 789 F.2d 269, 270 (4th Cir. 1986) (affirming trial court decision to strike expert testimony, finding that "nothing in the Rules appears to have been intended to permit experts to speculate in fashions unsupported by, and in this case indeed in contradiction of, the uncontroverted evidence in the case"); *Anderson v. James Julian, Inc.*, 1987 WL 12787, at *3 (D. Md. June 3, 1987) (excluding expert testifying about alternative possibilities about the cause of an event because where there is "no basis for a rational choice among the alternatives" then "they invite sheer conjecture and speculation and hence raise no question for the jury.").

███████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

███████████████

████████████████████████

████████████████████████████

████████████████████████████

CONFIDENTIAL

██████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████

█████████████

       ████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████

       ████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████

█████████████████████████████████

CONFIDENTIAL

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

Dr. Jennings has admitted that she cannot offer any opinion as to the likely cause of B.R.'s injuries, and her testimony about things that "could" have caused it is not reliable and does not meet Rule 702 and *Daubert* standards for expert testimony. It should therefore not be permitted.

II. **To the extent Dr. Jennings is not making an expert opinion but is simply pointing out medical records, this poses a significant risk of unfair prejudice to B.R. and usurps the exclusive function of the jury to determine facts and credibility of evidence.**

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

"[G]iven the potential persuasiveness of expert testimony, proffered evidence that has a greater potential to mislead than to enlighten should be excluded." *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999).

To the extent that Dr. Jennings is merely pointing out that B.R.'s medical records from

CONFIDENTIAL

▇▇▇ even according to Dr. Jennings—that is something that a jury can understand without expert testimony. "Expert testimony on a subject that is well within the bounds of a jury's ordinary experience generally has little probative value. On the other hand, the risk of unfair prejudice is real and prohibited by Rule 403. By appearing to put the expert's stamp of approval on [one party's] theory, such testimony might unduly influence the jury's own assessment of the inference that is being urged." *United States v. Gonzalez-Maldonado*, 115 F.3d 9, 18 (1st Cir. 1997); *see also United States v. Hanna*, 293 F.3d 1080, 1086–87 (9th Cir. 2002) ("The testimony, along with the district court's approval of it, posed a significant danger of misleading the jury into believing that it should judge Hanna's letters from the perspective of a highly trained Secret Service agent instead of from the perspective of an average, reasonable person."); *E.E.O.C. v. Bloomberg L.P.*, 2010 WL 3466370, at *17 (S.D.N.Y. Aug. 31, 2010) ("The jury will have the benefit of hearing testimony from claimants, Bloomberg managers, and other Bloomberg employees and can determine based on the evidence, and with the benefit of their common sense and experience, whether the claimants suffered discrimination[.]"). Expert testimony is inappropriate when, as here, the "proposed testimony does no more than [defendant's] counsel will do in arguing their case to the jury." *Rowe Entm't v. William Morris Agency*, 2003 WL 22272587, at *11 (S.D.N.Y. Oct. 2, 2003). Expert testimony is not appropriate in these circumstances because it would "supplant a jury's independent exercise of common sense." *Estate of Anderson v. Strohman*, 2016 WL 4013638, at *5 (D. Md. July 27, 2016) (citing *Kopf v. Skyrm*, 993 F.2d 374 (4th Cir. 1993)); *Anderson v. Home Depot U.S.A., Inc.*, 2017 WL 2189508, at *5 (D. Md. May 16, 2017) (excluding

---

5 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

CONFIDENTIAL

testimony that "simply draws common-sense conclusions that jurors without his experience are equally qualified to make").

## CONCLUSION

For the aforementioned reasons, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮ fails to meet the requirements of the Federal Rules of Evidence and *Daubert*, and should be excluded.

CONFIDENTIAL

Dated: January 12, 2024

Respectfully submitted,

By: _____/s/ *Jonathan Fahey*_____

JONATHAN L. FAHEY
(VSB No. 44854)
**HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC**
2300 N Street NW, Ste 643
Washington, DC  20037
Telephone:  (202) 737-8808
jfahey@holtzmanvogel.com


ALISON L. ANDERSON
(Pro Hac Vice)
**BOIES SCHILLER FLEXNER LLP**
2029 Century Park East, Suite 1520
Los Angeles, CA  90067
Telephone:  (213) 629-9040
Facsimile:  (213) 629-9022
alanderson@bsfllp.com


ANDREW S. BRENNER
(Pro Hac Vice)
BRITTANY ZOLL
(Pro Hac Vice)
ROBERT G. KEEFE
(Pro Hac Vice)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, FL  33131
Telephone:  (305) 539-8400
Facsimile:  (305) 539-1307
abrenner@bsfllp.com
bzoll@bsfllp.com
rkeefe@bsfllp.com

*Counsel for Plaintiff B.R.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 12, 2024, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record for all Parties.

By: <u>/s/ *Jonathan Fahey*</u>

JONATHAN L. FAHEY
(VSB No. 44854)
**HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC**
2300 N Street NW, Ste 643
Washington, DC  20037
Telephone:  (202) 737-8808
jfahey@holtzmanvogel.com