IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| B.R., | ) |
|     Plaintiff, | ) |
| v. | ) Civil No. 1:19-cv-00917-RDA-WEF |
| FAIRFAX COUNTY SCHOOL BOARD, *et al.*, | ) |
|     Defendants. | ) |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO ESTABLISH NUMBER OF PEREMPTORY CHALLENGES**

Plaintiff voluntarily decided to sue twelve different parties in this action. Yet, she seeks to limit those twelve parties to three peremptory challenges. Under Plaintiff's proposal, each of the 12 Defendants would have a fraction of a strike and one set of counsel will be left without a strike altogether.

The most glaring omission in Plaintiff's Opposition is her failure to address the fact that the four sets of Defendants—represented by four sets of counsel—are defending themselves against vastly different and non-overlapping claims, with differing elements of proof, and different potential remedies. Necessarily, each set of Defendants will have differing strategies for both juror selection and trial. Plaintiff completely ignores this critical fact.

Plaintiff argues that Defendants must demonstrate "that they will suffer prejudice if they are not awarded additional challenges." Opp'n at 1. There is no such "prejudice" requirement in 28 U.S.C. § 1870.[1] That provision grants the Court discretion to consider multiple defendants to

---

[1] Plaintiff's reliance on *Goldstein v. Kelleher* and *Summer Crump v. Tcoombs & Assocsiates, LLC* for the proposition that the School Board is required to prove prejudice to be entitled to additional peremptory challenges, is misplaced. *See* Opp'n at 2. The *Goldstein* Court observed a lack of "prejudice" only in the context of considering a non-requesting party's appeal

1

be "a single party for the purposes of making challenges." *Id*. The Court has the ultimate discretion to determine the appropriate number of strikes without any showing of "prejudice."[2]

Plaintiff claims that Defendants should not be entitled to any additional strikes because they have "complete alignment in this case . . . ." Opp'n at 4. In support of this position, Plaintiff relies on two arguments.

First, Plaintiff points to the fact that Defendants have made joint filings, or filed joinders to each other's filings, throughout this case. *Id*. In making this argument, Plaintiff ignores the fact that she has sued two individuals in their mid-20s with very limited financial resources and nine current and retired civil servants. She ignores the fact that 10 of the 12 Defendants are represented by solo practitioners who are juggling this "rocket docket" case (now approaching 800 filings) with their other cases. While it is true that Defendants have made joint filings, most of those have concerned their joint efforts to compel Plaintiff to adhere to her basic discovery obligations. No filing demonstrates, as Plaintiff suggests, "compete alignment" on all the legal issues in this case. Where possible, Defendants have filed joint filings so as to efficiently present the Court with single, consolidated briefing rather than four separate sets of filings.

---

of the lower court's denial of her motion for a new trial under Fed. R. Civ. P. 61. *See Goldstein v. Kelleher*, 728 F.2d 32, 37–38 (1st Cir. 1984). The Court in *Summer Crump v. Tcoombs & Associates, LLC*, No. 2:13CV707, 2016 WL 7076943, at *1 (E.D. Va. Feb. 12, 2016) relied on *Goldstein* for the proposition that Plaintiff cites it for and issued an unpublished decision, which, despite being issued more than eight years ago, has never been cited by another court. Meanwhile, numerous courts considering such motions have not imposed a prejudice showing upon parties moving for additional peremptory challenges. *See, e.g., Bryant v. City of Hartford*, 585 F. Supp. 3d 179, 190 (D. Conn. 2022); *Prusaczyk v. Hamilton Cnty. Coal, LLC*, No. 3:20-CV-73-NJR, 2021 WL 1961397, at *2 (S.D. Ill. May 17, 2021); *Moore v. Hartman*, 102 F. Supp. 3d 35, 137 (D.D.C. 2015) (also rejecting the *Goldstein* "identical interests" approach).

[2] Plaintiff claims that the Court's October 25, 2023 Order dictates that Defendants must share three peremptory challenges. Opp'n at 1; ECF 475 at 3-4. However, the Order is unclear as it states that "Defendant" (*i.e.*, singular) "will be afforded three peremptory strikes."

Second, Plaintiff points to the fact that Defendants coordinated their questioning of Plaintiff at her deposition as evidence of their supposed "complete alignment." *Id*. In making this argument, however, Plaintiff neglects to inform the Court that Plaintiff **specifically requested** that Defendants be "limited to one questioner per defendant and no repetitive questioning across defense counsel." ECF 273 & 274 at 1. In support of that motion, Plaintiff told the Court that "in an effort to ensure the efficiency, discovery of relevant information and evidence, and to limit Plaintiff's exposure to embarrassment, annoyance, or undue burden, she respectfully moves this court to order defense to **designate a lead attorney who shall ask questions on behalf of all parties** . . . ." ECF 247 at 6 (emphasis added). While the Court denied Plaintiff's request, in the interest of efficiency, Defendants designated the School Board's counsel as the lead questioner for Plaintiff's deposition. ECF 297 (June 23, 2023 transcript) at 8 (School Board's counsel telling the Court that Defendants were "taking the plaintiff's suggestion that we have a lead questioner . . . ."). Thus, Defendants coordinated their questioning of Plaintiff for efficiency's sake, as originally requested by Plaintiff herself.

While Defendants do share the common belief that Plaintiff's claims are frivolous and the common goal of prevailing at trial, they are not aligned with regard to all facets of the case. Thus, the 12 Defendants should not be required to share a mere three peremptory strikes. *See* Opening Brief at 2 (collecting cases where multiple parties on one side were granted additional strikes). Defendants' proposed solution—three strikes for the School Board, three strikes for the Individual School Defendants, two strikes for C.K., and two strikes for J.O.—achieves the appropriate balance. Granting these additional strikes to Defendants "does not require the allowance of additional challenges to the [Plaintiff]." *Wright & Miller*, 9B Fed. Prac. & Proc. Civ. § 2483 (3d ed.).

3

Dated: February 29, 2024

Respectfully submitted,

By: */s/ Ryan M. Bates*
    Ryan M. Bates (VSB No. 74661)
    Sona Rewari (VSB No. 47327)
    Scott W. Burton (VSB No. 90601)
    HUNTON ANDREWS KURTH LLP
    2200 Pennsylvania Avenue, NW
    Washington, DC 20037
    Telephone: (202) 955-1500
    Facsimile: (202) 778-2201
    rbates@HuntonAK.com
    srewari@HuntonAK.com
    burtons@HuntonAK.com

    Kevin S. Elliker (VSB No. 87498)
    HUNTON ANDREWS KURTH LLP
    951 Byrd Street
    Richmond, VA 23219
    Telephone: (804) 788-8200
    Facsimile: (804) 788-8218
    kelliker@hunton.com

    *Counsel for Defendant Fairfax County School Board*

By: */s/ Michael E. Kinney*
    Michael E. Kinney (VSB #65056)
    MICHAEL E. KINNEY, PLC
    1801 Robert Fulton Drive
    Suite 120
    Reston, VA 20191
    Telephone: (703) 956-9377
    Facsimile: (703) 956-9634
    mk@kinneyesq.com

    *Counsel for Defendants A.F., S.T., T.B., P.A.H., B.H., M.P.F, M.C., F.T., and J.F.*

By: */s/ James F. Davis*
James F. Davis (VSB #41387)
JAMES F. DAVIS, P.C.
10513 Judicial Dr., Suite 200
Fairfax, VA 22030
Tel: (703) 383-3110
Fax: (571) 748-6564
jfd@jfdavislaw.com

*Counsel for Defendant C.K.*

By: */s/ Bruce Blanchard*
James P. Miller (VSB # 89409)
Bruce M. Blanchard (VSB # 23778)
ODIN, FELDMAN, & PITTLEMAN, P.C.
1775 Wiehle Avenue, Suite 400
Reston, VA 20190
Tel: (703) 218-2102 (Blanchard direct)
(703) 218-2154 (Miller direct)
Fax: (703) 218-2160
Bruce.Blanchard@ofplaw.com
Jim.Miller@ofplaw.com

*Counsel for Defendant J.O.*

# CERTIFICATE OF SERVICE

I hereby certify that on February 29, 2024, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record for all Parties.

By: */s/ Ryan M. Bates*
Ryan M. Bates