**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |  |
|---|---|---|
| B.R., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 1:19-cv-00917-RDA-WEF |
| v. | ) | |
| | ) | |
| FAIRFAX COUNTY SCHOOL BOARD, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS
AND ARGUMENT SUPPORTING ALTERNATIVE INSTRUCTIONS**

# INTRODUCTION[1]

The Court should reject Defendants' proposed jury instructions for three reasons.

*First*, by cherry-picking quotes from various cases, FCSB's proposed instructions improperly seek to put the Court's imprimatur on FCSB's theory of the case. *See Noel v. Artson*, 641 F.3d 580, 587–88 (4th Cir. 2011) (explaining that appellate opinions "are not jury instructions, nor are they meant to be" and "cannot mechanically supply jury instructions," and that "good jury instructions . . . let counsel argue factually in terms of a legal standard, rather than having the judge make counsel's particularized arguments for them"); *Kelly ex rel. PCI Liquidating Tr. v. Boosalis*, 974 F.3d 884, 897 (8th Cir. 2020) ("Even correct statements of the law can mislead the jury if they unduly emphasize a matter favorable to a party's case."); *Boyd v. Ill. State Police*, 384 F.3d 888, 894–95 (7th Cir. 2004) ("We use this opportunity to remind district courts that jury instructions should not be patched together from snippets of appellate opinions taken out of context, but should rely first on the language of the statute."). *Second*, FCSB's **fourteen** proposed instructions regarding B.R.'s Title IX claims and the Individual School Defendants' (ISDs) **five** proposed instructions regarding B.R.'s First Amendment Retaliation claims unnecessarily complicate the issues the jury will be asked to decide.[2] *United States v. Johnson*, 916 F.3d 579, 586 (7th Cir. 2019) ("[W]e urge district courts drafting jury instructions to consider whether 'less is more' in each case."). *Third*, Defendants propose jury instructions that are unwarranted either because they misstate the law, relate to an affirmative defense that was not pled, or are otherwise improper unless and until the necessary evidentiary predicate is adduced at trial.

---

[1] B.R. preserves her objections to each instruction submitted by any Defendant that is not part of the parties' agreed set being filed with the Court.

[2] In comparison to FCSB and the ISDs' combined **nineteen** instructions for the Title IX and First Amendment retaliation claims, B.R. suggests **eight** instructions regarding her Title IX claims and **two** instructions regarding her First Amendment Retaliation claims.

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS IMPERMISSIBLY SEEK TO EMPHASIZE THEIR THEORY OF THE CASE

Jury instructions are not a vehicle to enlist the Court to advocate for any party's position. Instead, instructions should "adequately inform[] the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." *Noel*, 641 F.3d at 586. "[G]ood jury instructions . . . let counsel argue factually in terms of a legal standard, rather than having the judge make counsel's particularized arguments for them." *Id.* at 587. Defendants' proposed jury instructions are the opposite of "good jury instructions" because the seek to have the Court "bear the burden of highlighting helpful arguments [and] marginalizing harmful ones." *See id.*; *Vanskike v. ACF Indus., Inc.*, 665 F.2d 188, 201 (7th Cir. 1981) ("Instructions must be objective, not phrased in an argumentative vein favorable to either party. A court should go as far as possible to avoid giving undue prominence to a particular theory.").

Beginning with their proposed preliminary instruction on the "nature of the action," Defendants seek to use the Court, through its instructions, as a mouthpiece for their theory of the case.[3] *Compare* Proposed Instr. 1 ("Plaintiff claims that between October 2011 and February 2012, when she was in seventh grade at Rachel Carson Middle School . . . she was raped numerous times in a closet at the school, by groups of individuals who were not students or employees at the school, but who operated as members of an established sex trafficking ring . . . ."); *with* Proposed Instr. A ("B.R. claims that, during her seventh grade year at Rachel Carson Middle School in Fairfax County, she was subjected to sexual harassment by fellow students and unknown others that was so severe, pervasive, and objectively offensive that they effectively denied her access to an educational opportunity or benefit."). Defendants' argumentative spin also permeates nearly

---

[3] The Court already rejected a similar attempt to advocate through instructions when it largely rejected Defendants' proposed statement of the case used in the jury questionnaire.

2

all of their proposed substantive instructions, including those that they have "patched together from snippets of appellate opinions taken out of context." *See Boyd*, 384 F.3d at 894–95. For example, FCSB asks the Court to tell the jury that FCSB "denies that Plaintiff was subjected to anything more serious than name-calling and inappropriate language at school," *see* Proposed Instr. 10, that "'actual knowledge' does not include things that the school official did not know about, even if the school official might have discovered those things through a more thorough investigation," *see* Proposed Inst. 16, that "[a]ctions that in hindsight are merely unfortunate or even imprudent are not enough to show deliberate indifference" and that "[a] school does not act with deliberate indifference if it becomes aware of an unsubstantiated allegation of sexual harassment, duly investigates it, and reasonably dismisses it for lack of evidence," *see* Proposed Instr. 18, that "failure to adopt sexual harassment policies or to follow administrative guidelines or internal sexual harassment policies does not establish deliberate indifference," *see* Proposed Instr. 19, and that FCSB was not required "to expel or suspend any student accused of sexual harassment to avoid liability," *see* Proposed Instr. 20. Similarly, the ISDs ask the Court to instruct the jury that "[h]urt feelings or a bruised ego do not by themselves amount to a constitutional violation." *See* Proposed Instr. 25.

Defendants are free to argue these points to the jury where supported by the law, but they are not entitled to have the Court's jury instructions "make [Defendants'] particularized arguments for them." *See Noel*, 641 F.3d at 587; *Boosalis*, 974 F.3d at 897 ("Even correct statements of the law can mislead the jury if they unduly emphasize a matter favorable to a party's case.").

### **DEFENDANTS' PROPOSED JURY INSTRUCTIONS ADD UNNECESSARY COMPLICATION**

Jury instructions should include only what is necessary to correctly state the law. *See Boyd*, 384 F.3d at 895 ("Simple instructions are normally the best."); *Stalley v. Allstate Ins. Co.*, 682 F.

App'x 846, 848 (11th Cir. 2017) (finding no abuse of discretion where the district court did not include a party's "proposed additional language from . . . case law" because "[t]he proposed instructions were unnecessary to correctly state the law"). B.R.'s proposed instructions adhere to the principle that "less is more" by plainly stating the elements of her Title IX and First Amendment retaliation claims and defining only necessary terms in ***less than half*** the number of instructions FCSB and the ISDs propose for those claims. *See* Proposed Instrs. E–N. In contrast, FCSB and the ISDs' proposed instructions inject complication by, for example, gratuitously reminding the jury that FCSB "is liable . . . only for its own misconduct," *see* Proposed Instr. 12,[4] using legalese like "unwelcomed harassment on the basis of her sex" where "sexual harassment" would suffice, *see* Proposed Instr. 13, describing to the jury what "unwelcome" conduct means, *see* Proposed Instr. 14, explaining peripheral issues like what it means for a school board to "exercise[] substantial control," *see* Proposed Instr. 15, devoting most of its proposed damages instruction to what damages B.R. "may not recover" under Title IX rather than instructing the jury on what B.R. "may" recover, *see* Proposed Instr. 23, and elaborating that "inaction" and "inadequate action" are not "adverse action," *see* Proposed Instr. 26.

      The cases FCSB and the ISDs cite in support of these unnecessary instructions "are by no means intended to preempt a district judge's discretion to formulate a suitable charge for a specific trial" because "courts must have the flexibility in instructions to avoid confusing or prejudicial statements that might arise from a discussion of the specific contentions in a case." *See Noel*, 641 F.3d at 588. While it is clear that FCSB and the ISDs believe "parsing [appellate court] opinions for every possible instructional command" will work to their tactical advantage, *see id.*, these

---

[4] This proposed instruction is misleading, and likely even erroneous, as FCSB is also legally responsible for the conduct of its agents.

4

unnecessary and misleading instructions will impede the jury's ability to correctly apply the law to the facts of this case.

### DEFENDANTS' PROPOSED JURY INSTRUCTIONS MISSTATE THE LAW, RELATE TO AN AFFIRMATIVE DEFENSE THAT WAS NOT PLED, OR ARE OTHERWISE IMPROPER

Several of Defendants' proposed jury instructions are legally incorrect. Most glaringly, FCSB asks the Court to repeatedly instruct the jury that B.R. must prove that FCSB had "actual knowledge" of the alleged harassment. *See* Proposed Instrs. 10, 13, 16. However, the Fourth Circuit has held that the appropriate term is "actual notice." *See Doe v. Fairfax Cnty. Sch. Bd.*, 1 F.4th 257, 266–68 (4th Cir. 2021) ("Under Title IX, a school's ***actual notice*** of the alleged sexual harassment is what triggers its duty to investigate. . . . [W]e hold that a school's receipt of a report or complaint alleging sexual harassment is sufficient to establish ***actual notice*** under Title IX." (emphasis added)). Additionally, the ISDs' proposed instruction regarding the causation element of B.R.'s First Amendment retaliation claims, *see* Proposed Inst. 27, is legally incorrect because B.R. may satisfy the "but for" test through the burden-shifting framework set out in *Mt. Healthy City. Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 286–87 (1977). *See Porter v. Bd. of Trs. of N.C. State Univ.*, 72 F.4th 573, 589 n.4 (4th Cir. 2023) (Richardson, J., dissenting) ("A plaintiff may make this showing by relying on the burden-shifting framework from *Mt. Healthy* . . . ."); *Balcom v. City of Pittsburgh*, 2023 WL 4236202, at *1–2 (W.D. Pa. June 28, 2023).

Moreover, Defendants' proposed jury instruction regarding mitigation of damages is incorrectly proposed for Defendants who did not plead this affirmative defense, *see* Proposed Inst. 64, FCSB's proposed adverse inference instruction is premature, *see* Proposed Inst. 22, and C.K. and J.O.'s request to include the instruction that "Words alone are never an assault," *see* Proposed Instr. 67, Proposed Supp. Instr. 2, should not be included as Virginia's model instruction on assault well covers this.

5

Dated:  March 11, 2024

        Respectfully submitted,

        By: _____/s/ *Robert G. Keefe*_____
ANDREW S. BRENNER
(Pro Hac Vice)
BRITTANY ZOLL
(Pro Hac Vice)
ROBERT G. KEEFE
(Pro Hac Vice)
SAMANTHA PEDERSEN
(Pro Hac Vice)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, FL  33131
Telephone: (305) 539-8400
Facsimile:  (305) 539-1307
abrenner@bsfllp.com
bzoll@bsfllp.com
rkeefe@bsfllp.com
spedersen@bsfllp.com

ALISON L. ANDERSON
(Pro Hac Vice)
**BOIES SCHILLER FLEXNER LLP**
2029 Century Park East, Suite 1520
Los Angeles, CA  90067
Telephone: (213) 629-9040
Facsimile:  (213) 629-9022
alanderson@bsfllp.com

JONATHAN L. FAHEY
(VSB No. 44854)
**HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC**
2300 N Street NW, Ste 643
Washington, DC  20037
Telephone: (202) 737-8808
jfahey@holtzmanvogel.com

*Counsel for Plaintiff B.R*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2024, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record for all Parties.

By: /s/ *Robert G. Keefe*

*Counsel for Plaintiff B.R*