IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | |
|---|---|
| B.R., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FAIRFAX COUNTY SCHOOL BOARD, )<br>*et al.*, )<br>)<br>Defendants. ) | Civil No. 1:19-cv-00917-RDA-WEF |

**PLAINTIFF B.R.'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PRODUCTION OF PLAINTIFF'S COMMUNICATIONS WITH WITNESS J.S.**

On Friday, Defendants asked this Court to strike the testimony of J.S. mid-stream, arguing that Plaintiff had somehow concealed J.S.'s contact information from them for months, thereby preventing them from obtaining discovery from her. The Court took a measured approach, allowing the witness to complete her testimony,[1] and allowing Defendants to present a written motion to strike her testimony. The Court also allowed Plaintiff an opportunity to respond to any such written motion.

---

[1] As the Court observed, the witness was in the latter stages of her pregnancy during her testimony. Indeed, her cross-examination by the School Board's attorney had to be temporarily suspended as it appeared to have caused the witness obvious emotional distress. When she was able to return, Defendants resumed their nearly one-and-a-half-hour cross-examination of the witness, whose direct examination lasted just over 30 minutes. Had the Court even suspended her testimony at the time (let alone strike it as Defendants urged), she may not have been able to finish her testimony at a later date given her condition.

1

Defendants appear to have decided, with a day to reflect on the issue, that there is no basis to strike the witness's testimony.[2] Instead, they decided to file a different Motion, and now request that the Court compel Plaintiff to turn over certain communications she had with J.S.[3] These communications occurred *after the close of discovery*, and were prompted by FCSB's late production of additional documents about the witness. And these messages do not contain the witness's address or her telephone number.

As demonstrated below, none of what Defendants argued in Court as a basis to strike J.S.'s testimony is accurate. But, because Defendants decided to make these allegations in the Court record, Plaintiff is compelled to correct that record.

*First*, on May 13, 2022, Plaintiff disclosed J.S. as a person likely to have discoverable information as required under Fed. R. Civ. P. 26(a)(1).[4] *See* Exhibit A. Plaintiff did not have contact information for her.

*Second*, neither party attempted to depose her. In fact, of the nearly 30 former students identified by Plaintiff in her Rule 26 disclosures as people who may have discoverable information, Defendants chose to depose only 2 non-party students.

*Third*, discovery closed on August 10, 2023. However, suspecting that there were additional documents Defendants had in their possession but failed to produce, Plaintiff wrote Judge Fitzpatrick a pro se "Letter for Motion to Compel" on September 11, 2023.[5]

---

[2] In the interim, Plaintiff reminded Defendants that they had provided, after the close of discovery, J.S.'s most significant statement about students saying that B.R. was going to be jumped.

[3] As discussed below, Defendants should not be allowed to make unsupported allegations of wrongdoing, and then be rewarded with information they are not entitled to obtain.

[4] As evidenced by her misspelling of the witness's name, it is apparent that Plaintiff did not have any current relationship with the witness.

[5] This letter was later filed in the Court record. ECF No. 422-2.

*Fourth*, on September 14, 2023, **over a month after discovery had closed and days after Plaintiff's pro se letter**, Defendant FCSB produced additional documents, including several specifically related to J.S. *See* Exhibit B. These are documents FCSB had in its possession all along (and Plaintiff did not) but had failed to produce. These documents were news to Plaintiff and highlighted the witness's importance to this case. Specifically, they included documents showing that J.S. had told the school, all the way back in 2012, that Plaintiff was "scared" to come back to school because she believed that Defendant J.O. "was going to jump her." Exhibit B at FCSB-BR-012323. In that statement, another student was identified as having heard the same thing. *Id.* Also, the late-produced records indicate that, instead of addressing Plaintiff's well-founded fear of "being jumped," both J.S. and another student who also reported the threat were either disciplined or "warned" after notifying the school about it. *Id.* at FCSB-BR-12320–12322. The late-produced documents also included what appears to be a signed acknowledgement by Defendant T.B. that three students had attempted to report the same thing to the school. *Id.* at FCSB-BR-12319.

*Fifth*, it was **after** receiving these documents, which were obviously relevant and should have been produced by FCSB previously (*i.e.*, **during the discovery period**), that Plaintiff tried to find J.S.. She was, however, only able to find the witness on her public Facebook account, and sent her a message through that medium, which J.S. responded to.[6] In those messages, it is clear that the two young women had not had any previous contact since 2012.[7] Plaintiff inquired about what the witness recalled about her time at RCMS, and asked if she would be willing to talk on the phone to see what she remembered about the case. Plaintiff was reluctant to send the witness

---

[6] Anyone can go on Facebook today and search the witness by her name and send her a message as Plaintiff did.

[7] J.S. comments on information in Plaintiff's Facebook profile.

her student statements that had been produced because of concern over the privacy interests of other students. As J.S. testified at trial, the two of them did not speak after that. *See* 3/22/2024 Volume 5 – A.M. Session Tr. at pp. 36-37 (**Q**. Other than that communication, via Facebook Messenger, any other communications that you've had with [B.R.]? **A**. No.). J.S. did not provide her phone number or address in the messages.

*Sixth*, counsel for Plaintiff later sought to locate the witness to secure her attendance at trial. Through **public record searches**, counsel for Plaintiff ultimately was able to locate a relative of the witness. Through that, counsel (not Plaintiff) was able to obtain contact information for the witness. The contact information was provided to Defendants' counsel.

Now that the Court knows what happened, it is clear that Plaintiff did nothing wrong. To the extent that any party was deprived of a right to pursue discovery, it was Plaintiff who was deprived that ability due to FCSB's failure to produce obviously relevant documents during the discovery period. For example, Plaintiff was unable to use the documents produced by FCSB after the close of discovery regarding this witness, and her notice to the school of her knowledge about Plaintiff's fear of being "jumped" at school, in the depositions of any of the individual school defendants, including T.B., or in the deposition of Defendant J.O.

Notwithstanding this background, which demonstrates that the only prejudiced party related to this issue was Plaintiff, Defendants now request that Plaintiff be compelled to provide Defendants the messages she exchanged with J.S. after receiving Defendants' late-produced documents. Defendants cite no rule that would allow them to collect messages between a party and a non-party witness that occurred after the discovery period. Defendants undoubtedly are not

4

suggesting that all contacts any of them had with each other, or with witnesses, after the close of discovery, are now subject to production.[8]

Dated: March 24, 2024

        Respectfully submitted,

By:     /s/ *Robert G. Keefe*
ANDREW S. BRENNER
(Pro Hac Vice)
BRITTANY ZOLL
(Pro Hac Vice)
ROBERT G. KEEFE
(Pro Hac Vice)
SAMANTHA PEDERSEN
(Pro Hac Vice)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, FL  33131
Telephone: (305) 539-8400
Facsimile:  (305) 539-1307
abrenner@bsfllp.com
bzoll@bsfllp.com
rkeefe@bsfllp.com
spedersen@bsfllp.com

ALISON L. ANDERSON
(Pro Hac Vice)
**BOIES SCHILLER FLEXNER LLP**
2029 Century Park East, Suite 1520
Los Angeles, CA  90067
Telephone: (213) 629-9040
Facsimile:  (213) 629-9022
alanderson@bsfllp.com

JONATHAN L. FAHEY
(VSB No. 44854)

---

[8] Notwithstanding that the messages are not discoverable, Plaintiff had offered to produce them before Defendants filed the instant motion under the conditions that Defendants withdraw any attempt to strike J.S.'s testimony, and that they would agree that the voluntary production of the messages would not be used to support a request to re-open discovery.  Defendants rejected this offer.  Plaintiff is, however, happy to share the messages with the Court, *in camera*, to dispel the myth that Plaintiff had contact information for the witness that was not equally available to the Defendants (*i.e.*, her public Facebook account).

5

                                         **HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC**
2300 N Street NW, Ste 643
Washington, DC  20037
Telephone:  (202) 737-8808
jfahey@holtzmanvogel.com

*Counsel for Plaintiff B.R.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2024, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record for all Parties.

By: /s/ *Robert G. Keefe*

*Counsel for Plaintiff B.R.*

6