IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| B.R. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:19-cv-917 (RDA/WEF) |
| v. ) | |
| ) | |
| F.C.S.B., *et al.*, ) | |
| ) | |
| Defendants. ) | |

### **ORDER**

This matter comes before the Court on Defendants S.T., A.F., and P.A.H.'s (the "Section 1983 Defendants") Renewed Motion to Dismiss on Qualified Immunity Grounds ("Motion") (Dkt. 958). Considering the Motion together with the Section 1983 Defendants' Memorandum in Support (Dkt. 959) and Plaintiff B.R.'s Opposition (Dkt. 966), the Court DENIES the Motion (Dkt. 958) for the reasons that follow.

### I. BACKGROUND

The facts of this case have been more fully set out in the Court's various opinions on prior motions to dismiss (Dkt. Nos. 85; 236), the Fourth Circuit's opinion, *B.R. v. F.C.S.B.*, 17 F.4th 485 (4th Cir. 2021), and Magistrate Judge William E. Fitzpatrick's order denying Defendants' motion for sanctions (Dkt. 612) but will be briefly summarized below.

Plaintiff B.R. ("Plaintiff") alleges that she was repeatedly sexually assaulted and harassed from October 2011 to February 2012 while she was a seventh grader at Rachel Carson Middle School ("RCMS")—a Fairfax County Public School ("FCPS"). Dkt. 155 ¶¶ 1, 98, 102-03. Plaintiff asserts that two of the perpetrators of the assaults and harassment were C.K. and J.O.,

two other students at RCMS. *Id.* ¶¶ 127-132.[1] Plaintiff asserts that she repeatedly sought the assistance of RCMS and FCPS school officials and that, despite doing so, she continued to suffer harassment. *Id.* ¶¶ 132-181. Relevant to the instant Motion, Plaintiff claims that three RCMS administrators—S.T., A.F., and P.A.H.—while acting "under color" of state law, intentionally deprived Plaintiff of her rights under the First Amendment of the U.S. Constitution by retaliating against her for reporting the sexual harassment and sexual assaults. A.F. was the principal of Rachel Carson Middle School. Meanwhile, S.T. and P.A.H. were assistant principals at the school.

On March 18, 2024, a jury was empaneled to hear the remaining claims in this civil action. Plaintiff rested her case on April 8, 2024, and each of the Defendants rested on April 19, 2024. The Section 1983 Defendants subsequently filed the instant Motion, Dkt. 958, along with a Memorandum in Support thereof, Dkt. 959, on April 21, 2024. Plaintiff filed an Opposition to the Motion on April 22, 2024. Dkt. 966.

---

[1] C.K. was originally a defendant in this case, but B.R. settled her claims with C.K. shortly before the jury trial commenced.

2

## II. LEGAL STANDARD[2]

A court may grant a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) only when "there can be but one reasonable conclusion as to the proper judgment." *Price v. City of Charlotte*, 93 F.3d 1241, 1249 (4th Cir. 1996) (citations omitted). In evaluating a Rule 50(a) motion, the Court "should review all of the evidence in the record," "draw all reasonable inferences in favor of the nonmoving party," and refrain from making "credibility determinations or weight[ing] the evidence." *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150 (2000). The Fourth Circuit has instructed that judgment as a matter of law is appropriate "if the verdict in favor of the non-moving party would necessarily be based upon speculation and conjecture," *Myrick v. Prime Ins. Syndicate, Inc.*, 395 F.3d 485, 489 (4th Cir. 2005), or if the non-moving party "failed to make a showing on an essential element of his case," *Wheatley v. Wicomico Cnty.*, 390 F.3d 328, 332 (4th Cir. 2004), *cert. denied*, 544 U.S. 1032 (2005) (internal quotation marks omitted).

## III. ANALYSIS

In their Motion, the Section 1983 Defendants ask the Court to find that they are entitled to qualified immunity on the First Amendment retaliation claims brought against them. Dkt. 959. Courts apply "a two-prong test [in] resolving qualified immunity claims. First, a court

---

[2] The Court notes that the Section 1983 Defendants invoke the incorrect Rule in bringing the instant Motion. At this stage of the proceedings, Federal Rule of Civil Procedure 50(a), not Rule 12(b)(6), governs the analysis. *See Teachers' Retirement Sys. of LA v. Hunter*, 477 F.3d 162, 170 (4th Cir. 2007) ("Of course, the issue of whether the plaintiff is pursuing a claim upon which relief can be granted is a purely legal question that can be determined at virtually any stage of the federal process—in the beginning, under Rule 12(b)(6); after the pleadings have been filed, under Rule 12(c); after discovery, under Rule 56; *or after the plaintiff has presented his case at trial, under Rules 50(a)* . . . ." (emphasis added)); *see also Younger v. Green*, 2021 WL 615123, at *6 (D. Md. Feb. 17, 2021) ("At trial, this Court also denied [defendant's] Rule 50 Motion on qualified immunity . . . ."). As such, the Court will evaluate the Section 1983 Defendants' Motion under the Rule 50(a) standard.

3

"must decide whether the facts that a plaintiff has . . . shown . . . make out a violation of a constitutional right." *Walker v. Prince George's Cnty., MD*, 575 F.3d 426, 429 (4th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. 223 (2009)). "Second, if the plaintiff has satisfied the first step, 'the court must decide whether the right at issue was clearly established at the time of the alleged misconduct.'" *Id.* "A right is clearly established if existing precedent has placed the constitutional question beyond debate." *Younger v. Crowder*, 79 F.4th 373, 385 (4th Cir. 2023).

Here, the Section 1983 Defendants argue that they are entitled to qualified immunity because "[n]o reasonable administrator would have understood their actions as a violation of the First Amendment." Dkt. 959 at 7. In so doing, however, they erroneously conflate the two prongs of the qualified immunity analysis. Critically, whether "every reasonable official would have understood that what he is doing violates that right[,]" goes to whether the right is clearly established, not whether a defendant's conduct violated that right. *Reichle v. Howards*, 566 U.S. 658, 664 (2012); *see also id.* ("*To be clearly established*, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." (emphasis added) (internal quotation marks omitted) (cleaned up)). And here, the Section 1983 Defendants do not dispute that Plaintiff's right to report sexual harassment without retaliation from school officials was clearly established at the time of their alleged misconduct, nor could they reasonably do so. *See Beardsley v. Webb*, 30 F.3d 524, 530 (4th Cir. 1994) (holding that the First Amendment protects the right of an individual to speak out against sexual discrimination).

Accordingly, the relevant inquiry for resolving the Section 1983 Defendants' Motion is whether, under Rule 50's standard of review, "the facts that [Plaintiff] has . . . shown . . . make out a violation of a constitutional right." *Walker*, 575 F.3d at 429. This Court finds that they do

4

and that a reasonably jury could conclude that the Section 1983 Defendants violated Plaintiff's First Amendment right to report sexual harassment by taking the following adverse actions against her: (i) A.F. looked into Plaintiff's elementary school record to determine whether she had a history of being troubled, but not the history any of Plaintiff's alleged harassers; (ii) S.T. told Plaintiff that her complaints would "ruin a boy's life," dismissed her complaints as a "boy-girl thing," and characterized her complaints as "unverified" despite evidence to the contrary such that there would be no further investigation into her allegations or discipline for the purported harassers; and (iii) P.A.H. accused Plaintiff of cheating, refused to permit Plaintiff to participate in a field trip, and required Plaintiff to work alone on a project that all other students were permitted to complete as a group. This Court has already held that such activities may constitute First Amendment retaliation. *B.R. v. F.C.S.B.*, 2023 WL 2464975, at *15-*16 (E.D.Va. Mar. 10, 2023). Accordingly, the Court concludes that the Section 1983 Defendants are not entitled to qualified immunity because a reasonably jury could determine that each of them subjected Plaintiff to an adverse action that violated a clearly established right.

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Section 1983 Defendants' Renewed Motion to Dismiss on Qualified Immunity Grounds (Dkt. 958) is DENIED.

It is SO ORDERED.

Alexandria, Virginia
April 22, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge