**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| B.R.,<br><br>　　　Plaintiff,<br><br>v.<br><br>FAIRFAX COUNTY SCHOOL BOARD,<br>*et al.*,<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　　Case No. 1:19-cv-00917-RDA-WEF<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>FAIRFAX COUNTY SCHOOL BOARD'S BRIEF IN SUPPORT OF BILL OF COSTS</u>

Sona Rewari (VSB No. 47327)
Ryan M. Bates (VSB No. 74661)
Kevin S. Elliker (VSB No. 87498)
Scott W. Burton (VSB No. 90601)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
srewari@HuntonAK.com
rbates@HuntonAK.com
kelliker@HuntonAK.com
burtons@HuntonAK.com

*Counsel for Fairfax County School Board*

**INTRODUCTION**

Following a five-week jury trial, Defendant Fairfax County School Board (the "School Board"), alongside the ten individual defendants, prevailed on all claims brought by Plaintiff B.R. ("Plaintiff").  As a prevailing party in this action, the School Board has the right to seek taxable costs under 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d); and Local Civil Rule 54(D).

Under these authorities, the School Board seeks $202,180.70, which constitutes a small fraction of the total fees and costs incurred to defend against Plaintiff's claims.  The requested costs are supported by law, the Court's Taxation of Costs Guidelines, and the School Board's Bill of Costs.[1]

**LEGAL STANDARD**

There is a presumption that "costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1); *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999) (acknowledging this presumption).  "Costs may be denied to the prevailing party only when there would be an element of injustice in a presumptive cost award."  *Cherry*, 186 F.3d at 446 (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 355 n.14 (1981)).

Allowable costs are listed in 28 U.S.C. § 1920 and include fees and disbursements for (1) "the clerk and marshal"; (2) "printed or electronically recorded transcripts necessarily obtained for use in the case"; (3) "printing and witnesses"; and (4) "exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  28 U.S.C. § 1920(1)-(4).  Within these categories, "the court has wide latitude to award costs."  *Francisco v.*

---

[1]  The Court's Taxation of Costs Guidelines (the "Guidelines") "do not purport to be a unanimous practice of this [C]ourt.  It is for the judge who rendered the judgment to decide whether the costs were 'necessarily incurred in the case.'"  *Taxation of Costs Guidelines* (rev. July 10, 2019), https://www.vaed.uscourts.gov/sites/vaed/files/BillofCostsGuidelines.pdf.

*Verizon S., Inc.*, 272 F.R.D. 436, 441 (E.D. Va. 2011).  When a prevailing party shows that the requested costs are allowable under § 1920, the burden shifts to the non-prevailing party "to identify any impropriety of taxing the proposed costs."  *Id.*

## ARGUMENT

**I.**      **As a prevailing party, the School Board is presumptively entitled to allowable costs.**

The School Board is a prevailing party by virtue of its defeat of all of Plaintiff's claims. *See* Judgment, ECF 979.  As a prevailing party, the School Board is presumptively entitled to costs allowable under § 1920.  *See Cherry*, 186 F.3d at 446.

**II.**     **The School Board's requested costs are allowable under § 1920.**

The School Board seeks costs for process servers, transcripts, witnesses, and printing and exemplification.  These costs are allowable under 28 U.S.C. § 1920(1)–(4).

### A.      Process Server Costs

Section 1920(1) allows recovery for "[f]ees of the clerk and marshal."  The "clear majority of circuit courts" to confront the question recognize that this provision includes "private process server fees."  *Schwarz & Schwarz of Va., LLC v. Certain Underwriters at Lloyd's*, No. 6:07-CV-00042, 2010 WL 452743, at *3 (W.D. Va. Feb. 8, 2010) (collecting cases).  Although the Fourth Circuit has not addressed that issue, *see id.*, this Court has awarded private process server fees. *See*, *e.g.*, *Mann v. Heckler & Koch Def., Inc.*, No. 1:08-CV-00611 JCC, 2011 WL 1599580, at *3 (E.D. Va. Apr. 28, 2011); *O'Bryhim v. Reliance Standard Life Ins. Co,* 997 F. Supp. 728, 738 (E.D. Va. 1998).

The School Board seeks reimbursement of $6,666.41 in process server fees incurred to issue deposition subpoenas, document subpoenas, and trial subpoenas.  Each of the individuals subpoenaed were identified in Plaintiff's Rule 26(a)(1) disclosures, discovery responses, or document productions as having discoverable information.  Several testified at trial, and many

others' subpoenaed documents were used as trial exhibits by both sides.  The subpoenas to

Plaintiff's current and former medical providers, educational institutions, and employers were

additionally necessitated by the fact that Plaintiff did not collect those records herself, thereby

forcing Defendants to bear that responsibility.  Thus, issuance of all of these subpoenas were

reasonably necessary—or, in the case of trial subpoenas, required—to defend against Plaintiff's

claims.

Invoices substantiating these costs are attached as Exhibit D to the School Board's Bill of

Costs.

### B.      Transcript Costs

Section 1920(2) allows recovery for "[f]ees for printed or electronically recorded

transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  The plain language of

Section 1920(2) permits recovery for any "transcripts" that are "necessarily obtained for use in the

case."  *Id.*[2]

The School Board seeks $110,061.41 for transcripts necessarily obtained for use in this

case, which consist of $78,793.56 for deposition transcripts ($63,409.06 in stenographic charges

and $15,384.50 in videographic charges), $3,527.95 for hearing transcripts, $25,412.50 for trial

transcripts, and $2,327.40 for the stenographic transcripts of interviews conducted by the Fairfax

County Police Department.

---

[2] In 2008, Congress amended § 1920(2) to allow "[f]ees for printed or electronically
recorded transcripts necessarily obtained for use in the case."  *See* Judicial Administration and
Technical Amendments Act of 2008, Pub.L. No. 110406, 122 Stat. 4291, 4299.  "[T]he 2008
amendment to § 1920(2) was intended to expand rather than constrict the scope of recoverable
costs under the statute."  *Stanley v. Cottrell*, 784 F.3d 454, 467 (8th Cir. 2015).

### 1.    Deposition Transcripts and Videos

The costs of a deposition should be awarded "when the taking of a deposition is reasonably necessary at the time of its taking." *LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n,* 830 F.2d 522, 528 (4th Cir. 1987); *see, e.g.*, *Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*, No. 1:10-CV-00910, 2013 WL 1192947, at *4 (E.D. Va. Mar. 21, 2013) (Brinkema, J.) (taxing costs for deposition transcripts). "The material from the deposition need not be used at trial, but need only be 'relevant and material' for the preparation in the litigation." *Cofield v. Crumpler,* 179 F.R.D. 510, 518 (E.D. Va. 1998). Under that standard, a "deposition need only have seemed necessary at the time of the taking of the deposition." *Id.* Depositions "taken within the proper bounds of discovery, even if not used at trial, will normally be deemed 'necessarily obtained for use in the case.'" *Bd. of Dir., Water's Edge v. Anden Grp.*, 135 F.R.D. 129, 133 (E.D. Va. 1991).

Both the audiovisual recording and stenographic costs of the transcript can be taxable costs when "necessarily obtained for use in the case." *Silicon Knights, Inc. v. Epic Games, Inc.*, 917 F. Supp. 2d 503, 511 (E.D.N.C. 2012), *aff'd*, 551 F. App'x 646 (4th Cir. 2014); *see Cherry*, 186 F.3d at 449 ("[T]here surely are circumstances when both a videotape and a transcript of a deposition may be necessary."); *see also Stanley v. Cottrell*, 784 F.3d 454, 464 (8th Cir. 2015) (holding that costs under § 1920(2) may include "costs for both printed and electronically recorded transcripts of the same deposition as long as each transcript is necessarily obtained for use in a case").

The School Board seeks reimbursement costs in connection with the 38 depositions taken in this case. Twenty-one of those deposition were taken by the School Board, one was taken by the Individual School Defendants, and 16 were taken by Plaintiff. Each of these depositions were "relevant and material for the preparation in the litigation." Indeed, the Court approved each deposition taken beyond the five non-party, non-expert depositions permitted. ECF 276, 373. The depositions of Plaintiff, her parents, and her brother—the key witnesses in the case—were also

videorecorded so that they could be played at trial.  For comparison, while the School Board videorecorded only four of its depositions, Plaintiff videorecorded 13 of the 16 depositions that she took.

Invoices substantiating these costs are attached as Exhibits E to the School Board's Bill of Costs.

### 2.      Hearing Transcripts

The cost of transcripts of pretrial hearings can be recoverable when they are "necessary to counsel's effective performance and proper handling of the case." *Francisco*, 272 F.R.D. at 444 (quotation marks omitted).  The School Boards seeks $3,527.95 in transcript costs for the Court's pretrial hearings held on the following dates: January 24, 2020; August 26, 2022; November 4, 2022; April 26, 2022; September 21, 2022; October 4, 2022; May 5, 2023; May 19, 2023; June 9, 2023; June 23, 2023; July 14, 2023; July 28, 2023; August 1, 2023; August 11, 2023; August 15, 2023; September 29, 2023; October 6, 2023; December 15, 2023; December 18, 2023; and March 16, 2024.  Obtaining the transcripts from these hearings was reasonably necessary for the proper handling of matters in this case.  Indeed, both the School Board and Plaintiff frequently attached hearing transcripts as exhibits to their briefs, or otherwise cited to the hearing transcripts in the record.  *See, e.g.,* ECF 264 at 7, ECF 497 at 25, ECG 648 at 3-4, 9 (by the School Board) *and* ECF 325 at 4-5, ECF 588 at 1, ECF 622 at 4 n.5 (by Plaintiff).

Invoices substantiating these costs are attached as Exhibit F to the School Board's Bill of Costs.

### 3.      Trial Transcripts

The costs of daily trial transcripts may be recovered when it is shown such transcripts were necessary.  *See, e.g.*, *VS Techs., LLC v. Twitter, Inc.*, No. 2:11-cv-43, 2012 WL 13041340, at *2 (E.D. Va. Jan. 27, 2012) (awarding costs because daily transcripts were "necessary" as the

defendant used the transcripts during closing arguments); *U.S. ex rel. Davis v. U.S. Training Ctr., Inc.*, 829 F. Supp. 2d 329, 332 (E.D. Va. 2011) (awarding costs because daily trial transcripts "were reasonable and appropriate"); *Principe v. McDonald's Corp.*, 95 F.R.D. 34, 36 (E.D. Va. 1982) (awarding costs when "a trial transcript, indeed an expedited trial transcript, was necessary for an effective and proper handling of this case by defendants").

The School Board seeks reimbursement of $25,412.50 in trial transcript costs. Both Parties ordered daily trial transcripts and used them extensively throughout trial. The School Board used the transcripts (i) for sidebars with the court discussing evidentiary issues, (ii) for motions filed during the trial, (iii) for its Rule 50 motion, (iv) to confirm exhibit admissions, and (v) during closing argument. During a five-week trial that involved testimony from 33 witnesses, plus witnesses who were subpoenaed but ultimately not called due to time constraints and for the sake of efficiency of the trial, daily trial transcripts were not only "reasonable and appropriate," *U.S. ex rel. Davis*, 829 F. Supp. 2d at 332, but "necessary for an effective and proper handling of this case," *Principe*, 95 F.R.D. at 36.

Invoices substantiating these costs are attached as Exhibit G to the School Board's Bill of Costs.

### 4.    Police Interview Transcripts

The School Board seeks $2,327.40 in transcript costs for the Fairfax County Police Department interviews of Plaintiff, Plaintiff's mother, Defendant C.K., and Defendant C.K.'s mother. These transcripts were used throughout discovery and trial. For example, the Court was provided with the transcripts of Plaintiff and her mother as part of its review of the police interview videos. The School Board also used the transcripts to refresh past recorded recollections during their testimony. For her part, Plaintiff likewise obtained her own transcriptions of the police

interviews and included them on their exhibit list.[3]  ECF 464 at PX-500, 501.  It was reasonably

necessary for the School Board to procure these transcripts to defend against Plaintiff's allegations,

particularly given that the statements to the police related to Plaintiff's central allegations and the

School Board's defenses.

Invoices substantiating these costs are attached as Exhibit H to the School Board's Bill of

Costs.

### C.      Witness-related Costs

Section 1920(3) allows recovery for "[f]ees and disbursements for . . . witnesses."  The

School Boards seeks $17,400.04 for recovery of witness-related costs, which consist of $723.96

for statutory witness fees, $14,009.52 for expert witness appearance fees, and $2,666.56 travel

costs for a School Board witness who traveled from Colorado to testify at trial.

### 1.      Statutory Witness Fees

The School Board seeks $546.41 for statutory witness fees paid to witnesses attending trial.

As noted in the Guidelines, these fees are set by 28 U.S.C. § 1821 and include mileage to and from

the courthouse.  The School Board incurred statutory witness fees for seven witnesses' appearance

at trial:  Co.K., Amy Moir, Cheryl Weaver, C.K., Demetrios Kappatos, Fabio Zuluaga, and Mary

Ann Panarelli. Documents substantiating these costs are contained within Exhibit A to the School

Board's Bill of Costs.

The School Board also seeks $177.55 for statutory witness fees paid to non-party witnesses

to attend their depositions, as required by Federal Rule of Civil Procedure 45(b) and 28 U.S.C. §

1821.  *See, e.g., Carrier-Tal v. McHugh*, No. 2:14-CV-00626, 2016 WL 9229243, at *5 (E.D. Va.

---

[3] Plaintiff also listed the School's Board's transcript of her police interview on her exhibit
list as PX 748.  *See* ECF 464.

June 7, 2016), aff'd, 674 F. App'x 328 (4th Cir. 2017).  The School Board incurred statutory witness fees for two witnesses' deposition appearances: Dr. Kevin Weaver and Co.K.   Documents substantiating these costs are contained within Exhibit A to the School Board's Bill of Costs.

### 2.      Expert Witness Deposition Fees

The School Board seeks $14,009.52 for fees charged by Plaintiff's experts to take their depositions under Fed. R. Civ. P. 26(b)(4)(E).  Such fees are taxable costs even when an expert is not "court appointed." *Stanley*, 784 F.3d at 464 (holding that 28 U.S.C. § 1920(6) and Fed. R. Civ. P. 26(b)(4)(E), "[r]ead together . . . allow for the recovery of witness fees related to the deposition of [expert witnesses]"); *Booking.com, B.V. v. Hirshfeld*, No. 1:16-cv-425, 2021 WL 2277331, at *4 (E.D. Va. June 3, 2021) (Brinkema, J.) (holding that recovery of expert fees under Fed. R. Civ. P. 26(b)(4)(E) is usually available); *Cooksey v. Professional Transp.*, No. 5:16-cv-72, 2019 WL 2221573, at *4 (E.D. Ark. 2019) (taxing non-court appointed expert witness fee when the defendant "could have reasonably understood that a deposition of [the expert] would be necessary for the case").

The School Board paid expert witness fees for the depositions of six of Plaintiff's expert witnesses:  Dr. Josh Cisler, Gary Young, Marcella Rustioni, Dr. Eileen Ryan, Dr. Sid Binks, and Alex Karras.  These depositions were necessary, among many reasons, to defend against Plaintiff's claims, probe the expert's opinion, and determine whether counter-experts were necessary. Plaintiff's experts collectively opined that Plaintiff suffered various ailments, was unable to work, and would require millions of dollars of treatment for the rest of her life—ultimately providing the

grounds for Plaintiff's request that the jury award her over $22 million.  And all these experts appeared on Plaintiff's trial witness list.[4]

Invoices substantiating these costs are attached as Exhibit C to the School Board's Bill of Costs.

### 3.      Witness Subsistence

The School Board seeks reimbursement of $2,666.56 in travel costs for Mary Ann Panarelli, a School Board fact witness who retired from the school system in 2019 and now lives in Colorado.  The Guidelines provide that "[r]easonable subsistence is allowed for witnesses who live too far to be expected to travel to and from their residence daily while in attendance." Guidelines at 3; *see also McAirlaids, Inc. v. Kimberly-Clark Corp.*, No. 7:12-cv-578, 2014 WL 495748, at *13 (W.D. Va. Feb. 6, 2014) (deeming such travel costs for an expert witness "properly taxable under § 1920").  The School Board seeks reimbursement for Ms. Panarelli's lodging ($1,894.60) and airfare ($771.96), but not other travel, transportation, or food costs associated with attending trial.

Receipts substantiating these costs are attached as Exhibit B to the School Board's Bill of Costs.

### D.      Copying and Exemplification Costs

Section 1920(4) provides for the recovery of "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."[5]

---

[4] Plaintiff made last-minute strategic decisions not to call some of her expert witnesses, but that does not retroactively render their depositions unnecessary.  The School Board is not held to a standard of "omniscience." *Bd. of Dir., Water's Edge*, 135 F.R.D. at 133.

[5] In 2008, Congress expanded § 1920(4) by amending "fees for . . . copies of paper" to fees for . . . the costs of making copies of any materials where the copies are." *See* Judicial Administration and Technical Amendments Act of 2008, Pub.L. No. 110406, 122 Stat. 4291, 4299.

The School Board seeks $68,052.84 for recovery of taxable costs in this category, consisting of $28,773.18 for copying costs, $36,957.50 for in-trial technology support costs, and $2,322.06 for document production fees charged by third-party subpoena recipients.

### 1.     Copying Costs

The School Board seeks $28,773.18 in copying costs incurred throughout the case. *Country Vintner of N. Carolina, LLC v. E. & J. Gallo Winery, Inc.*, 718 F.3d 249, 257-58 (4th Cir. 2013) (holding that "the plain language and weight of authority establish that the costs of exemplifications and copies in discovery are taxable under § 1920(4)").  These copying costs include copies made in conjunction with depositions, trial, and other in-court appearances that were contemporaneously tracked by the firm's copying vendor, and represent only a fraction of the total copying and printing costs made throughout the case.

Documents substantiating these costs are attached as Exhibit I to the School Board's Bill of Costs.

### 2.     Trial Presentation Consultant

The School Board seeks $36,957.50 for in-trial presentation services provided by a third-party vendor, Cornerstone Discovery, which operated the Court's evidence presentation system and ensured the efficient and effective exemplification of the School Board's trial evidence to the Court, jury, and witnesses at trial.

This Court has awarded costs for a prevailing party's "third-party trial presentation consultant" under § 1920. *Dewberry Engineers, Inc. v. Dewberry Grp., Inc.*, No. 1:19-CV-00610, 2022 WL 20804194, at *7-8 (E.D. Va. July 29, 2022) (O'Grady, J.).  "Many courts, including this one, have held that making trial exhibits accessible to the bench or to a jury are taxable as necessary exemplification costs."  *Id.* (citing *Bd. of Dir., Water's Edge*, 135 F.R.D. at 137).  In modern

litigation, such services are "standard and necessary trial presentation costs incurred to present exhibits effectively and efficiently." *Id.* [6]

In this case, both sides retained trial presentation consultants for the effective and efficient presentation of evidence to the Court, jury, and witnesses. Over five weeks of trial, the parties moved several hundred exhibits into evidence using the Court's electronic presentation system. Here, as in *Dewberry*, that "efficient presentation undoubtedly cut down on trial time, saving all parties further litigation expenses." *Id.* The use of the trial consultant eliminated the need to admit evidence through hard-copy documents, enabled the parties to have the hundreds of exhibits available on a moment's notice, and allowed the magnification, highlighting, and comparison of documents to assist the Court and the jury in their review of the evidence.

Taking a conservative approach, the School Board seeks reimbursement for only the consultant's in-court time. This does not include other costs for preparation before trial and during trial days outside of courtroom hours.

---

[6] *See also Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 429 (7th Cir. 2000) ("[P]revailing parties can, under appropriate circumstances, be reimbursed for the cost of computer generated, multi-media presentations even to the degree that such presentations are used not to produce exhibits but rather to display them to the court."); *Ravina v. Columbia Univ.*, No. 16-CV-2137 (RA), 2020 WL 1080780, at *15 (S.D.N.Y. Mar. 6, 2020) (holding that prevailing party could recover up to $100,000 in trial support costs); *Carco Grp., Inc. v. Maconachy*, No. CV 05-6038 ARL, 2011 WL 6012426, at *11 (E.D.N.Y. Dec. 1, 2011), *rev'd and vacated in part on other grounds*, 718 F.3d 72 (2d Cir. 2013) ("[T]he computer technology and demonstrative graphics at trial were helpful to the bench in focusing on the salient documents and concepts and in aiding the efficient and effective presentation of evidence. Thus, [Plaintiff] is entitled to recover its reasonable costs incurred by its technology consultants at trial."); *Farberware Licensing Co. LLC v. Meyer Mktg. Co.*, No. 09 CIV. 2570 (HB), 2009 WL 5173787, at *8 (S.D.N.Y. Dec. 30, 2009), *aff'd,* 428 F. App'x 97 (2d Cir. 2011) (awarding $25,000 for trial graphics equipment and trial consultants); *DiBella v. Hopkins*, 407 F. Supp. 2d 537, 540 (S.D.N.Y. 2005) ("[B]low-ups, digital presentations of scanned documents, and other computer graphics serve the same function as exhibits and other papers used at trial, and there is no logical reason to differentiate between the former and the latter in terms of their taxability as costs.").

An invoice substantiating these costs are attached as Exhibit J to the School Board's Bill of Costs.

### 3.      Production Fees Charged by Third-Party Subpoena Recipients

The School Board seeks $2,322.06 for amounts charged to it by third-party subpoena recipients, or their records vendors, to respond to the document subpoenas issued by the School Board.  *See Webb v. Kroger Ltd. P'ship I*, No. 7:16-CV-00036, 2017 WL 2651721, at *4 (W.D. Va. June 19, 2017) (holding medical record copy charges in connection with responding to subpoena *duces tecum* taxable).  As noted above, the School Board collected documents from dozens of non-parties through subpoenas *duces tecum* because Plaintiff did not produce their documents during discovery.  Both parties relied upon these third-party document productions in their dispositive motions and used the documents as exhibits at trial.  Thus, the School Board is entitled to recover the amounts it paid to obtain these records.  *Id*.

Invoices substantiating these costs are attached as Exhibit K to the School Board's Bill of Costs.

### CONCLUSION

For these reasons, the School Board respectfully requests that the Clerk award it taxable costs of $202,180.70.

Dated:  May 15, 2024               Respectfully submitted,

By: */s/ Ryan Bates*
   Ryan M. Bates (VSB No. 74661)
   Sona Rewari (VSB No. 47327)
   Kevin S. Elliker (VSB No. 87498)
   Scott W. Burton (VSB No. 90601)
   HUNTON ANDREWS KURTH LLP
   2200 Pennsylvania Avenue, NW
   Washington, DC 20037
   Telephone: (202) 955-1500
   Facsimile: (202) 778-2201
   rbates@HuntonAK.com

srewari@HuntonAK.com
kelliker@HuntonAK.com
burtons@HuntonAK.com

*Counsel for Defendant Fairfax County School Board*

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2024, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record for all Parties.

By: */s/ Ryan Bates*
     Ryan Bates