IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| B.R., | ) | |
|     Plaintiff, | ) ) ) | Civil No. 1:19-cv-00917-RDA-WEF |
| v. | ) ) | |
| FAIRFAX COUNTY SCHOOL BOARD, *et al.*, | ) ) ) | |
|     Defendants. | ) ) | |

**PLAINTIFF B.R.'S MEMORANDUM IN SUPPORT OF MOTION TO FILE CONFIDENTIAL MATERIAL UNDER SEAL**

Pursuant to Local Civil Rule 5(c), Plaintiff B.R. respectfully seeks leave to file under seal the as-filed, unredacted version of her Memorandum in Support of Her Motion for New Trial ("Memorandum"), ECF No. 987. In support of this Motion, B.R., through counsel, states as follows:

1.  On October 4, 2022, the Court entered its Amended Protective Order (ECF No. 205), governing the treatment of certain discovery material. Paragraph 1 of the Order defines Confidential and Highly Confidential Material to include educational or scholastic records, employment records, medical, mental health, counseling records or information, therapy notes from Plaintiff's current treating mental health physicians or counselors, sensitive and non-public personal financial records or information, as well as Plaintiff's current address, phone number, and email address and those of Plaintiff's immediate family. See ECF No. 205, ¶1. Specifically, the Court defined "Highly Confidential Material" as "photographs in Plaintiff's Sexual Assault Nurse Examiner ("SANE") report, photographs of Plaintiff in Plaintiff's medical records, photographs or videos of sexual abuse (if any such photographs or videos exist), therapy notes from current

1

treating mental health physicians or counselors, Plaintiff's current address, phone number, and email address, and the current address, phone number, and email address of members of Plaintiff's immediate family." ECF No. 205, ¶1.

2. Paragraph 2 of the Amended Protective Order provides a mechanism for a Party to designate documents as "Confidential" pursuant to the definition for such designation set forth in Paragraph 1 of the Order." ECF No. 205, ¶2.

3. Paragraph 9 of the Amended Protective Order requires any party intending to file any materials designated as Confidential or Highly Confidential to "take steps reasonably necessary, in accordance with the Federal Rules of Civil Procedure and the Local Rules, to protect their confidentiality during such filing or usage." ECF No. 205, ¶9.

4. "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *Colonial River Wealth Advisors, LLC v. Cambridge Inv. Rsch., Inc.*, No. 3:22cv717 (RCY), 2023 WL 4936708, at *1 (E.D. Va. June 5, 2023). "The court may for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including…requiring that…commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). A party seeking protection of documents or other material marked "confidential" from disclosure must show good cause for sealing the document by identifying that "specific prejudice or harm . . . will result" if disclosed. *Carlisle v. Allianz Life Ins. Co. of N. Am.*, 540 F. Supp. 3d 567, 570 (E.D. Va. 2021) (citation omitted). While the public has a right to see what litigants file in court at trial, this right of access may be abrogated when the public's right of access is outweighed by competing interests. *Gen. Elec. Co. v. Siemens Energy, Inc.,* No. 3:21cv25, 2021 WL 8445828, at *1 (E.D. Va. Oct. 6,

2021) (internal quotation marks and citations omitted); *see also United States v. Doe*, 962 F.3d 139, 146–47 (4th Cir. 2020); *Va. Dep't of State Police v. Wash. Post,* 386 F.3d 567, 576 (4th Cir. 2004). The Supreme Court in *Nixon v. Warner Communications, Inc.*, recognized this right, but affirmed that the right of access is not absolute. *Nixon*, 435 U.S. 589, 597–98 (1978). The Supreme Court suggested that trial courts conduct a balancing test that includes whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records. *Id.* at 597–608.

5. Plaintiff's Memorandum mistakenly omitted a redaction of non-party C.K.'s educational records.

6. There are no less restrictive means to maintain confidentiality and comply with the Amended Protective Order than to keep Plaintiff's Memorandum under seal.

7. WHEREFORE, because disclosure of the Confidential Material contained in Plaintiff's Memorandum would violate the Amended Protective Order, Plaintiff has shown good cause for her Memorandum to remain under seal, Plaintiff respectfully asks this Court allow the as-filed, unredacted version of her Memorandum, ECF No. 987, to be filed under and remain permanently sealed.

Dated: May 24, 2024

Respectfully submitted,

By: ___/s/ *Robert G. Keefe*___
ANDREW S. BRENNER
(Pro Hac Vice)
BRITTANY ZOLL
(Pro Hac Vice)
ROBERT G. KEEFE

(Pro Hac Vice)
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, FL  33131
Telephone: (305) 539-8400
Facsimile:  (305) 539-1307
abrenner@bsfllp.com
bzoll@bsfllp.com
rkeefe@bsfllp.com

ALISON L. ANDERSON
(Pro Hac Vice)
**BOIES SCHILLER FLEXNER LLP**
2029 Century Park East, Suite 1520
Los Angeles, CA  90067
Telephone: (213) 629-9040
Facsimile:  (213) 629-9022
alanderson@bsfllp.com

JONATHAN L. FAHEY
(VSB No. 44854)
**HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC**
2300 N Street NW, Ste 643
Washington, DC  20037
Telephone: (202) 737-8808
jfahey@holtzmanvogel.com

*Counsel for Plaintiff B.R*

### CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2024, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record for all Parties.

By: /s/ *Robert G. Keefe*
*Counsel for Plaintiff B.R*