IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| B.R., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:19-cv-00917-RDA-WEF |
| FAIRFAX COUNTY SCHOOL BOARD, *et al.*, | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S BRIEF REGARDING RELEVANCE OF SUPPLEMENTAL AUTHORITY**

Plaintiff's proffered authority—*V.R. v. Bergen County Prosecutor's Office*, No. 23-cv-20605, 2024 WL 3874052 (D.N.J. Aug. 19, 2024)—is an unpublished decision by a district court outside this circuit that addresses nothing new and provides no support to her motion for a new trial. In pertinent part, the plaintiff in *V.R.* sued her school system under Title IX for its alleged deliberate indifference to "an in-school 'Satanic cult' where she, amongst other minor girls, was groomed by a ninth grader for sexual relationships" with an adult male who was neither a student nor an employee of the school. *Id.* at *13. On the school's Rule 12(b)(6) motion, the district court concluded the plaintiff had sufficiently alleged that she was subjected to in-school student-on-student harassment, despite the allegations showing that she had "willingly engaged in sexual contact" with the adult man, because the complaint "claim[ed] she was victimized by the alleged sexual grooming at school and because of her age at the time of grooming." *Id.* at *14.

Plaintiff claims *V.R.* supports her argument for a new trial "based on the Court precluding B.R. from introducing evidence or argument regarding B.R. being under the age of consent in Virginia while permitting FCSB to introduce extensive evidence and argument regarding whether

1

B.R. 'welcomed' C.K.'s sexual advances." ECF 1072 at 1-2. *V.R.* does not support Plaintiff's motion for a new trial for the following reasons:

*First*, the *V.R.* decision does not cure Plaintiff's failure to preserve the argument she says it supports. *See* ECF 1007 at 8. Plaintiff's pretrial motion *in limine* focused on arguments regarding Virginia's legal age of consent, not evidence of welcomeness. *See* Pl.'s Omnibus Mot. in Limine, ECF 663 at 4. Plaintiff never objected to the admission of evidence of welcomeness.

*Second*, the *V.R.* decision merely addressed the sufficiency of a complaint at the pleading stage, not the relevance of evidence for trial. If anything, *V.R.* supports the admission of evidence relevant to welcomeness with the acknowledgment that sexual harassment must be "unwelcome" to be actionable under Title IX. 2024 WL 3874052, at *14. That is consistent with the testimony of Plaintiff's Title IX expert and this Court's (unobjected-to) jury instruction. *See* Tr. (Vol. 3 PM) at 55:24-56:3 (testimony of Nancy Cantalupo); Tr. (Vol. 23) 65:20-21 (jury instruction).

*Third*, the *V.R.* court did not hold that a state's age-of-consent law rendered student-on-student conduct per se unwelcome. The court instead reasoned that age "might" affect the plaintiff's "legal capacity" to "willingly engage[] in sexual conduct." *V.R.*, 2024 WL 3874052, at *14. That stands in contrast to the categorical rule Plaintiff urged before trial. *See* Pl.'s Motion in Limine, ECF 663, at 3 (arguing that "B.R. was subjected to sexual harassment as a matter of law").

*Fourth*, the *V.R.* decision does not cite any state age-of-consent law, which is where Plaintiff premised her anti-welcomeness argument. *Id.* at 2 (citing sections of the Virginia Code). Instead, just like this Court, the *V.R.* court acknowledged guidance from the Department of Education Office of Civil Rights indicating that a student victim's age could be considered as one factor in weighing whether student-on-student conduct was considered "unwelcome." *See V.R.*, 2024 WL 3874052, at *14 (quoting *Lockhart v. Willingboro*, 2017 WL 4364180, at *5 (D.N.J. Sept. 29, 2017), for the proposition that an "'[a]ssessment of welcomeness' depends on the age of

the alleged victim and 'younger children' may not have the 'capacity to welcome sexual conduct' under any circumstances." (quoting U.S. Dep't of Educ. Office of Civil Rights, *Revised Sexual Harassment Guidance: Harassment of Students by School Employees, Other Students, or Third Party (Oct. 2015)*).  This is hardly new.  This Court similarly noted in its pretrial order that the relevant Title IX guidelines required alleged sexual harassment to be unwelcome and noted that, for "'younger children … it may be necessary to determine the degree to which they are able to recognize that certain sexual conduct is conduct to which they can or should reasonably object and the degree to which they can articulate an objection.'"  ECF 837 at 12 (quoting 62 Fed. Reg. at 12,040).  Plaintiff herself presented considerable evidence and testimony on that topic at trial.

*Fifth*, Plaintiff's focus on age-of-consent laws overlooks that the evidence she claims was improperly admitted as evidence of welcomeness—the Facebook messages between her and C.K.—were introduced to impeach her version of events.  Plaintiff vehemently denied sending *any* Facebook messages to C.K. *See, e.g.*, Tr. (Vol. 7 AM) at 121:25-122:2 (testifying she never exchanged any Facebook messages with C.K.); Tr. (Vol. 7 PM at 11:2-4) (testifying the Facebook messages in question had not been sent by her).  Those messages, authenticated by C.K. and properly admitted by the Court, proved to the jury otherwise and fatally undermined her version of events.  The *V.R.* decision has no bearing on that fact-driven dispute.

*Sixth*, and finally, Plaintiff invokes *V.R.* for its discussion of "unwelcomeness" of sexual harassment under Title IX.  The case has no relevance to any of the individually named Defendants and, thus, cannot support a new trial of her claims against them.

## **CONCLUSION**

The *V.R.* case is not relevant to any of Plaintiff's arguments in support of her Motion for New Trial.  The Court should deny the motion.  *See generally* ECF 1007.

Dated:  September 17, 2024

Respectfully submitted,

By: */s/ Sona Rewari*
Sona Rewari (VSB No. 47327)
Ryan M. Bates (VSB No. 74661)
Kevin S. Elliker (VSB No. 87498)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
srewari@HuntonAK.com
rbates@HuntonAK.com
kelliker@HuntonAK.com

*Counsel for Defendant Fairfax County School Board*

By: */s/ Michael E. Kinney*
Michael E. Kinney (VSB No. 65056)
MICHAEL E. KINNEY, PLC
1801 Robert Fulton Drive, Suite 120
Reston, VA 20191
Telephone: (703) 956-9377
Facsimile: (703) 956-9634
mk@kinneyesq.com

*Counsel for Defendants A.F., S.T., T.B., P.A.H., B.H., M.P.F, M.C., F.T., and J.F.*

By: */s/ Bruce M. Blanchard*
Bruce M. Blanchard (VSB No. 23778)
ODIN, FELDMAN, & PITTLEMAN, P.C.
1775 Wiehle Avenue, Suite 400
Reston, VA 20190
Tel: (703) 218-2102
Fax: (703) 218-2160
Bruce.Blanchard@ofplaw.com

*Counsel for Defendant J.O.*

**CERTIFICATE OF SERVICE**

  I hereby certify that on September 17, 2024, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record for all Parties.

              By: */s/ Sona Rewari*
                  Sona Rewari